UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH LUIS DE JESUS JR and all others similarly situated under 29 U.S.C. 216(b),

       Plaintiff,

vs.

YACHTING PROMOTIONS, INC.,
ROBERT COREAS,

       Defendants.
_____

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3)**

Plaintiff, JOSEPH LUIS DE JESUS JR on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, YACHTING PROMOTIONS, INC., and ROBERT COREAS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant YACHTING PROMOTIONS, INC., .is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ROBERT COREAS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore

Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a forklift operator and carpenter from on or about October 3, 2011 through on or about November 9, 2015.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of

the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, 2013, and 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

14. Between the period of on or about November 24, 2013 through on or about November 9, 2015, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $15.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act, except for an occasional, minimal, substandard overtime payment that Plaintiff refers to as "Chinese overtime." Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week, minus any payments he may have received via "Chinese overtime."

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing

Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II: RETALIATTION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above as the Retaliation Count is grounded in all of the above allegations pursuant to which Plaintiff in good faith believes he was not paid legally mandated wages, and thereafter suffered retaliation for seeking redress and further states:

16. On or about October 30, 2015, Plaintiff made a demand for his unpaid overtime wages to Defendants, specifically to ROBERT COREAS, and told Defendants that he would not continue to work exorbitant overtime hours without being paid his proper time and a half overtime in accordance with the law.

17. Immediately thereafter, on or about November 3, 2015, Defendant ROERT COREAS cancelled Plaintiff's scheduled work hours at the boat show (the week of on or about November 9, 2015).

18. Thereafter, on or about November 5, 2015, Plaintiff worked a 26 hour shift for Defendants

and left work as he was sick.

19. On or about November 6, 2015, Defendants, by and through their agent their secretary OOLGA VASQUEZ, called to inquire into Plaintiff's well-being and to verify that Plaintiff was in fact ill.

20. On or about November 9, 2015, Plaintiff arrives for his shift at work with Defendants and Plaintiff was terminated by Defendants.

21. Defendants' motivating factor (as evidenced by the temporal proximity between Plaintiff's demand for his unpaid overtime wages and the retaliatory discharge) in relation to the said termination was Plaintiff's act of asserting a claim for legally mandated overtime wages under the FLSA.

22. The said termination as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor for said termination was due to Plaintiff's demand for his legally mandated wages under the FLSA, and, as a result, Plaintiff has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, as well as all other damages recoverable by law under 29 U.S.C. 216(b). *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
  Florida Bar Number: 0010121