UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                   )
       Plaintiff, )
                                                          )
V. )
                                                          )
YACHTING PROMOTIONS, INC., )
ROBERT COREAS, )
                                                          )
      Defendants. )
                                                          )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants"), by and through their undersigned counsel and pursuant to this Court's *Notice of Court Procedure in Actions Brought Under the Fair Labor Standards Act* (D.E. 10, ¶2) respond to Plaintiff, JOSEPH LUIS DE JESUS JR.'s ("Plaintiff"), Statement of Claim (D.E. 14) and state as follow:

Yachting Promotions correctly compensated Plaintiff for all hours worked at the correct rates required pursuant to the Fluctuating Workweek Calculation Method, 29 CFR §778.114. Plaintiff was paid a fixed amount greater than the applicable minimum wage rates as straight time pay for however many hours worked in a workweek, regardless of the number of hours worked. Plaintiff's regular rate varied from week to week and is determined by dividing the number of hours worked in the workweek by the total fixed amount paid to Plaintiff to arrive at the hourly rate for the workweek. During the course of Plaintiff's employment with Yachting

---

[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."

Promotions, Yachting Promotions applied the U.S. Department of Labor's established Coefficient Table for Computing U.S. Department of Labor (WH-134) to Plaintiff's regular salary. Thereafter, Plaintiff was paid for all overtime hours worked at one-half of the weekly hourly rate in addition to the fixed amount. Yachting Promotions' payments of overtime hours at the one-half rate in addition to Plaintiff's fixed rate satisfied the overtime pay requirements of the Fair Labor Standards Act ("FLSA") because Plaintiff already was compensated at the straight time regular rate under the fixed salary arrangement. *See South Florida Beverage Corp. v. Figueredo*, 409 So.2d 490, 494 (Fla. Ct. App. 1981) ("An employee under 29 C.F.R. s 778.114 who is 'employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a work week, whether few or many.'"); *see also Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724 (S.D. Fla. Oct. 12, 2012).

Moreover, on December 8, 2015, the Honorable Robert N. Scola, Jr., United States District Judge, ruled that Yachting Promotions' application of the Fluctuating Workweek Calculation Method complied with the FLSA and granted summary judgment to Yachting Promotions in an FLSA suit filed by another former employee by Plaintiff's attorneys, J.H. Zidell, P.A. (*See Danilo Lopez Garcia v. Yachting Promotions, Inc.*, U.S. District Court, Southern District of Florida, Case No. 1:15-cv-20776-RNS at D.E. 38).

Further, the evidence shows that Yachting Promotions acted lawfully and in good faith at all times, and properly relied on FLSA regulations authorizing Plaintiff's pay method. Thus, there is no basis to allege any willful conduct by Yachting Promotions under the FLSA since Yachting Promotions did not violate the FLSA. Under these facts, Plaintiff is not entitled to

liquidated damages.

Dated this 19th day of January, 2016.

                Respectfully submitted,

                */s/Kevin D. Zwetsch*
                WILLIAM E. GROB
                Florida Bar Number 0463124
                E-mail: william.grob@ogletreedeakins.com
                KEVIN D. ZWETSCH
                Florida Bar Number 0962260
                E-mail: kevin.zwetsch@ogletreedeakins.com
                INA F. CRAWFORD
                Florida Bar Number 117663
                E-mail: ina.crawford@ogletreedeakins.com

                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                100 North Tampa Street, Suite 3600
                Tampa, Florida 33602
                Telephone: 813.289.1247
                Facsimile: 813.289.6530

                ATTORNEYS FOR DEFENDANTS YACHTING PROMOTIONS, INC. AND ROBERT CORREA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                */s/Kevin D. Zwetsch*
                Attorney

## SERVICE LIST

J.H. Zidell
Stephen M. Fox, Jr.
Elizabeth O. Hueber
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
E-mail: zabogado@aol.com
E-mail: stephen.fox.esq@gmail.com
E-mail: elizabeth.hueber.esq@gmail.com
(Counsel for Plaintiff)