UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

| | |
|---|---|
| JOSEPH LUIS DE JESUS JR, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) ) |
| YACHTING PROMOTIONS, INC., ROBERT COREAS, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Defendant Correa"), pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Fair Labor Standards Act ("FLSA") Complaint for failure to state a claim upon which relief can be granted.

**SUMMARY**

Plaintiff's Complaint contains labels, recitation of the legal elements, and self-serving legal conclusions. The pleading is devoid of well pled factual allegations that, if true, would state a claim. For example, Plaintiff's unpaid overtime claim materializes when Plaintiff labels the overtime pay he admitted receiving as "substandard" (whatever

---

[1] Robert Correa is identified incorrectly by Plaintiff as "Robert Coreas."

that means) and "Chinese overtime" (whatever that means). The term "Chinese overtime" is not found in the FLSA. Ridiculing or attaching negative labels and characterizations to one's pay does not state a claim for unpaid overtime under the FLSA. Well pled facts state a claim, and Plaintiff has pled none.

Likewise, Plaintiff's retaliation claim (Count II) lacks factual details to establish alleged protected conduct. Plaintiff's self-serving conclusion that he engaged in protected conduct by cleverly labeling his overtime pay as "substandard" and "Chinese overtime," and then demanding more money, is pure bootstrapping. The conclusion is certainly not based on any well pled facts. (See Count II).

Plaintiff re-uses the same tactic when he attempts to label Defendant Correa as an FLSA employer -- again without alleging any facts to demonstrate that Defendant Correa actually exercised the necessary control over Plaintiff's pay and overtime pay to qualify as an FLSA employer.[2] (See Complaint, ¶ 4).

Plaintiff and his attorneys also ignore and attempt to side-step this Court's recent holding in a related case – brought by Plaintiff's attorneys – finding Yachting Promotions' fluctuating workweek overtime pay practice lawful and compliant with the FLSA, as a matter of law. Plaintiff (using the same attorneys) is now trying to plead

---

[2] Plaintiff also attempts to sidestep Defendant Correas' deposition testimony in the related *Garcia* action, taken by Plaintiff's attorneys. Specifically, Correa testified that he had no control over plaintiff Garcia's pay method or overtime pay, or Yachting Promotions' payroll and human resource functions. Unless Plaintiff has some evidence to legitimately refute this testimony, which he has not yet demonstrated he has, it is undisputed that Defendant Correa was *not* Plaintiff's employer under the FLSA. Plaintiff did not account for or cite Defendant Correa's prior testimony in the Complaint. Defendant Correa and Yachting Promotions will provide page and line citations and copies of the transcript pages to the Court in connection with this motion, if requested by the Court or Plaintiff.

around this ruling by labeling Yachting Promotions' lawful pay practice as "substandard" (whatever that means) and "Chinese overtime" (whatever that means), and claiming that these self-serving conclusions are elevated to protected conduct as well.

Plaintiff's Complaint fails to meet Rule 8's plausibility pleading standard and the Supreme Court's minimal pleading requirement to state a claim in federal court. Because this Court has already determined that Yachting Promotions' fluctuating workweek pay practice complies with the FLSA, there is no plausible basis for Plaintiff to state a claim here under his chosen legal theory. A lawful pay practice is not unlawful. Labeling a lawful pay practice "substandard" or "Chinese overtime," and using the label to seek more money, is not protected conduct under the FLSA. Plus, Defendant Correa already testified that he was not an FLSA employer. Thus, as any attempted amendment by Plaintiff for these claims would ultimately prove futile, such that leave to amend should not be granted.

## MEMORANDUM OF LAW

**I.    Procedural Background.**

Plaintiff's former co-worker at Yachting Promotions, Danilo Garcia, sued first and lost. Garcia, also represented by Plaintiff's attorney, sued only Yachting Promotions, not Defendant Correa. Garcia alleged unpaid overtime because he was paid overtime under the FLSA's fluctuating workweek method.[3] *Garcia v. Yachting Promotions, Inc.*,

---

[3] The fluctuating workweek method allows an employer to compensate an employee whose hours fluctuate from week to week at a fixed salary per week for the first forty (40) hours worked (even if below 40 hours), plus one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of forty (40) hours. *Garcia v. Port Royale Trading Co., Inc.*, 198 F. App'x 845, 846 n.1 (11th Cir. 2006).

3

Civil Action No. 15-20776-Civ-Scola.[4]  District Judge Scola granted summary judgment for Yachting Promotions on December 8, 2015. *Id.* at Dkt. 38.  Judge Scola found as a matter of law that Yachting Promotions lawfully applied the fluctuating workweek method to pay overtime under of the FLSA, and entered final judgment. *Id.*

Plaintiff, using Garcia's attorneys, filed the "next round" FLSA lawsuit on November 20, 2015, essentially duplicating Garcia's overtime claim. (Dkt. 1).  Count I alleges unpaid overtime, and Count II alleges FLSA retaliation. Plaintiff also claims Defendant Correa was his "employer" under the FLSA, even though Plaintiff's counsel took testimony from Defendant Correa in the *Garcia* action establishing that Defendant Correa had nothing to do with setting pay rates or overtime rates at Yachting Promotions, and did not control the payroll or human resource departments.

This Court issued a Notice of Court Procedure in Actions Brought Under the Fair Labor Standard Act on December 7, 2015. (Dkt. 10).  On December 28, 2015, Plaintiff filed a Statement of Claim. (Dkt. 14). On January, 2016, Defendants filed a response. (Dkt. 16).

## II.   Applicable Legal Standard.

Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the facial sufficiency of a complaint. Under Rule 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A motion to dismiss is properly granted under Rule 12(b)(6) where the claimant has not articulated "enough facts to state

---

[4] Plaintiff appealed the adverse judgment to the Eleventh Circuit Court of Appeals.

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 545.

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotation and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Notably, this court issued a Notice of Court Procedure in Actions Brought Under the Fair Labor Standard Act which describes in detail what Plaintiff would have to state to fulfill Rule 8(a) requirements in this FLSA action. (Dkt. 10). Specifically, this Court stated: "Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff is required to state a 'short and plain statement of the claim.'"  While this Rule places only a light

5

burden on a plaintiff, it does require that a plaintiff "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

#### A.   Plaintiff Has Not Established A Claim Indicating A Violation Of The FLSA.

The instant Complaint is the epitome of a formulaic recitation of elements of an FLSA claim. The Complaint makes no reference to Plaintiff's job duties, when he was paid, and, most importantly, the method of payment used by Defendant.  Plaintiff alleges a "substandard overtime rate" that he labels "Chinese overtime" (Dkt. 1, p. 3), all mere conclusions.  Plaintiff failed to provide *any* factual support to his conclusions and labels, as required by Rule 8.  Instead, Plaintiff admits that he was paid overtime, but fails to state the actual payment method used, and uses dreamt-up terms to avoid using the term fluctuating workweek method.

The fluctuating workweek method is lawfully applied when (1) the employee's hours fluctuated from week to week; (2) the employee was paid a fixed weekly salary regardless of the number of hours worked during that week; (3) the employee was actually paid at one-half the regular rate of pay for each hour of overtime worked during any week; and (4) the parties had a clear, mutual understanding that the employee's fixed weekly salary was intended to compensate him up to the first 40 hours and that any and all overtime hours would be paid at one-half the regular rate of payment for that week. 29 C.F.R. § 778.114.  Plaintiff has not pled a claim based on these requirements, or that gets

6

around this Court's recent ruling that Yachting Promotions' fluctuating workweek pay practice complied with the FLSA. Thus, Count I should be dismissed.

### B. Plaintiff Has Not Established A Claim for FLSA Retaliation.

A *prima facie* case of FLSA retaliation requires proof that the plaintiff: "(1) engaged in activity protected under [the] act; (2) subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 822-823 (11th Cir. 2008); *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000), citing *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 208–09 (10th Cir. 1997). Plaintiff has not engaged in any kind of protected activity because he did not oppose an unlawful employment practice. As detailed above, this Court held that the fluctuating workweek method was properly applied by Yachting promotions. Thus, Plaintiff failed to allege protected conduct under the FLSA and the Court should dismiss Count II.

### C. Plaintiff Failed To State A Claim Against Defendant Correa.

Because Plaintiff did not allege sufficient facts to establish a claim for unpaid overtime or FLSA retaliation, the claims against Defendant Correa fail as well. Additionally, Plaintiff merely offers a formulaic recitation of the requirements necessary for an individual to be considered an employer under the FLSA. However, Plaintiff alleges no facts supporting his mistaken conclusion that Defendant Correa is an employer liable under the FLSA. As Plaintiff's counsel is well aware of since taking Defendant Correa's deposition in the related *Garcia* case, Defendant Correa is not an employer at

7

Yachting Promotions under the FLSA. Again, labels and conclusions are not sufficient to survive a Motion to Dismiss.

### D. Further Amendment Will Be Futile

Dismissal should be with prejudice, as any attempted amendment would be futile. A district court need not allow amendment where any amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir.2004)). For the reasons cited above, Plaintiff's Complaint meets this standard since the disputed pay practice is lawful and the Complaint fails for that reason.

WHEREFORE, Defendants respectfully request that the Court grant this motion, dismiss Plaintiff's Complaint without leave to amend, and dismiss this action with prejudice.

Dated this 25th day of January, 2016.

          Respectfully submitted,

          */s/Kevin D. Zwetsch*
          WILLIAM E. GROB
          Florida Bar Number 0463124
          E-mail: william.grob@ogletreedeakins.com
          KEVIN D. ZWETSCH
          Florida Bar Number 0962260
          E-mail: kevin.zwetsch@ogletreedeakins.com
          INA F. CRAWFORD
          Florida Bar Number 117663
          E-mail: ina.crawford@ogletreedeakins.com

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

          100 North Tampa Street, Suite 3600
          Tampa, Florida  33602
          Telephone:  813.289.1247
          Facsimile: 813.289.6530

          ATTORNEYS FOR DEFENDANTS
          YACHTING PROMOTIONS, INC. AND
          ROBERT CORREA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Kevin D. Zwetsch*
Attorney

**SERVICE LIST**

J.H. Zidell
Stephen M. Fox, Jr.
Elizabeth O. Hueber
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
E-mail: zabogado@aol.com
E-mail: stephen.fox.esq@gmail.com
E-mail: elizabeth.hueber.esq@gmail.com
(Counsel for Plaintiff)

23430293.1