UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-CV-24308-JAL

JOSEPH LUIS DE JESUS JR and all others )
similarly situated under 29 U.S.C. 216(B), )
)
         Plaintiff, )
)
vs. )
)
YACHTING PROMOTIONS, INC., and )
ROBERT COREAS, )
)
         Defendants. )
_____ )

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW** Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's opposition to Defendants' Motion to Dismiss Complaint and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Summary

Defendants attack Plaintiff's Complaint on the grounds that it does not sufficiently state a claim from which relief may be granted because it (a) does not state a claim for overtime, (b) does not state a claim for retaliation, and (c) does not state a proper claim against Defendant Correa.[1]  Plaintiff responds that (a) there is no basis for particular pleading in regard to overtime, (b) that Defendants do not correctly state the law of

---

[1] Defendants' motion does not make a factual attack supported by admissible evidence.  While Defendants make arguments regarding Mr. Correa in regard to purported statements in a deposition, these are not cited to or argued as if they were a factual attack in summary judgment, and thus, the matter need not be converted to a Motion for Summary Judgment.  *See* Turcios v. Delicias Hispanas Corp.*,* 275 Fed.Appx. 879 (11th Cir.2008).

Page **1** of **10**

retaliation, and (c) that all reasonable facts necessary to state a claim for Defendant Correa as an individual have been properly pled.

Defendants suggest that this is rehash of <u>Garcia v. Yachting Promotions, Inc.</u> 15-20776 (S.D.Fla. 2015). The matter is similar; however, the facts are significantly different and involving a different Plaintiff. Particularly, the plaintiff-employee in Garcia executed a document which explained the fluctuating workweek, which was the grounds for the Hon. Judge Scola's Summary Judgment order. That matter is in appeal. It is disingenuous to state that "this Court held that the fluctuating workweek method was properly applied by Yachting [P]romotion" and that this somehow deems Yachting Promotions to be paying all of its employees lawfully.

II. **<u>Argument</u>**

Defendants challenge the sufficiency of the Complaint. Plaintiffs recognize that <u>Atl. Corp. v. Twombly</u>, requires a certain degree of specificity in pleading. 127 S. Ct. 1955 (U.S. 2007); however, as explained below, there is no justification Defendants' allegations do not meet the level of factual support necessary to state a claim. At the pleading stage, the requirements of specificity are low. *See* <u>Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness</u>, 711 F.2d 989, 994-95 (11th Cir. 1983). "[A] complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 974 (11th Cir. 2008).

There are certain matters where a heightened pleading standard is necessary – like fraud or complex securities actions. FLSA matters are not one of them.

> In applying these standards to the FLSA claims in this case, we review the [employee's] complaint to determine whether its

> allegations plausibly indicate that [the employer] failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. […] There is no need to prove intent or causation that might require more extensive pleading (emphasis added).

Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Plaintiff addresses Defendants' claims in the order presented.

### a. **Plaintiff has established a claim indicating a violation of the FLSA.**

Defendants assert that Plaintiff did not make a claim regarding a violation of the FLSA overtime provision because it does not state "Plaintiff's job duties, when he was paid, and most importantly, the method of payment used by Defendant" and did not sufficiently address the fluctuating work-week method of paying overtime.

Defendant-employer demands more particularity when none is necessary. Plaintiff does state Defendants' job duties – "carpenter and forklift operator." Plaintiff does not know what further particularity which would be necessary to help explain Plaintiff-employee's claims, as carpenters and forklift operators are not exempt. When Plaintiff was paid is not an element of a claim of overtime, only that a person worked for a period of more than 40 hours a week. Plaintiff-employee does not understand what Defendant-employer means when they say "method of payment" as being the most important thing that Plaintiff-employee should have addressed in the Complaint. Defendants could possibly be

referring to the fact that Plaintiff-employee did not plead for Defendants' argument regarding the fluctuating workweek.

The "fluctuating workweek method is merely 'one method of complying with the overtime payment requirements of 29 U.S.C. § 207(a)(1).'" Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013), *citing* Samson v. Apollo Res., Inc., 242 F.3d 629, 636 (5th Cir.2001).

In this matter, Plaintiff is claiming that the fluctuating workweek method does *not* apply. Plaintiff-employee should not be required to explain the details of why he believes that Defendants' argument that the fluctuating workweek was proper *in the Complaint,* before Defendants have even argued that this is their grounds for their argument that Plaintiff-employee was paid properly. There is nothing special about the Defendants' argument of fluctuating workweek which would necessitate additional pleading on behalf of Plaintiff-employee. In fact, to the extent that any additional pleading should be necessary, it should be Defendants-employer who should explain why the fluctuating workweek method applies.

The fluctuating workweek, or "Chinese overtime"[2], is a method of paying overtime developed by the Department of Labor as an alternate method of paying overtime. 29 U.S.C. § 207(a)(1); *see* Lamonica 711 F.3d 1299. This method was developed by the Department of Labor following the Supreme Court's decision in Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 581 (1942). 29 C.F.R. § 778.114 describes a method by which an employee can get their overtime pay under certain circumstances.

---

[2] Defendants assert that "Chinese overtime" is "dreamt-up" by Plaintiffs. This is a common term and can be confirmed with a Google search. Additionally, despite Defendants' asserting that they don't know what this term means, they are able to define it multiple times as being the fluctuating work-week method in their Motion.

> (a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

29 C.F.R. § 778.114.[3]

The mathematics of this payment structure means "the more the employee works and the more overtime the employee logs, the less he or she is paid for each additional hour of overtime." Davis v. Friendly Exp., Inc., No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003) *citing* Monahan v. County of Chesterfield, Va., 95 F.3d 1263, 1280 (4th Cir.1996)

Before the fluctuating workweek method can be applied, the parties have a clear mutual understanding regarding the fluctuated workweek.  Courts have consistently held that a the employer and the employee have a clear mutual understanding that the employer will pay the employee a fixed salary regardless of the number of hours worked.  *E.g.* Martinez v. ABL Enterprises II, Inc., No. 05-21276-CIV, 2005 WL 5569879, at *1 (S.D. Fla. Nov. 1, 2005); Teblum v. Eckerd Corp. of Fla., No. 2:03CV495FTM33DNF, 2006 WL 288932, at *3 (M.D. Fla. Feb. 7, 2006); O'Brien v. Town of

---

[3] "[I]t is important to note that, despite the fact that numerous cases have relied on section 778.114, it was adopted without formal rule-making and, as a result, is entitled to less deference." Costello v. Home Depot USA, Inc., 944 F. Supp. 2d 199, 205 (D. Conn. 2013) *citing* Christensen v. Harris Co., 529 U.S. 576 (2000).

Agawam, 350 F.3d 279, 288 (1st Cir.2003); Griffin v. Wake County, 142 F.3d 712, 716 (4th Cir.1998).

The fluctuating workweek method of calculating overtime is a method of overtime that Defendants may claim in order to excuse them paying less than the mandated time and a half under the FLSA. As Plaintiff does not have any clear mutual understanding regarding the fluctuating workweek, he cannot claim facts as to a negative.

### b. Plaintiff has established a claim for FLSA retaliation.

Defendants have a fundamental misunderstanding as to what retaliation is. Defendants argue that Plaintiff was not engaged in any protected activity "because he did not oppose an unlawful employment practice." This is wrong on multiple levels. First, that is not how retaliation works. The merits of the underlying claim does not affect whether there is "protected activity" under the act. Second, whether the overtime the overtime schema enacted by Defendants is not a foregone conclusion; this remains to be litigated.

#### (i) Retaliation under the FLSA.

The Fair Labor Standards Act contains provisions to protect employees from retaliation when they complain not receiving overtime pay. The FLSA states: "it shall be unlawful for any person—[…]to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter,[…]" 29 U.S.C. § 215.

This rule is integral with the statutory scheme as a whole – individuals are encouraged to enforce their right to overtime. "[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 73, 126 S. Ct. 2405,

2418, 165 L. Ed. 2d 345 (2006), *quoting* Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960) ("Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances.").

The analysis of an FLSA retaliation claim first begins with the Plaintiff making a *prima facie* case.

> A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) [the plaintiff] engaged in activity protected under [the] act; (2)[he] subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.

Wolf v. Coca–Cola Co., 200 F.3d 1337 (11th Cir.2000); *see* Meeks v. Computer Associates Intern., 15 F.3d 1013, 1021 (11th Cir.1994); *see also* Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010).

This analysis is the same whether the complaint is about discrimination through Title VII or overtime through the FLSA.  "In the Eleventh Circuit, retaliation claims under the FLSA are analyzed under the burden-shifting framework employed by courts in cases brought under Title VII of the Civil Rights Act." Johnson v. Advertiser Co., 778 F. Supp. 2d 1270, 1277 (M.D. Ala. 2011), *citing* Wolf, 200 F.3d at 1342–43 (11th Cir.2000); *see also* Suchite v. Kleppin, 819 F. Supp. 2d 1284, 1293 (S.D. Fla. 2011) *(*"Retaliation claims under the FLSA are analyzed using the familiar *McDonnell Douglas* framework applied to retaliation claims under Title VII, the ADEA and the ADA.")

As alleged in the Complaint, Plaintiff's termination closely followed his allegations that he was not properly being paid his overtime.  Retaliation may be found merely by

showing a close temporal proximity between the adverse action and the protected activity. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir.2004).

        (ii)    <u>Activities which are protected activity has no dependence on the merits of the underlying claim.</u>

Defendants do not support their argument that protected activity must address "an unlawful employment practice."  In fact, there is no support whatsoever that this is a rule.  Instead, an employee must merely have a reasonable belief that a practice is unlawful, and complain of such practice to create a "protected activity" under the FLSA.

In this matter, Plaintiff has claimed that he was not paid proper overtime, and this is a protected activity. *See* Complaint at § 16. Regardless as to the merits of whether Plaintiff is entitled to overtime, this Complaint about overtime creates the protected activity – not the merits of the underlying claim.

### c. **Defendants have successfully stated a claim against Defendant Correa.**

Defendants assert that Plaintiff "alleges no facts supporting his mistaken conclusion that Defendant Correa is an employer liable under the FLSA."  Defendants do not describe what facts that they would need in order to understand the claims made by Plaintiff or otherwise assert which types of facts that Plaintiffs should have stated.  Whether someone is an employer is not something that has any heightened pleading standard, like fraud.

Plaintiff has asserted that Robert Correa is a manager of the Yachting Promotions, rand the day-to-day operations involving Plaintiff-employee, and controlled Plaintiff-employee's work and schedule.  Complaint at § 4.  Further, the Complaint describes the relationship between Defendant Correa and Plaintiff, and that Defendant Correa canceled many of Plaintiff's scheduled hours on November 3, 2015 (Complaint at § 17) and then

terminated Plaintiff. Complaint at § 20. These are sufficient facts to support a finding that a person is an employer under the Federal Rules of Civil Procedure and the FLSA.

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g.,* Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2nd Cir. 1999); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991), *citing* McLaughlin v. Seafood, Inc., 867 F.2d 875, 877 (5th Cir. 1989); Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983); Falk v. Brennan, 414 U.S. 190, 195 (1973).

The Complaint states that Defendant Correa controlled Plaintiff's schedule and discharging him, and controlled the day to day activities of Yachting Promotions. This is enough facts to support a claim that Defendant Correa is an employer of Plaintiff-employee. Dated this February 11, 2016.

Respectfully Submitted,

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
    Fax: (305) 865-7167

By:  /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar Number: 0073061

## CERTIFICATE OF SERVICE

I hereby certify that as of February 11, 2016 that this matter has been filed with the ECF system for the United States District Court for the Southern District of Florida, has so been delivered to the below recipients.

                        J.H. Zidell, P.A.
                        *Attorneys for Plaintiff*
                        300 71st Street, Suite 605
                        Miami Beach, Florida 33141
                        Tel: (305) 865-6766
                        Fax: (305) 865-7167

                        By:___/s/ Elizabeth O. Hueber
                        Elizabeth Olivia Hueber
                        Florida Bar No.: 0073061

Kevin Douglas Zwetsch
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
100 N. Tampa Street
Suite 3600
Tampa, FL 33602
813-289-1247
813-289-6530 (fax)
kevin.zwetsch@ogletreedeakins.com