UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                         )
        Plaintiff,                       )
                                         )
V.                                       )
                                         )
YACHTING PROMOTIONS, INC.,                )
ROBERT COREAS,                           )
                                         )
        Defendants.                      )
                                         )

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants, YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Defendant Correa"), reply to Plaintiff's Response (Dkt. 22) to Defendants' Motion to Dismiss (Dkt. 20) and state:

**MEMORANDUM OF LAW**

**I.    Plaintiff Confuses The Standard Of Review**

Plaintiff acknowledges that he must meet the pleading standard set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), yet cites a case decided before *Twombly*. (Dkt. 23, at 2).  Then he relies on the old case to incorrectly assert that the pleading standard is "low."  Under *Twombly*, a plaintiff is obligated to provide the "grounds of his 'entitle[ment] to relief' which requires more than labels and conclusions, and a formulaic

---

[1] Robert Correa is identified incorrectly by Plaintiff as "Robert Coreas."

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To withstand dismissal, a plaintiff is required to plead more than "unwarranted factual deductions or legal conclusions masquerading as facts." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003).  Also, the legal standard under Fed. R. Civ. P. Rule 8 does not change just because this is an FLSA case.

**II.     The Fluctuating Workweek Method Is A Legal Method Of Paying Overtime Under The FLSA -- Not A Defense**

Plaintiff's assertion that he does not have to plead how he was allegedly improperly paid overtime is mistaken. (Dkt. 23, at 3–4).  The fluctuating workweek method is not a defense that must be pled by an employer.  It is a legal method to calculate overtime pay under the FLSA.  Therefore, Plaintiff should be required to plead facts (not just labels and legal conclusions) about how he was allegedly improperly paid overtime, or that show how the method by which he was paid was unlawful.  Plaintiff cannot meet the Rule 8 pleading standard merely by labeling lawful his overtime payments as "Chinese" overtime, and avoid pleading the facts about how he was actually paid.

At a minimum, Plaintiff should be required to plead facts that negate the holding in *Garcia v. Yachting Promotions, Inc.*, Civil Action No. 15-20776-Civ-Scola ("*Garcia*") that Yachting Promotions' paychecks prove full legal compliance with the fluctuating workweek method of paying overtime.   Plaintiff cannot ignore his own paychecks to plead a case under the FSLA, especially when they prove compliance with the FLSA's overtime pay requirements, and his lawyers know this.

2

### III. Plaintiff Misstates The Holding Of *Garcia*

In *Garcia* this Court held that Yachting Promotions lawfully applied the fluctuating workweek method to pay overtime. Plaintiff misstates the basis for the holding in *Garcia* in his Opposition to Defendants Motion to Dismiss (Dkt. 22). In *Garcia,* this Court held that both the signed acknowledgement by the employee *and* the employee's paychecks, independently were sufficient evidence of a mutual understanding that the employee was paid according to the fluctuating workweek method. *Garcia v. Yachting Promotions, Inc.*, Civil Action No. 15-20776-Civ-Scola. This Court stated: "paychecks and paystubs are a 'common method' by which an employee can be educated on the fluctuating workweek." *Id.*

In response to the Notice of Court Procedure re: The Fair Labor Standards Act (Dkt. 10) in the instant case, Defendants produced to Plaintiff the same type of payroll records produced in *Garcia*. Plaintiff admitted in his Response that the only difference between the instant case and *Garcia* is that Yachting Promotions produced a written acknowledgement signed by the plaintiff in *Garcia* (Dkt. 23). Since the Court held in *Garcia* held that the reoccurring paychecks were independently sufficient evidence of a mutual understanding for the fluctuating workweek method, Plaintiff has failed to state a claim in the instant case. There are no facts alleged here that, if true, would allow a reasonable inference that Plaintiff's overtime pay did not comply with the FLSA. And this Court has already held that the pay practice at issue does comply with the FLSA.

### IV. Plaintiff's Retaliation Claim Fails Because He Failed To Plead An Objectively Reasonable Belief Of An Unlawful Pay Practice

Plaintiff's representation that what constitutes protected activity under the FLSA is completely unrelated to the merits of the underlying claim is mistaken. "[A] complaint will only trigger FLSA protection if the employee lodges his complaint i) in good faith and ii) with an objectively reasonable belief that the employer's conduct is unlawful." *Barquin v. Monty's Sunset, L.L.C.*, 975 F. Supp. 2d 1309, 1314 (S.D. Fla. 2013) (citing *Little v. United Techs. Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir.1997) (decided under Title VII anti-retaliation provision); *Perez v. Brands Mart Ser'v Corp.*, 2011 WL 3236022 (S.D.Fla. July 28, 2011) (decided under FLSA anti-retaliation provision)).

To state a valid claim for FLSA retaliation Plaintiff cannot merely label an alleged question about his pay as protected activity, especially when the pay practice at issue is lawful. Plaintiff's Complaint does not allege that he opposed any illegal pay practice, and at most had a payroll question. At a minimum, Plaintiff should have to plead facts showing specific concerns he raised about his pay and the fluctuating workweek method, and that those concerns were brought in good faith and objectively reasonable and protected under the FLSA. This is especially required in this case, in light of this Court's ruling in *Garcia* that the regular paychecks provided all the information to prove that Yachting Promotions complied with the FLSA.

**V.     Plaintiff Did Not State A Claim Against Defendant Correa Because He Alleges No Facts That Would Make Correa An Employer Under The FLSA**

The Eleventh Circuit has unambiguously held that the FLSA does not apply to an individual in the absence of an employer-employee relationship under 29 U.S.C. §§ 206–07.  *See Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir.Fla.1997).

To bring an individual within the FLSA's definition of "employer," it is necessary to establish that the individual had "operational control" in the company.  *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012). Plaintiff has not asserted any facts that would be sufficient to lead to this conclusion. Contrary to Plaintiff's assertion, it is not enough to state that Defendant Correa "controlled Plaintiff's schedule and discharged him, and controlled the day to day activities of Yachting Promotions."  For operational control, it would be necessary to allege that Defendant Correa had control over the company's finances and/or set the employees' wages.  Plaintiff did not and cannot allege facts to support this since his counsel knows from taking Defendant Correa's deposition in *Garcia* that Defendant Correa is not an employer at Yachting Promotions under the FLSA and not in charge of setting wages or making any other financial decisions of the company.  Again, labels and conclusions are not sufficient to survive a Motion to Dismiss.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' motion, dismiss Plaintiff's Complaint without leave to amend, and dismiss this action with prejudice.

          Respectfully submitted,

          */s/Kevin D. Zwetsch*
          WILLIAM E. GROB
          Florida Bar Number 0463124
          E-mail: william.grob@ogletreedeakins.com
          KEVIN D. ZWETSCH
          Florida Bar Number 0962260
          E-mail: kevin.zwetsch@ogletreedeakins.com
          INA F. CRAWFORD
          Florida Bar Number 117663
          E-mail: ina.crawford@ogletreedeakins.com

          OGLETREE, DEAKINS, NASH,
           SMOAK & STEWART, P.C.

          100 North Tampa Street, Suite 3600
          Tampa, Florida  33602
          Telephone:  813.289.1247
          Facsimile: 813.289.6530

          ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          */s/Kevin D. Zwetsch*
          Attorney

## SERVICE LIST

J.H. Zidell
Stephen M. Fox, Jr.
Elizabeth O. Hueber
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
E-mail: zabogado@aol.com
E-mail: stephen.fox.esq@gmail.com
E-mail: elizabeth.hueber.esq@gmail.com
(Counsel for Plaintiff)

23928870.1