UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24308-CIV-JAL

JOSEPH LUIS DE JESUS JR and all others )
similarly situated under 29 U.S.C. 216(b), )
                                        )
                Plaintiff,              )
        vs.                             )
                                        )
YACHTING PROMOTIONS, INC.,              )
ROBERT COREAS,                          )
                                        )
                Defendants.             )
_____ )

# PLAINTIFF'S MOTION FOR PROTECTIVE ORDER[1]

COMES NOW the Plaintiff, by and through the undersigned, and hereby moves for the entry of a protective order, and in support thereof states as follows:

1. Plaintiff's claims sound under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 for overtime wage violations and retaliatory discharge under 29 U.S.C. 215(A)(3). [DE1].

2. On February 3, 2016, Defendants' served Plaintiff with a Notice of Taking Deposition for Plaintiff to occur on March 25, 2016. *See* Exhibit "A."

3. The Parties have not held their 26(f)/16.1 conference, as required by the Federal and Local Rules, and have not submitted to the Court within 14 days after the conference

---

[1] The undersigned is aware of the fact that in many other matters that the Honorable Judge Goodman is paired with the Honorable Judge Lenard that all discovery disputes be set for a hearing, however after a careful review of the docket the undersigned could not locate an Order requiring that a hearing be set (usually the Order is entered along with the Scheduling Order or after a Hearing with the Honorable Judge Goodman neither of which has occurred as of yet).

1

a written report outlining the plan. Fed. R. Civ. P. 26(f)(2).[2] Further, as of the filing of the subject Motion, the Court has not entered a scheduling order *sue sponte*.

4. Deposing Plaintiff at this stage would be in direct violation as promulgated by the Rules.

5. Moreover, the Parties have been ordered to attend a Settlement Conference on March 31, 2016, before the Honorable Judge Jonathan Goodman. [DE24].

6. The FLSA has a mandatory attorneys' fees provision and, in some cases, attorneys' fees can substantially exceed the amount of damages that a plaintiff will receive in a judgment/settlement/trial.

7. Defendants have scheduled Plaintiff's deposition to occur within mere days of the Settlement Conference. It is illogical for Defendants to unnecessarily accrue fees and costs thereby making it less likely for Defendants to, in good faith, explore the possibilities of settlement at the Settlement Conference as they will have already expended money for their attorneys' fees, costs, and attorneys' fees of Plaintiff's counsel to defend Plaintiff's deposition.

8. On or about February 10, 2016, Plaintiff served Defendants with a Notice of Taking Deposition for the individual Defendant and a 30(b)(6) Corporate Representative of

---

[2] Defense Counsel insists that he coordinated the scheduling of the deposition with prior counsel for Plaintiff, Elizabeth Hueber, Esq., and that Ms. Hueber and Defense Counsel conducted the required 26(f) conference. Plaintiff's Counsel conferred with Ms. Hueber prior to the filing of this Motion and she asserts that this is not accurate. As the undersigned was not privy to any communications between Defense Counsel and Ms. Hueber and Defense Counsel has not produced any written communications (i.e. emails) to the negate Ms. Hueber's assertions, Plaintiff has no way of verifying if this was in fact coordinated between the Parties. Should Defense Counsel produce proof of same, despite Plaintiff's Counsel requesting he provide same during the course of conferral, Plaintiff contends that proceeding with Plaintiff's deposition would increase fees and costs unnecessarily and could impact the likelihood of settlement at the Settlement Conference.

the Corporate Defendant to occur on February 24, 2016. *See* Exhibit "B." Defendants did not appear as noticed and, as such, Plaintiff took a Certificate of Non-Appearance.[3]

9. Plaintiff's Counsel has made a concerted effort to resolve this issue with Defendants without the need for Court intervention and has offered to send alternative dates to re-set Plaintiff's deposition to occur in a timely manner on a mutually agreed upon date to occur after the Settlement Conference, should the Parties not reach a settlement at same. Plaintiff is willing to cooperate with Defense Counsel to achieve a resolution that would allow Defendants' the opportunity to obtain their necessary discovery without vexatiously multiplying proceedings.

10. Under Fed.R.Civ.P 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va.*, 208 FRD 565 (SD W. Va. 2002).

11. As there is no scheduling order and discovery has not commenced, Defendants will not be prejudiced whatsoever should Plaintiff be produced only after the Settlement Conference occurs but rather would unduly burden Plaintiff.

12. Therefore, Plaintiff respectfully requests this Court enter a protective order to prevent Defendants from taking Plaintiff's deposition until after the Settlement Conference set to occur in this matter and for said deposition to be rescheduled on an agreed upon

---

[3] Plaintiff's Counsel sent out written discovery and issued a Notice of Taking Defendants' Deposition in error based on Plaintiff's prior Counsel's mistaken assumption that the Parties had properly conducted their Rule 26(f)/16.1 Conference. Plaintiff's Counsel is willing to defer Defendants' responses to be due fourteen (14) days after the Settlement Conference so as minimize attorneys' fees prior to same. Further, while Plaintiff's Counsel took a Certificate of Non-Appearance for Defendants' non-appearance at their deposition, Plaintiff did not move to compel said deposition as Plaintiff's Counsel was cognizant of the fact that he would be running up fees and costs and could impact the possibility of settlement.

date and time to occur within twenty (20) days of the Settlement Conference or a Joint Scheduling Report is submitted, whichever is later. Plaintiff also respectfully requests that the Court Order Defendants to appear for depositions within the same week as Plaintiff's deposition.

## MEMORANDUM OF LAW

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Fed. R. Civ. P. 26(f) states as follows:

> (1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).
>
> (2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable

information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)…

As above explained, Plaintiff has demonstrated good cause as to why the deposition scheduled should not proceed as scheduled to occur on March 25, 2016, and instead should be rescheduled to occur after the Settlement Conference or a Joint Scheduling Report is submitted, whichever is later. The Parties have not held their 26(f)/16.1 conference, as required by the

5

Federal and Local Rules, and have not submitted to the Court within 14 days after the conference a written report outlining the plan. Fed. R. Civ. P. 26(f)(2). Further, as of the filing the subject Motion, the Court has not entered a scheduling order *sue sponte*.

Plaintiff's Counsel has conferred with Defense Counsel and has made efforts to resolve the issue without the need for Court intervention but has been unable to do so. Defendants have been unbending in his position in refusing to reschedule Plaintiff's deposition. Plaintiff seeks a protective order not for purposes of delay and said request would not overly encumber the Court, and such relief is reasonable as the Parties want to attempt to conduct the necessary discovery in a timely fashion without the need for Court intervention however, at this stage in the litigation, it is inappropriate.

WHEREFORE, the Plaintiff respectfully requests this Court enter a protective order to prevent Defendants from taking Plaintiff's deposition until after the Settlement Conference set to occur in this matter and for said deposition to be rescheduled on an agreed upon date and time to occur within twenty (20) days of the Settlement Conference or a Joint Scheduling Report is submitted, whichever is later. Plaintiff also respectfully requests that the Court Order Defendants to appear for depositions within the same week as Plaintiff's deposition.

## CERTIFICATE OF CONFERRAL

The undersigned has conferred with Defense Counsel who refused to reset Plaintiff's deposition.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141

          305-865-6766
          305-865-7167

         By:_s/ Rivkah F. Jaff, Esq. ___
          Rivkah F. Jaff, Esquire
          Florida Bar No.: 107511

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/15/16 TO:**

**KEVIN DOUGLAS ZWETSCH, ESQ.**
**OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.**
**100 N. TAMPA STREET, SUITE 3600**
**TAMPA, FL 33602**
**PH: 813-289-1247**
**FAX: 813-289-6530**
**EMAIL: KEVIN.ZWETSCH@OGLETREEDEAKINS.COM**

**INA FRANZISKA CRAWFORD, ESQ.**
**OGLETREE DEAKINS**
**100 N. TAMPA STREET, SUITE 3600**
**TAMPA, FL 33602**
**PH: 813-221-7232**
**FAX: 813-289-6530**
**EMAIL: INA.CRAWFORD@OGLETREEDEAKINS.COM**

     **BY:_____/s/ Rivkah F. Jaff_____**
       **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24308-CIV-JAL

JOSEPH LUIS DE JESUS JR and all others )
similarly situated under 29 U.S.C. 216(b), )
               )
    Plaintiff, )
 vs. )
               )
YACHTING PROMOTIONS, INC., )
ROBERT COREAS, )
               )
    Defendants. )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

  This matter came on to be heard regarding the above-described Motion, and the Court being advised in the premises, it is:

  ORDERED AND ADJUDGED that said Motion is hereby GRANTED; and

1. PLAINTIFF SHALL NOT APPEAR FOR HIS DEPOSITION MARCH 25, 2016.

2. DEFENDANTS SHALL APPEAR WITHIN THE SAME WEEK AS PLAINTIFF'S DEPOSITION.

3. THE PARTIES SHALL CONFER AND RESCHEDULE PLAINTIFF'S AND DEFENDANTS' DEPOSITION TO OCCUR ON AN AGREED UPON DATE AND TIME.

  DONE AND ORDERED at Miami, Florida, this ___ day of _____ 2016.

                    _____
                    JOAN A. LENARD
                    UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record