UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR.,

    Plaintiff,

v.

YACHTING PROMOTIONS,
INC., et al.,

    Defendants.
_____/

## POST-HEARING ADMINISTRATIVE ORDER

On April 8, 2016, Defendants' counsel filed a Notice of Hearing to schedule a Discovery Hearing for April 12, 2016 to address several issues concerning depositions scheduled for May 3 and 4, 2016. [ECF No. 52]. Shortly after the hearing was noticed, Plaintiff's counsel contacted the Undersigned's Chambers indicating that he had *not*, in fact, agreed to the April 12, 2016 hearing date when consulted by defense counsel.

Because the Undersigned's discovery procedures [ECF No. 33] require a party setting a discovery hearing to only "do so after conferring with opposing counsel and confirming his or her availability for the discovery calendar" (and because the Undersigned's law clerk, when scheduling this hearing, received affirmation from defense counsel that such a confirmation **had** been provided), the Undersigned

scheduled a telephonic hearing "to address this scheduling/conferral/communication issue" [ECF No. 53].

The Undersigned held the telephone hearing on April 8, 2016. [ECF No. 54]. In addition to determining that defense counsel had, in fact, not complied with the discovery procedures order, the Undersigned also addressed the underlying discovery issues, thereby obviating the need to hold a substantive discovery hearing next week. Accordingly, the discovery hearing [ECF No. 52] scheduled for April 12, 2016 is hereby **cancelled**.

Furthermore, the depositions scheduled for May 3, 2016 with Robert Coreas and Plaintiff's supervisor will go forward in Miami as noticed by Plaintiff. The depositions of the three other individuals that Plaintiff scheduled for May 4, 2016 shall also go forward as scheduled in Miami, as noticed by Plaintiff. If any of these individuals scheduled for deposition are current employees of Defendants, then Defendants are required to produce those individuals. If they are not employees, then it is Plaintiff's duty to subpoena the deponents and assure their appearances.

Finally, as the party losing this discovery dispute, Defendants (and/or their counsel) are responsible for attorney's fees under Federal Rule of Civil Procedure 37, unless one or more of a limited list of exceptions apply. Rule 37 establishes a "loser pays" scenario, and **requires** the Court to enter a costs award, including attorney's fees, unless an exception applies.  No exception applies here.

Federal Rule 37(a)(5)(A) provides that the Court "must" require the losing party or attorney or both to pay the costs/fees award, in the absence of an exception. Moreover, the Discovery Procedures Order [ECF No. 33] specifically cautions parties about the rule and its requirement that fees be awarded unless an exception applies. The Undersigned does not believe that Defendants, themselves, should pay the award, as it was their counsel -- specifically Kevin Zwetsch -- who was responsible for the need to have such a discovery hearing. Therefore, it is Defendants' counsel,[1] Mr. Zwetsch, who will pay the fees award -- of **$350.00** -- by April 15, 2016.[2]

If any party (or counsel of record) objects to either the fees award or the amount of the award, then the Court will hold a hearing if an objection is filed by April 15, 2016.

---

[1] The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unjustified positions in discovery. Thus, this Order would not require Defendants' counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.

[2] Defendants' counsel shall submit an affidavit or declaration, confirming that the payment was made, to the Undersigned's efile inbox (*not* on CM/ECF) by April 18, 2016. Defendants' counsel shall not, directly or indirectly, pass on to the client this fees award as a costs item or deductible expense.

If the challenge is to the amount, then counsel for both sides will be required to submit their billing records for the time in question.

**DONE AND ORDERED** in Chambers, at Miami, Florida, April 8, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Joan A. Lenard
All counsel of record