UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-24308-JAL

| | |
|---|---|
| JOSEPH LUIS DE JESUS, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) ) |
| YACHTING PROMOTIONS, INC., ROBERT COREAS, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT YACHTING PROMOTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS AND RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3)**

Defendant, YACHTING PROMOTIONS, INC. ("Defendant"), by and through the undersigned counsel, serves its Answer and Affirmative Defenses to Plaintiff JOSEPH LUIS DE JESUS's ("Plaintiff") Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations and Retaliatory Discharge Under 29 USC 215(A)(3) (Dkt. 1), and states:

**I. FIRST DEFENSE**

The Complaint must be dismissed for failure to state a claim upon which relief can be granted because neither Defendant nor any of its agents committed any unlawful practice, and neither Plaintiff nor anyone "similarly situated" is entitled to any relief against it.

**II. SECOND DEFENSE**

Defendant hereby responds to the allegations of the Complaint as follows:

1.     In response to Paragraph No. 1 of the Complaint, Defendant admits only that Plaintiff purports to bring an action for damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), but denies that it committed any unlawful act, denies that Plaintiff is

entitled to any relief whatsoever, and denies any remaining allegations in this Paragraph.

2.      In response to Paragraph No. 2 of the Complaint, Defendant is without knowledge as to where Plaintiff resides and what Plaintiff considers to be "at the time that this dispute arose," and, therefore, denies such allegations and any remaining allegations in this Paragraph.

3.      In response to Paragraph No. 3 of the Complaint, Defendant admit only that it is a Florida corporation with its principal place of business in Fort Lauderdale, Broward County, Florida and that it employed Plaintiff.  Defendant is without knowledge as to what constitutes Plaintiff's "information and belief" or legal conclusions, or as to what Plaintiff considers to be the "respective period of employment" and, therefore, denies those allegations.

4.      In response to Paragraph No. 4 of the Complaint, Defendant admits only that Robert Coreas is a manager at Yachting Promotions, Inc. Defendant denies all remaining allegations.

5.      In response to Paragraph No. 5 of the Complaint, Defendant admits only that venue in the United States District Court for the Southern District of Florida is proper. Defendant denies that it engaged in any conduct that gave rise to Plaintiff's claims and denies any remaining allegations contained in this Paragraph.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6.      In response to Paragraph No. 6 of the Complaint, Defendant is without knowledge as to what Plaintiff "believe[s]" and, therefore, denies those allegations, Defendant denies that there exists "several similarly situated employees like Plaintiff," denies that Plaintiff properly has pled facts sufficient to support a collective action, and denies any remaining allegations contained in this Paragraph.

7.      In response to Paragraph No. 7 of the Complaint, Defendant admits only this Court has subject matter jurisdiction in the matter alleged.  Defendant denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations contained in this Paragraph.

8.      Paragraph No. 8 of the Complaint does not set forth factual allegations but rather contains statements of opinion and/or legal conclusions to which Defendant is not required to respond and which should be stricken from the Complaint.  To the extent that a response is required, those allegations are denied.

9.      In response to Paragraph No. 9 of the Complaint, Defendant admits only that it employed Plaintiff for a period of time.  Defendant denies any remaining allegations contained in this Paragraph.

10.     In response to Paragraph No. 10 of the Complaint, Defendant admits only that it employed Plaintiff and paid Plaintiff in compliance with the FLSA.  Defendant is without knowledge as to what Plaintiff considers to be the "relevant time period" or his legal conclusions and, therefore, denies those allegations and any remaining allegations contained in this Paragraph.

11.     In response to Paragraph No. 11 of the Complaint, Defendant admits only that it is an "employer" as that term is defined under the FLSA.  Defendant is without knowledge as to what Plaintiff considers to be the "relevant time period" or his legal conclusions and, therefore, denies those allegations and any remaining allegations contained in this Paragraph.

12.     In response to Paragraph No. 12 of the Complaint, Defendant is without knowledge as to what constitutes Plaintiff's "information and belief" and legal conclusions and, therefore denies those allegations and any remaining allegations contained in this Paragraph.

13.     In response to Paragraph No. 13 of the Complaint, Defendant is without knowledge as to what constitutes Plaintiff's "information and belief" and legal conclusions and, therefore denies those allegations and any remaining allegations contained in this Paragraph.

14.     Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

## PRAYER FOR RELIEF

With regard to the WHEREFORE clause contained after Paragraph No. 15 of the Complaint, Defendant denies that Plaintiff is entitled to a judgment against Defendant, denies that Defendant committed any unlawful act, and denies that Plaintiff  is entitled to any form of legal or equitable relief sought in the Complaint, including that requested in this Paragraph.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has demanded a trial by jury but denies that Plaintiff has any basis in law or fact to support a claim for a jury trial.

## COUNT II. RETALIATION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

With regard to the COMES NOW clause contained after Paragraph No. 16 of the Complaint, Defendant is without knowledge as to what Plaintiff in "good faith believes" and therefore denies those allegations. Defendant further denies that it committed any unlawful act, retaliated against Plaintiff in any way, and any remaining allegations contained in this clause. Defendant restates its answers to paragraphs 1-15 above.

16.     Defendant denies the allegations contained in Paragraph No. 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph No. 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph No. 19 of the Complaint.

20.    Defendant denies the allegations contained in Paragraph No. 20 of the Complaint; except admitted that Ms. Vasquez called Plaintiff.

21.    Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph No. 22 of the Complaint.

## PRAYER FOR RELIEF

With regard to the WHEREFORE clause contained after Paragraph No. 22 of the Complaint, Defendant denies that Plaintiff is entitled to a judgment against Defendant, denies that Defendant committed any unlawful act, and denies that Plaintiff is entitled to any form of legal or equitable relief sought in the Complaint, including that requested in this Paragraph.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has demanded a trial by jury but denies that Plaintiff has any basis in law or fact to support a claim for a jury trial.

## III. THIRD DEFENSE

Defendant denies all allegations, requests for relief, captions, headings or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendant.

## IV. FOURTH DEFENSE

Plaintiff has been paid all wages which were due and owing and to which Plaintiff was entitled.

## V. FIFTH DEFENSE

Plaintiff, at all times material to this Complaint, was lawfully compensated in accordance with the FLSA, the applicable regulations of the United States Department of Labor, and judicial decisions construing the FLSA.

## VI. SIXTH DEFENSE

Defendant acted in full compliance and conformity with and in reliance on the FLSA and applicable laws, regulations, orders, opinions, and interpretations and with the enforcement policies with respect to the class of employers to which it belongs and acted in good faith as a reasonably prudent entity/person would have acted under the circumstances and with a belief of reasonable compliance and of no violations and are not subject to any liability for alleged failure to pay wages required by the FLSA, and any claims of willful violations or for a three (3) year limitations period or for liquidated damages under the FLSA should be dismissed.

## VII. SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not filed within the applicable limitations period under the law.

## VIII. EIGHTH DEFENSE

Defendant is entitled to a setoff against any liability for amounts already paid to Plaintiff for working additional hours and all wage payments to Plaintiff (which Plaintiff has had the use of for purposes of Plaintiff's own choosing but were unearned) for time which actually was not worked by Plaintiff and hours which were not compensable.

## IX. NINTH DEFENSE

Plaintiff has the burden to prove that Plaintiff performed, but Plaintiff did not in fact perform, substantial work duties for the predominant benefit of the employer before or after Plaintiff's scheduled working hours which Defendant knew was, and permitted to be, performed, and Plaintiff is further estopped by Plaintiff's failure to notify Defendant of Plaintiff's alleged work.

## X. TENTH DEFENSE

To the extent Plaintiff's claims of unpaid compensation are *de minimis*, they should be dismissed.

## XI. ELEVENTH DEFENSE

Plaintiff waived, and/or is estopped from asserting, claims to the extent they are based on an alleged failure to pay wages, because Plaintiff did not timely advise Defendant of any alleged mistakes in payment, underpayments, or failure by Defendant to adhere to the agreed upon compensation, or because Plaintiff already received all compensation to which Plaintiff is entitled.

## XII. TWELFTH DEFENSE

Plaintiff's claims are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 254 as to all hours worked in which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.

## XIII. THIRTEENTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages is not compensable work under the FLSA.

## XIV. FOURTEENTH DEFENSE

Plaintiff's claim is barred in whole or in part by statutory exemptions, exclusions, exceptions, credits, and/or Plaintiff's agreement under the Fluctuating Workweek Compensation method under the FLSA. *See Danilo Lopez Garcia v. Yachting Promotions, Inc.*, U.S. District Court, Southern District of Florida, Case No. 1:15-cv-20776-RNS at D.E. 38) (holding that "paychecks echo" Plaintiff's "clear and mutual understanding" of the Fluctuating Workweek Method of Calculation).

## XV. FIFTEENTH DEFENSE

Plaintiff failed to establish a basis for a collective action under the FLSA or a class action under Rule 23, or Plaintiff's capacity to serve as representative of any class, and failed to allege or substantiate facts sufficient to justify a class action under Rule 23, including numerosity, commonality, typicality, adequacy, predominance, and superiority/manageability requirements.

## XVI. SIXTEENTH DEFENSE

Any of those on whose behalf Plaintiff purports to complain are not similarly situated under the FLSA, 29 U.S.C. §§201-219.

## XVII. SEVENTEENTH DEFENSE

The claims of the alleged persons on whose behalf Plaintiff purports to complain are barred by failure to satisfy the opt-in requirements of 29 U.S.C. §216(b).

## XVIII. EIGHTEENTH DEFENSE

The types of claims alleged by Plaintiff on behalf of Plaintiff and the group of persons which Plaintiff purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

## XIX. NINETEENTH DEFENSE

Some or all of the claims asserted in the Complaint are unsuitable for class treatment because the prosecution of separate actions by members of the group of persons Plaintiff purports to represent, the existence of which is expressly denied, would not create a risk of adjudications with respect to proposed class members which would as a practical matter be dispositive of the interests of the other proposed class members not parties to the adjudications,

or substantially impair or impede their ability to protect their interests, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## XX. TWENTIETH DEFENSE

The Plaintiff  may not recover liquidated damages because (1) Defendant and all of its officers, managers, or agents acted in good faith and did not commit any willful violation of any of the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; (2) Defendant, and its officers, managers and agents, did not authorize or ratify any willful violations with respect to Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## XXI. TWENTY-FIRST DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's claims for back-pay damages are limited to a "half-time" premium for hours in excess of forty (40) per week under the Fluctuating Work Week method of calculation.

## XXII. TWENTY-SECOND DEFENSE

Plaintiff's FLSA claim is barred in whole or in part by the doctrine of **collateral estoppel** based on ruling in *Danilo Lopez Garcia v. Yachting Promotions, Inc.*, U.S. District Court, Southern District of Florida, Case No. 1:15-cv-20776-RNS at D.E. 38., *appeal filed.*

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs, including reasonable attorneys' fees, and such other relief the court deems appropriate.

Dated this 25th day of August, 2016.

Respectfully submitted,

/s/ Kevin D. Zwetsch

WILLIAM E. GROB
Florida Bar Number 0463124
E-mail: william.grob@ogletreedeakins.com
KEVIN D. ZWETSCH
Florida Bar Number 0962260
E-mail: kevin.zwetsch@ogletreedeakins.com
INA CRAWFORD
Florida Bar Number 0117663
E-mail: ina.crawford@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone:  813.289.1247
Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANT
YACHTING PROMOTIONS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Kevin D. Zwetsch
Attorney

## <u>SERVICE LIST</u>

J.H. Zidell
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
zabogado@aol.com
(Counsel for Plaintiff)

21119370.1