UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-24308-JAL

| | |
|---|---|
| JOSEPH LUIS DE JESUS JR and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiff, <br> vs. <br><br> YACHTING PROMOTIONS, INC., ROBERT COREAS, <br><br> Defendants. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, by and through Undersigned Counsel, hereby files this Motion for Partial Summary Judgment, and states the following in support thereof:

**INTRODUCTION**

Plaintiff should be granted partial summary judgment with respect to the following:

1.      Defendants improperly applied the Fluctuating Work Week ("FWW") to Plaintiff; and, therefore, the FWW does not apply to Plaintiff's work for Defendants and Plaintiff is owed some amount of overtime from the Defendants; and,

2.      Defendant Robert Correa is an employer for Plaintiff as defined under 29 U.S.C. § 203(d).

1

## MEMORANDUM OF LAW

### Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See, Matsushita Electric*

*Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986) .

### The Fluctuating Work Week Method

"(c) The "fluctuating workweek" method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the Act, and ***unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours in not worked.*** Typically, such salaries are paid to employees who do not customarily work a regular schedule of hours and *are in amounts agreed on by the parties as adequate straight-time compensation for long workweeks as well as short ones, under the circumstances of the employment as a whole....* **On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula**.
29 CFR § 778.114 (emphasis added)".

*Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993), (additional emphasis added).   The Eleventh Circuit holds that it is the employee who bears the burden of proving non-compliance with the fluctuating workweek method.  See, *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *3 (11th Cir. Feb. 6, 2003).  The foregoing establishes that Plaintiff has met his burden.

In order for the FWW to apply, ***all*** **of the following prerequisites under 29 C.F.R. § 778.114, must be met**:

 **(1) the employer and the employee must *mutually* understand that the straight salary is intended to compensate whatever hours the employee must work in a week; (2) whether the week is under or over the hours that the employee is expected to work, the straight-salary**

**is paid;** (3) the straight-salary in the week with the most hours comes out to less than the applicable hourly minimum wage; and (4) the employee is paid at least one and one-half times the calculated hourly rate for every hour in excess of 40. *See.,* 29 C.F.R. §778.114, *Davis v. Friendly Express, Inc.,* 61 Fed. App'x 671 (11th Cir.2003); *Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993); *O'Brien v. Town of Agawam,* 350 F.3d 279, 288 (1st Cir.2003); *Griffin v. Wake County,* 142 F.3d 712, 716 (4th Cir.1998); *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *4 (S.D. Fla. Oct. 12, 2012); *West v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314, at *11 (M.D. Fla. Jan. 21, 2011); *Scott v. OTS Inc.*, No. CIV.A.1:02CV1950-AJB, 2006 WL 870369, at *8 (N.D. Ga. Mar. 31, 2006), & *Willoughby v. Youth Villages, Inc.*, 113 F. Supp. 3d 1265, 1272–73 (N.D. Ga. 2015).

In this case the FWW is not applicable for two reasons.  First, Defendants fail to meet two of the four prerequisites under 29 C.F.R. § 778.114 for the FWW to apply. Second, Defendants purposefully used the FWW to circumvent the protections of the FLSA.

**I.      DEFENDANTS IMPROPERLY APPLIED THE FLUCTUATING WORK WEEK TO PLAINTIFF**

In this case, there was no mutual understanding that the straight salary was intended to compensate whatever hours the Plaintiff was required to work in a week.  Even more, the Defendants did not pay Plaintiff a straight salary whether the week was under or over the hours that the Plaintiff was expected to work. *See,* SOF ¶ 8, 9, 10, 11, 15, 16, 17, 18 & 20.

**A.      There was no mutual understanding that the straight salary was intended to compensate whatever hours the Plaintiff was required to work in a week.**

**Plaintiff never knew he was to be compensated using the Fluctuating Work Week Method**. *See,* SOF ¶ 5. Hence, the clear mutual understanding necessary for the Defendants to

claim the Plaintiff was properly paid under the FWW, did not exist. *See, Resasoner v. All Seasons Pool Serv., Inc.*, No. 606CV-1819-ORL-19DAB, 2007 WL 4326808, at *7 (M.D. Fla. Dec. 7, 2007), (for contention that not knowing one is being compensated on the FWW is evidence that there is no mutual understanding). *See also, Davis v. Friendly Express, Inc.,* 61 Fed. App'x 671 (11th Cir.2003), *Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207 (5th Cir. 1976), *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *21 (N.D. Ala. Mar. 17, 2015) & *Willoughby v. Youth Villages, Inc.*, 113 F. Supp. 3d 1265, 1272–73 (N.D. Ga. 2015) (for contention that a clear mutual understanding of the straight-salary must exist between the employer and employee).

The Defendant corporation had a specific policy of handing out materials to employees going on the FWW (the documents described the FWW and gave examples of pay calculations), and having employees going on the FWW sign an agreement. **Plaintiff did not get the materials, nor was he asked to sign an agreement**. *See,* SOF ¶ 6 & 7.  The Defendants had waiver forms and informational packets regarding the FWW—these were never given to Plaintiff.  In fact, when Plaintiff was not given these materials or any other explanation with respect to his pay, he inquired with a human resources representative and two supervisors (including the Individual Defendant) to no avail.  *See,* SOF ¶ 8, 9, 16, 17, 18, 19 & 20. Hence, the FWW was improperly applied to Plaintiff. *See*, *Davis v. Friendly Express, Inc.,* 61 Fed. App'x 671 (11th Cir.2003), *Teblum v. Eckerd Corp. of Fla., Inc.,* 2006 WL 288932, at *3 (M.D.Fla. Feb.7, 2006), *Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207 (5th Cir. 1976), *Willoughby v. Youth Villages, Inc.*, 113 F. Supp. 3d 1265, 1272–73 (N.D. Ga. 2015) & *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *4 (S.D. Fla. Oct. 12,

2012).  Nothing was conveyed to Plaintiff with respect to the number of hours that the straight-salary was intended to compensate and there certainly was no agreement as to same.

Further, Plaintiff's pay check cannot be said to be a "lesson" in the FWW, nor taken as an indication that a plaintiff knew how he was paid.  This is because there was simply an amount, and not a breakdown of hourly pay, or any other details on the paystubs that would have helped Plaintiff establish an understanding of how he was paid. *See,* SOF ¶ 7.  In fact, Plaintiff asked a human resources representative, the Individual Defendant, and his supervisor, when not supervised by the Individual Defendant, Mr. Bobillo, how his pay was calculated, all the way up until the end of his employment. *See,* SOF ¶ 6, 7, 8, 9, 16, 17, 18, 19, 20.   Even more, The Individual Defendant, at his own deposition and in his capacity as corporate representative, could not even explain how the Plaintiff was paid. *See,* SOF ¶ 3.  Even three managers (*i.e.* Gilbert Bobillo, Denise Hegeman, and Paul Zack) who for years received checks reflecting that they were paid using the FWW, could not explain how they were paid. *See,* SOF ¶ 4.  Logic would dictate that, if Plaintiff's managers did not understand the FWW method, they could not have accurately explained it to Plaintiff.

Courts have recognized that in cases where there is sparse information on the pay check, same cannot be considered to have informed the Plaintiff properly.  *See, Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *5 (S.D. Fla. Oct. 12, 2012).

Due to the fact that Defendants do not meet the first prerequisite, Partial Summary Judgment should be granted finding the FWW inapplicable to Plaintiff's work for the Defendants.

**B.     The Defendants did not pay Plaintiff a straight salary whether the week was under or over the hours that the Plaintiff was expected to work.**

Even if the Court finds there was a mutual understanding (which there was not), Defendants did not pay Plaintiff a straight salary when there were weeks he worked less than forty (40) hours.

Specifically, although it occurred only a few times, if Plaintiff ever worked under 40 hours a week, Defendants would deduct that from his pay as if he were an hourly employee. *See,* SOF ¶ 32. As such, Defendants do not meet the second prerequisite under 29 C.F.R. § 778.114.

Due to the fact that Defendants do not meet the second prerequisite, Partial Summary Judgment should be granted and liability determined against Defendants with only the damage amount to be left to a jury to decide.

**Defendants are required to meet every prerequisite in order for the FWW to apply to Plaintiff—Defendants simply cannot do so**. If all four criteria governing the use of the FWW are not satisfied, then the FWW was not implemented properly and the Plaintiff is owed some amount of overtime compensation. *See.,* 29 C.F.R. §778.114, *Davis v. Friendly Express, Inc.,* 61 Fed. App'x 671 (11th Cir.2003); *Spires v. Ben Hill Cty.,* 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993); *O'Brien v. Town of Agawam,* 350 F.3d 279, 288 (1st Cir.2003); *Griffin v. Wake County,* 142 F.3d 712, 716 (4th Cir.1998) & *infra.* Hence, as discussed *infra* the FWW was an inappropriate way to calculate Plaintiffs hourly rate and overtime rate. Therefore, Plaintiff should be granted summary judgment that Defendants improperly applied the Fluctuating Work Week to Plaintiff. *See, supra* & *infra.*

C.      **Defendants purposefully used the FWW to circumvent the protections of the FLSA**

When the FWW serves as a tool to circumvent the rights afforded by the FLSA, the central purpose of the FLSA as remedial public policy legislation is circumvented. *See, id.*; *see*

*also, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) & *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1311 & 1315 (11th Cir. 2007).

The FWW is traditionally used for employees with work weeks that fluctuate above and below certain fixed amounts, such as those employed in seasonal labor. *See, Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *22 (N.D. Ala. Mar. 17, 2015), *Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993) & 29 C.F.R. § 778.114. Hence, the purpose of the FWW is that the employer does not pay what it normally would in overtime during the season, and in exchange that money is spread out into a salary the worker can depend on when not in season.

The Boat Show Season is nine months long, but there is no real off-season because there are shows in between the end of boat show season in May, and the beginning of boat show season in September. See, SOF ¶ 38. The fact is that the Defendants are applying a seasonal method of pay to a non-seasonal enterprise in general and to Plaintiff's work in particular.

The aforementioned facts render the FWW a vehicle to pay Plaintiff less than the FLSA requires that he be paid. Hence, the FWW was not a method employed to protect the Plaintiff's right to a legal wage, but rather to circumvent it. The Defendants used the FWW to ensure Plaintiff always worked more than full time, but was paid less for it. Hence, the effect of Defendants applying the FWW was to avoid the FLSA's remedial public policy goals. See, *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1311 (11th Cir. 2007).

Since, the FWW was used to ensure Plaintiff always worked more than full time, while receiving the least possible compensation, Defendants' application of the FWW to Plaintiff abrogates the fundamental concept of the FWW that sometimes the employee benefits and sometimes the employer benefits. It is this fundamental give and take (which is lacking in this

case) that justifies the use of the FWW, because otherwise it is just a way to skirt the FLSA which requires paying time-and-a-half to hourly employees. *See, Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *22 (N.D. Ala. Mar. 17, 2015), & *Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993). This is partially why the Eleventh Circuit warns that the FWW is not the default method for calculating the hourly rate of an employee on a weekly salary;

> "**However, the fluctuating workweek method is not the only or even the default method** for calculating damages when an employee is paid a weekly salary. **In fact, it is conceptually subsumed within the broader rule that "[i]f the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a).** We have previously deferred to this DOL interpretation of an employee's "regular rate" of pay under the FLSA. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 n. 5 (11th Cir.2008). Consequently, "where the employee is paid solely on a weekly salary basis, the number of hours the employee's pay is intended to compensate—not necessarily the number of hours he actually works—is the divisor." *Id.* at 1269."

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013), (emphasis added).

The way in which the Plaintiff was compensated would be somewhat compliant with the FLSA if the rate was divided by the number of hours that the salary was intended to compensate in order to derive a base hourly straight-time rate. The FWW cannot apply to Plaintiff's work. This is because the work-week never fluctuated under forty-hours, save just a few times when Plaintiff was docked salary. *See,* SOF ¶ 11 & 32. Hence, the proper divisor of the Plaintiff's salary is the number of hours that the salary was intended to compensate Plaintiff for. *See, Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993), *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1269 (11th Cir. 2008) (citing to

Department or Labor interpretative bulletin 29 CF.R. § 778.113(a) explaining "regular rate" of pay), *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013), & *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *21 (N.D. Ala. Mar. 17, 2015).

The Plaintiff was really an hourly employee paid a salary because it allowed the Defendants to circumvent the FLSA, and save money by violating the protections intrinsic to the remedial public policy purpose of the FLSA.  The remedial public policy purpose of the FLSA is at all times a paramount concern in FLSA litigation, and a low bar must be maintained as far as an employee proving they were improperly paid. *See, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) & *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007).

As such, Defendants purposefully used the FWW to circumvent the protections of the FLSA and was therefore improperly applied to Plaintiff.

Due to the foregoing, Plaintiff should be granted Summary Judgment that Defendants improperly applied the Fluctuating Work Week to Plaintiff's work and that some amount of overtime is owed to Plaintiff to be determined at trial by a jury.

## II.     DEFENDANT ROBERT CORREA IS AN EMPLOYER AS DEFINED UNDER 29 U.S.C. § 203(D).

> Section 203 of the FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Perez,* 2008 WL 220070, at *8 (quoting 29 U.S.C. § 203(d)). "Whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.' " *Perez,* 2008 WL 220070, at *8 (quoting *Hodgson v. Griffin & Brand, Inc.,* 471 F.2d 235, 237 (5th Cir.1973)).

*Heckert v. 2495 McCall Rd. Corp.*, No. 207CV-310FTM-34SPC, 2008 WL 508079, at \*2 (M.D. Fla. Feb. 21, 2008)

The circumstances as a whole establish that Robert Correa, the Individual Defendant, had operational control over the Corporate Defendant, determined and controlled the Plaintiff's salary and the associated failure of FLSA compliance as to the Plaintiff, and up to 255 additional employees' schedules; was Plaintiff's direct supervisor for eight months to a year; and, regularly supervised and controlled the work of Plaintiff's work thereafter. *See*, SOF ¶ 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 37, & 38. These are the essential elements necessary to establish individual liability under the Section 203(d).

> "The FLSA contemplates the imposition of individual liability upon those who control a corporation's day to day functions, including its financial affairs. *Lamonica v. Safe Hurricane Shutters,* 711 F.3d 1299, 1313 (11th Cir.2013). For a supervisor to qualify as an employer under the FLSA, he or she must have significant involvement in the day to day operation of the business or have some direct responsibility for the supervision of the employee. *Id.* Such control can be inferred from the exercise of general supervisory powers or the exercise of control over other employees. *Id.*
> Because the Court agrees with the Plaintiff that individuals with involvement in the day to day operation of Defendants' business, and those with direct responsibility for supervision of the Plaintiff, may be individually liable under the FLSA…"

*Aidone v. Nationwide Auto Guard, LLC*, 985 F. Supp. 2d 1346, 1352 (S.D. Fla. 2013)

Moreover, the Individual Defendant took individual responsibility for how the Plaintiff was paid.  Plaintiff asked to be paid hourly several times, and Mr. Correa decided that the FWW would still be used to pay Plaintiff. *See,* SOF ¶ 23, 25, 27 & 34.   Hence, the Individual Defendant, Mr. Correa, had control over how the Plaintiff was paid and the Corporate Defendant's FLSA compliance in regards to the violation the Plaintiff alleges.  The key factor in

the analysis of individual liability is whether the individual acting on behalf of the Corporate

Defendant had control over the alleged FLSA violation.

> Again, our primary concern is the supervisor's role in causing the FLSA violation, and it is possible for a supervisor to exercise enough control to play a substantial role in causing the violation while working only part-time. In short, the fact that control was exercised only occasionally "does not diminish the significance of its existence." *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir.1982).

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013).

Hence, Mr. Correa meets the definition of an employer under Section 203(d) of the FLSA.

Essentially, the record evidence establishes, without exception, that Mr. Correa had

substantial and determinative control over day-to-day operations of the Corporate Defendant in

general, and as those actions related to Plaintiff, and that Mr. Correa controlled the breach of the

FLSA alleged in the instant action. *See,* SOF ¶ 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35,

37 & 38. Hence, Mr. Correa is an employer under Section 203(d) of the FLSA. *See, Alvarez*

*Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008), *Aidone v.*

*Nationwide Auto Guard, LLC*, 985 F. Supp. 2d 1346 (S.D. Fla. 2013), *Heckert v. 2495 McCall*

*Rd. Corp.*, No. 207CV-310FTM-34SPC, 2008 WL 508079, at *2 (M.D. Fla. Feb. 21, 2008) & 29

U.S.C. § 203(d).

As such, the Plaintiff is entitled to summary judgment as to Mr. Correa's status as an

employer under 29 U.S.C. § 203(d).

WHEREFORE, Plaintiff hereby moves for partial summary judgment as to liability

finding that Defendants improperly applied the Fluctuating Work Week to Plaintiff; and,

Defendant Robert Correa is an employer as defined under 29 U.S.C. § 203(d).   Plaintiff

respectfully requests that the sole issue to be tried by jury is the amount of overtime owed to Plaintiff by Defendants.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

By: /s/ Allyson Morgado
Allyson Morgado, Esq.
Amorgado.jhzidell@gmail.com
Florida Bar Number: 91506

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 19, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

By: /s/ Allyson Morgado
Allyson Morgado, Esq.
Amorgado.jhzidell@gmail.com
Florida Bar Number: 91506

13