UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-24308-JAL

JOSEPH LUIS DE JESUS JR and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                                      )
                Plaintiff, )
   vs. )
                                                                                     )
YACHTING PROMOTIONS, INC., )
ROBERT COREAS, )
                                                                                     )
                Defendants. )
_____ )

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by and through Undersigned Counsel, and pursuant to Fed.R.Civ.Pro. 56, and SDLR 7.5, file their Statement of Material Facts in support of their Motion for Partial Summary Judgment as follows:

| | |
|---|---|
| PL is Plaintiff's Deposition (Joseph Luis De Jesus Jr.) | GB is Gilberto Bobillo's Deposition |
| DEF is Corporate Defendant's Deposition | DH is Denise Hegeman's Deposition |
| RC is Individual Defendant's Deposition (Robert Correa) | PZ is Paul Zack's Deposition |
| | DG is Dane Graziano's Deposition |
| | RS is Ricardo Strul's Deposition |

**FACTS**

1. Plaintiff worked for Corporate Defendant Yachting Promotions a/k/a Show Management both at shows, which took place domestically and abroad, and in their South

1

Florida facilities. Plaintiff was helping set up shows by handling freight either at the location of the show or in the Yachting Promotions facilities. DEF P. 5 Ln. 5-16 PL

2. Corporate Defendant grosses in excess of 500,000 dollars per-year. DEF P. 21 Ln. 17-22

3. The Corporate Representative in the 30.6(b) deposition could not describe how the Fluctuating Work Week Method (Hereinafter, "FWW") worked. DEF P. 8 Ln. 22-25, P. 9 Ln. 1-17

4. At least three management staff who were paid on the FWW do not know how it works, nor did Plaintiff's supervisors. PZ. P. 6 Ln. 6-9. P. 35 Ln. 2-25, P. 36 Ln. 1, P. 37 Ln. 7-9; DH P. 5 Ln. 22-25, P. 6 Ln. 3-5; GB P. 12 Ln. 16-23; DEF P. 8 Ln. 22-25, P. 9 Ln. 1-17

5. Plaintiff was never aware he was paid on the FWW Method. PL P. 114 Ln. 2-4

6. Plaintiff never signed a form that other employees signed when put on salary, which acknowledged the employee's understanding and agreement to the FWW. The signed agreement was supposed to be provided to Plaintiff with a packet of information that describes the FWW, and gives examples of pay calculations, however Plaintiff did not receive this packet. DEF P. 11 Ln. 4-13; RC P. 9 Ln. 18-25, P. 10 Ln. 1-2.; RS P. 4 Ln. 11-25, P. 5 Ln. 1-10, PL P. 205 Ln. 1-17, P. 264 Ln. 17-21, P. 270 Ln. 8-12, P. 284 Ln. 21-24, P. 286 Ln. 2-6, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20

7. Plaintiff De Jesus did not receive a paycheck that enumerated hours and amounts from which he could have backward calculated the FWW Method, especially since he did not know the way the FWW method worked, despite inquiry. Plaintiff's paycheck lacked the details

necessary for him to glean how he was paid, and what he was being paid per hour. Further, despite request for same, Plaintiff never received the table or materials that would explain same. Had he received them he would not have known how to multiply fractions to derive his pay. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P32 Ln. 5-17, P 35 Ln. 6-13, P. 90 Ln. 14-21, P. 91 Ln. 1-4, P. 92 Ln. 17-25, P. 93 Ln. 1-10, P. 116 Ln. 9-22, P. 120 Ln. 11-19, P. 194 Ln. 11-20, P. 205 Ln. 1-17, P. 351 Ln. 3-4

8. There was no mutual understanding of the fluctuating work week method or what the salary was intended to compensate, because the Plaintiff asked for clarification as to how many hours his salary was meant to compensate and never received clarification. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 90 Ln. 14-21, P. 91 Ln. 1-4, P. 103 Ln. 13-19, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 117 Ln. 1-14, P. 119 Ln. 10-17, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 172 Ln. 7-11, P. 270 Ln. 8-12, P. 284 Ln. 21-24, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24

9. Mr. De Jesus, the Plaintiff, never had an understanding of how his salary compensated him, or the FWW method, despite asking the company, and the individual Defendant, several times for clarification. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 121 Ln. 4-13, P. 128 Ln. 1-5, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 180 Ln. 14-20, P. 191 Ln. 10-18, P. 207 Ln. 3-9, P. 208 Ln. 13-20, P. 209 15-18, P. 210 Ln. 11-12, P. 270 Ln. 8-12, P. 284 Ln. 21-24, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24

10. There was no mutual agreement as to a straight-salary compensating any specific number of expected weekly hours. DEF P. 11 Ln. 21-25; PL P. 19 Ln. 4-16, P. 28 Ln. 12-16, P 35 Ln. 6-13, P. 85 Ln. 6-22, P32 Ln. 5-17, P. 90 Ln. 14-21, P. 91 Ln. 1-4, P. 103 Ln. 13-19, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 172 Ln. 7-11, P. 176 Ln. 7-12, P. 270 Ln. 8-12, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 342 Ln. 17-24

11. Plaintiff's salary was docked if he worked less than 40 hours after being on salary, for hours missed with permission of the company. PL P. P. 26 Ln. 1-4, P 152 Ln. 1-10, P. 216 Ln. 13-20, P. 217 Ln. 19-25, 218 Ln. 1-24.

12. While Plaintiff De Jesus did not agree to the salary, he was unable to be without work due to family obligations. PL P. 30 Ln. 2-9, P. 32 Ln. 5-17, P. 103 Ln. 13-19

13. An additional Per Diem rate applied to dates on which there were Boat Shows. DEF P. 13 Ln. 14-25, P. 14 Ln. 1.

14. About one-third of the days of the year there is a boat show to which the per-diem rate applies. DEF P. 13 Ln. 14-25, P. 14 Ln. 1-16 (even if working in the warehouse he received the per-diem payment).

15. Plaintiff did not even know he would be getting paid a salary, he simply started receiving paychecks that reflected he was salaried without notice. PL P. 19 Ln. 22-25, P. 20 Ln. 1-4, 9-25, P. 95 Ln. 2-15

16. After not receiving an explanation of how the FWW method worked, during the fist six months of being on salary, Plaintiff complained about inaccuracies in his paycheck to HR

Representatives of the Corporate Defendant, because he did not know how the FWW worked, and also did not get an explanation. PL P. 25 Ln. 12-22, P. 85 Ln. 6-22, P. 336 Ln. 1-9

17. Mr. DeJesus went to Gilbert Bobillo, his supervisor, and complained about not agreeing to the salary compensating him at a fixed amount regardless of the hours he worked per-week, and not understanding how his overtime was calculated. PL. P. 86 Ln. 1-12, P. 101 Ln. 18-25, P. 102 Ln. 1-18, P. 103 Ln. 13-19, P. 128 Ln. 1-5

18. Plaintiff De Jesus went to Individual Defendant Mr. Correra, over six months after he had been put on salary to complain that he was not getting paid overtime, which if paid on the FWW resulted from a lack of understanding same. He requested clarification from Mr. Correra several times. PL P. 32 Ln. 5-17, P. 85 Ln. 6-22, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 103 Ln. 13-19, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 128 Ln. 1-5, P. 135 Ln. 3-11, P. 284 Ln. 21-24, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 336 Ln. 1-9, P. 339 Ln. 1-20, P. 342 Ln. 17-24, P. 350 Ln. 2-13

19. Mr. De Jesus went to Individual Defendant Mr. Correra to complain about his pay on at least one occasion Mr. Correa can remember. DEF P. 11 Ln. 21-25; PL P. 32 Ln. 5-17, P. 85 Ln. 6-22

20. Mr. De Jesus, went to Individual Defendant Mr. Correa more than one time to ask about and complain about the FWW, and his lack of understanding and agreement. PL. P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 115 Ln. 8-18, P. 127 Ln. 7-25, P. 128 Ln. 1-5, P. 172 Ln. 7-11, 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24

21. The Defendants failed to add overtime on the Plaintiff's first salary check, meaning the FLSA was violated at least once, even if the FWW Method is found to apply, and

5

Plaintiff complained of same to Individual Defendant Robert Correa. PL P. 92 Ln. 17-25, P. 93 Ln. 1-10, P. 95 Ln. 2-15, P. 101 Ln. 18-25, P. 102 Ln. 1-18, P. 103 Ln. 13-19, P. 105 Ln. 21-25, P. 106 Ln. 1-11, P. 108 Ln. 6-14

22.     The Corporate Defendants do not have a formal human resources department. RS P. 4 Ln. 1-3

23.     Individual Defendant Robert Correa made decisions as to how the company compensated the Plaintiff, on his own. DEF P. 16 Ln 15-25

24.     Department Supervisors reported to Robert Correa the individual Defendant. PZ P. 39 Ln. 1-3

25.     Individual Defendant Robert Correa Controls budget allocations to supervisors. PZ P. 39 Ln. 16-20

26.     Individual Defendant Robert Correa manages Corporate Defendants entire operation with respect to the movement of freight, and equipment, and the complete build-out of the shows. Which involves detailed planning including scheduling every department and employee, controlling the work of approximately 255 employees. RC P. 3 Ln. 14-17, P. 4 Ln. 11-24, P. 34 Ln. 11-14

27.     Mr. Correa was the one who came up with the idea to put Plaintiff on the FWW, and has made the decision to put every employee on salary, who has been put on salary, since he was put in charge of operations. RC P. 7 Ln. 6-11, P. 8 Ln. 17-25, P. 9 Ln. 7-13

28.     Mr. Correa had control over the number of hours employees worked on boat shows, which were approximately one-third the days of the year. DEF P. 13 Ln. 14-25, P. 14 Ln. 1-16; RC P. 13 Ln. 8-19, P. 32 Ln. 14-22.

29.     Mr. Correa was Plaintiffs direct supervisor for between eight months and one year. RC P. 7 Ln. 19-22

30.     After Mr. Bobillo became Plaintiff's supervisor, Mr. Corea still supervised the Plaintiff's work every show, and show days were at least one-third of the year. RC P. 13 Ln. 18-24; DEF P. 13 Ln. 14-25, P. 14 Ln. 1-16

31.     No one that Plaintiff had contact with, meaning at the facility, outranked individual defendant Mr. Correa, the Individual Defendant. Mr. Correa supervised all of the department heads. RC P. 14 Ln. 1-3; DG P. 6 Ln. 22-24

32.     After Plaintiff was salaried he never worked under forty hours in a week. RC P. 16 Ln. 20-24 (except where docket for fewer hours as above noted in 11).e

33.     Mr. Correa, the Individual Defendant, promoted Mr. Bobillo, the Plaintiff's supervisor when not being supervised by Mr. Correa, to the position of supervisor. RC P. 18 Ln. 25, P. 19 Ln. 1-2.

34.     Mr. Correa's decisions about putting employees on salary has only been overruled by the board once or twice. RC P. 30 Ln. 13-18

35.     Mr. Bobillo, (Plaintiff's supervisor when not reporting to Mr. Correa), reports to individual Defendant Robert Correa. GB P. 5 Ln. 14-16

36. Plaintiff's supervisor (when not Mr. Correa), Mr. Bobillo does not know who is in charge of Human Resources, and explains they are located off-site from where the warehouse employees, including Plaintiff, work. GB P. 10 Ln. 7-14

37. Most of the time Plaintiff was working Mr. Correa was overseeing matters at the facility where Plaintiff worked and was not at the corporate warehouse. PL P. 68 Ln. 14-23

38. The Boat Show Season is nine months long, but there is no real off-season because there are shows in between the end of boat show season in May, and the beginning of boat show season in September. DH P. 6 ln. 22-24.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

By: /s/ Allyson Morgado
Allyson Morgado, Esq.
Amorgado.jhzidell@gmail.com
Florida Bar Number: 91506

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 19, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141

Tel: (305) 865-6766  
Fax: (305) 865-7167  
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin  
Joshua H. Sheskin, Esq.  
Jsheskin.jhzidellpa@gmail.com  
Florida Bar Number: 93028

By: /s/ Allyson Morgado  
Allyson Morgado, Esq.  
Amorgado.jhzidell@gmail.com  
Florida Bar Number: 91506