# EXHIBIT A

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10095
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-20776-RNS

DANILO LOPEZ GARCIA,

           Plaintiff - Appellant,

versus

YACHTING PROMOTIONS, INC.,

           Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 27, 2016)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

    Plaintiff Danilo Lopez Garcia appeals the grant of summary judgment in favor of defendant Yachting Promotions, Inc. dismissing his claim that Yachting

Promotions failed to pay him overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  After careful review, we affirm.

In his complaint, Garcia alleged that despite the fact that he worked more than 40 hours in each week he was employed by Yachting Promotions, he was not appropriately compensated for his overtime work.  Yachting Promotions argued that Garcia was not entitled to the time-and-a-half overtime pay otherwise mandated by the FLSA because he had agreed to be paid according to the fluctuating workweek method.  Indeed, on March 2, 2007, Garcia signed a form that read as follows:

> This will confirm that beginning on March 2nd the Company will continue to pay your weekly base salary for all hours worked in a workweek.  You understand that your weekly hours will fluctuate and that this base salary will compensate you for any and all hours worked.  In order to reward you for those times when your supervisor approves work greater than 40 hours in any given workweek all eligible salaried non-exempt employees will begin receiving at least an additional half-time for those hours greater than 40 in a workweek.  To monitor this compensation program, the Company requires [you] to maintain the current practice of: (a) keeping a daily record of the number of hours worked and submitting it to your corresponding office's record keeper; and (b) having received authorization from your supervisor before working more than 40 hours in any given workweek.
>
> This salary method of payment may be changed or modified as deemed appropriate by the Company.  If you have any questions regarding this feel free to contact me.

2

I have read and understand the above.

Moreover, Garcia acknowledged in his deposition that he understood he was paid on a salary basis, so that he received $779.48 of base pay each week. But Garcia, a native Spanish speaker, argues that he did not understand the document he signed and only did so because he was told that he had to in order to keep his job. He also asked his supervisors on multiple occasions how his pay was calculated, but never received a clear answer. The district court granted summary judgment in favor of Yachting Promotions, finding that Garcia had a clear understanding of how he was to be compensated.

We review de novo a district court's order granting summary judgment, taking all of the facts in the record and drawing all reasonable inferences in the light most favorable to the non-moving party. Rioux v. City of Atlanta, 520 F.3d 1269, 1274 (11th Cir. 2008); Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1300 (11th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Generally, the FLSA requires employers to pay an employee one and one-half times the employee's "regular rate" for all hours worked in excess of 40 hours. See 29 U.S.C. § 207(a)(1). The "regular rate" is the hourly rate at which the employer pays the employee for normal, non-overtime hours in a 40-hour workweek. See Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419 (1945). But FLSA implementing regulations provide for an alternative way to calculate the compensation of certain salaried employees: the fluctuating workweek method. See 29 C.F.R. § 778.114. The fluctuating workweek method of payment allows an employee whose hours fluctuate from week to week to be compensated at a fixed amount per week as straight-time pay irrespective of the number of hours worked, whether few or many. Id. Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one and one-half time rate because, in theory, the straight-time rate already includes compensation for all hours worked. Notably, the fluctuating workweek method is merely one way to meet the FLSA's overtime requirements -- it is not an exception to those requirements. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013). Thus, the employee bears the burden of proving that the employer failed to properly administer the payments. Id.

The Department of Labor's regulations permitting the fluctuating workweek to be implemented require that four criteria be met:

> (1) the employee clearly understands that the straight-salary covers whatever hours he or she is required to work;
>
> (2) the straight-salary is paid irrespective of whether the workweek is one in which a full schedule of hours are worked;
>
> (3) the straight-salary is sufficient to provide a pay-rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours worked is greatest; and
>
> (4) in addition to straight-salary, the employee is paid for all hours in excess of the statutory maximum at a rate not less than one-half the regular rate of pay.

See 29 C.F.R. § 778.114. The only point at issue here is the first prong, whether Garcia had a clear understanding of how he was to be paid.

The fluctuating workweek method of payment applies only if there is a clear mutual understanding of the parties that the fixed salary is compensation for however many hours the employee may work in a particular week, rather than for a fixed number of hours per week. See Clements v. Serco, Inc., 530 F.3d 1224, 1230 (10th Cir. 2008); see also Valerio v. Putnam Assocs. Inc., 173 F.3d 35, 39 (1st Cir. 1999) (same). One way that clear mutual understanding can be achieved directly is by employers working to educate their employees. See Samson v. Apollo Res., Inc., 242 F.3d 629, 637 (5th Cir. 2001). An employee does not have to understand every contour of how the fluctuating workweek method is used to calculate salary, so long as the employee understands that his base salary is fixed regardless of the

5

hours worked.  Clements, 530 F.3d at 1230; Samson, 242 F.3d at 636–37; Valerio, 173 F.3d at 40.  Crucially, the employee must "clearly understand[] that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked."  29 C.F.R. § 778.114(c).  As the Fourth Circuit has explained, "the existence of a clear mutual understanding under § 778.114 can be based on the implied terms of one's employment agreement if it is clear from the employee's actions that he or she understood the payment plan in spite of after-the-fact verbal contentions otherwise."  Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1281 (4th Cir. 1996).

Here, there is no genuine dispute of material fact that Garcia had a clear understanding that his base salary remained the same regardless of how many hours he worked, be it over or under 40 hours a week.  For starters, the memorandum he signed regarding Yachting Promotions' adoption of the fluctuating workweek method of calculating his pay provided that "the Company will continue to pay [his] weekly base salary for all hours worked in a workweek" and that he understood that "[his] weekly hours will fluctuate and that this base salary will compensate [him] for any and all hours worked."  (Emphasis added).  But even if we assume that Garcia did not comprehend English well enough to understand the memorandum, it is clear from the record that Garcia understood that

6

the fluctuating method would be used. In his deposition, Garcia admitted that during the relevant time period, he was not paid on an hourly basis, but was paid "by [a] salary" of $779.84 per week. Moreover, Garcia submitted evidence indicating that as early as 2006, one supervisor had explained to him that he was a "salary employee who did receive overtime," and another instructed that he be told that he was "a salary employee" and was paid a "weekly salary."

As for Garcia's claim that his supervisors gave confusing answers to his questions about how his overtime pay was calculated, we are unpersuaded. As many courts have said, an employee does not have to understand every contour of how the fluctuating workweek method is used to calculate salary, so long as the employee understands that his base salary is fixed regardless of the hours worked. Clements, 530 F.3d at 1230; Samson, 242 F.3d at 636–37; Valerio, 173 F.3d at 40. Garcia has put forth no evidence that he did not understand what the term "salary" meant, nor is there anything in the record to suggest that he did not understand that his salary would be paid even if he worked less than the "full schedule of hours" for the week. Thus, we cannot say that there is any dispute of fact about whether Garcia clearly understood that the fluctuating workweek method applied to him. Accordingly, because no other issues are in dispute, we affirm the district court's decision granting summary judgment in favor of Yachting Promotions.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 27, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-10095-BB
Case Style: Danilo Garcia v. Yachting Promotions, Inc.
District Court Docket No: 1:15-cv-20776-RNS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs