UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                      )
                Plaintiff, )
   vs. )
                                                      )
YACHTING PROMOTIONS, INC., )
ROBERT COREAS, )
                                                      )
              Defendants. )
_____ )

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR FINAL SUMMARY JUDGMENT [DE 74]**

Plaintiff, by and through Undersigned Counsel, hereby answers in opposition to DE 74, Defendants Motion for Final Summary Judgment, and states as follows in opposition to Defendant's Motion;

**MEMORANDUM OF LAW**

    **I: Plaintiff Re-Adopts All Arguments, Facts and Contentions of DE 72 & 73 in Response and Opposition to DE 74**

Plaintiff filed his own Motion for Partial Summary Judgment [DE 72], and an accompanying Statement of Material Facts [DE 73] with said motion. The Plaintiff reasserts all arguments set forth therein, and material facts asserted therein, in opposition to Defendants Motion for Final Summary Judgment [DE 74], as if fully set forth herein.

    **II: Summary Judgment Standard**

1

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

As Held by The Supreme Court,

> "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The moving party has the burden to prove that there is no genuine issue of material fact to be determined by the trier of fact.

> "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."

*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See, Matsushita Electric*

*Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**III: The Four Criteria Necessary for the Proper Implementation of the Fluctuating Work Week Method**

The four criteria under 29 C.F.R. § 778.114, for the proper implementation of the Fluctuating Work Week Method (hereinafter, "FWW") are: (1) the employer and the employee must mutually understand that the straight salary is intended to compensate whatever hours the employee must work in a week; (2) whether the week is under or over the hours that the employee is expected to work, the straight-salary is paid; (3) the straight-salary in the week with the most hours comes out to more than the applicable hourly minimum wage; and (4) the employee is paid at least one and one-half times the calculated hourly rate for every hour in excess of 40. *See.,* 29 C.F.R. §778.114, *Davis v. Friendly Express, Inc.,* 61 Fed. App'x 671 (11th Cir.2003); *Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993); *O'Brien v. Town of Agawam,* 350 F.3d 279, 288 (1st Cir.2003); *Griffin v. Wake County,* 142 F.3d 712, 716 (4th Cir.1998); *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *4 (S.D. Fla. Oct. 12, 2012); *West v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314, at *11 (M.D. Fla. Jan. 21, 2011); *Scott v. OTS Inc.*, No. CIV.A.1:02CV1950-AJB, 2006 WL 870369, at *8 (N.D. Ga. Mar. 31, 2006), & *Willoughby v. Youth Villages, Inc.*, 113 F. Supp. 3d 1265, 1272–73 (N.D. Ga. 2015).

The problem with the Defendants' argument for summary judgement is that it assumes that Plaintiff concedes he was paid a salary, that salary was a fixed rate for however many hours the Plaintiff was required to work, and the Plaintiff only challenges the mutual understanding requirement. However, the Plaintiff contests all three of those contentions: that there was a salary;

3

that the "salary" was paid regardless of whether the hours in the week were many or few; and that there was a mutual understanding that said "salary" was remuneration for whatever hours were required in the week. The latter mainly because the "salary" was not paid when the hours Plaintiff worked in a week were fewer than forty. *See, infra.*

**Hence, *Garcia v. Yachting Promotions, Inc.*, 2015 WL 12533144, at \*2 (S.D. Fla. Dec. 8, 2015), *Davis v. Friendly Express, Inc.*, 2003 WL 21488682 (11th Cir. Feb.6, 2003), and its progeny, and *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299 (11th Cir. 2013), are distinguishable.** These cases are cited by Defendants only for argument that Plaintiff understood the "straight salary," while Plaintiff argues there was no "straight salary." By default, the Plaintiff could not have a mutual understanding of non-existent salary. **The argument herein is that there was no salary to understand, which is distinguishable from <u>Garcia</u>, <u>Lamonica</u>, <u>Davis</u>, and the progeny of <u>Davis</u>, which all assumed there was a salary to have a mutual understanding about.** *See, infra and supra.*

### IV: Plaintiff Was Not Paid a Straight Salary

To properly implement the Fluctuating Work Week Method the employee must understand that the fixed salary will serve to compensate the employee for all hours worked in a workweek, be they many or few. *See, Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207 (5th Cir. 1976); *Flood v. New Hanover Cty.*, 125 F.3d 249, 252 (4th Cir. 1997); *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at \*21 (N.D. Ala. Mar. 17, 2015); & *Scott v. OTS Inc.*, No. CIV.A.1:02CV1950-AJB, 2006 WL 870369, at \*8 (N.D. Ga. Mar. 31, 2006), *Davis v. Friendly Express, Inc.,* 2003 WL 21488682, \*1 (11th Cir. Feb.6, 2003) & *29 C.F.R. § 778.114*. An employee paid under The Fluctuating Work Week Method is paid the fixed salary

regardless of whether he works forty hours in a specific week, the salary is a guaranteed minimum compensation, referred to in *29 C.F.R. §778.114* as the "straight salary." *See, Id. See also, Teblum v. Eckerd Corp. of Florida*, No. 2:03-CV-495FTM33DNF, 2006 WL 1151816, at *1 (M.D. Fla. Apr. 28, 2006) & *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *4 (S.D. Fla. Oct. 12, 2012).

The Plaintiff did not receive a straight salary, because he did not receive the full salary for the weeks he worked under forty hours with the employers' permission.[1] *See,* Plaintiff's Answer to Defendants' Statement of Material Facts and in Opposition to Defendant's Motion for Final Summary Judgment (hereinafter, "PSOF") ℙ 3, 10, & 22. The few weeks Plaintiff worked less than forty hours, Plaintiff's "salary" was docked and, hence, there was no straight salary rate. *See,* PSOF ℙ 3, 10 & 22. Defendant's have cited Tenth Circuit precedent on which they rest the majority of their argument, *Clements v. Serco, Inc.*, 530 F.3d 1224, (10th Cir. 2008), the Court holds that the

---

[1] See, "Exhibit A." This motion was authored prior to Defendants' Response to the Plaintiff's Motion for Summary Judgment was filed. Upon filing, Defendants contend that DE 78-8 summarizes over twenty weeks when the Plaintiff did not work a full forty hours, and was not docked pay for same. Plaintiff's Counsel met with Plaintiff who explained that the time missed did result in the docking of his pay. While most of the time alleged missing was either not recorded properly because of a lack of recording equipment at boat shows, was paid time off, sick leave, vacation time, or otherwise explained in Plaintiff's Affidavit, if Plaintiff worked under forty hours in any given week he was docked paid vacation time and sick leave. *See,* Exhibit A, Plaintiff's Affidavit. "Exhibit A," gives extensive details on the missed hours and the way he was docked hours he would otherwise receive pay for, in the form of vacation time and sick leave. This docking of pay, through the docking of sick pay and vacation time, is subject to the same analysis as the weeks Plaintiff says he was docked pay for not working the full forty hours, because they are additional weeks he was docked for not working forty hours. Hence, DE 78-8, and the Defendant's assertion that there were several weeks that Plaintiff worked under forty hours, helps the Plaintiff's argument, because the Plaintiff was docked even more times than Plaintiff's Counsel originally argued in Plaintiff's Motion for Partial Summary Judgment. Under *Auer v. Robbins*, 519 U.S. 452 (1997), salaries are not subject to deduction. When salaries are deducted from, intentionally, they are no longer salaries. This is the case for both the times Mr. De Jesus did not receive the full salary, and when he was docked paid vacation time and sick leave.

5

FWW was complied with because the Plaintiffs were not docked salary for missing hours of work with the employers' permission.

> "The plaintiffs stated in deposition testimony that they were hired on a salaried basis and that they routinely worked more than forty hours a week. They were neither docked for working less than forty hours a week nor paid more when they worked more than forty hours a week. *See Mayhew v. Wells,* 125 F.3d 216, 218–19 (4th Cir.1997) (explaining employee was salaried where he was neither docked for running personal errands nor paid more when he worked ten extra hours a week)." I

*Id at* 1230–31.

In the instant case, the Plaintiff was docked pay for working less than forty hours per week, hence the FWW was the improper method of calculating Plaintiff's overtime per Defendants' cited precedent. *See,* PSOF ⁋ 3, 10 & 22, *infra, supra and Fn. 1*.

To properly implement the FWW, there must be a straight salary rate, paid for whatever hours are worked by the employee be they many or few, not over or under a fixed number. *See, id.* If under or over a fixed number of hours is required to earn the fixed rate compensation, then it is not fixed rate compensation, and, hence, not a salary. Requiring over a fixed number of hours to be worked to be paid fixed compensation makes one an hourly, and not a salaried, employee. Plaintiff's remuneration was inextricably related to him working a fixed number of hours, hence why his pay was docked when the employer allowed him to work under forty hours. *See,* PSOF ⁋ 3, 10 & 22. Plaintiff was an hourly employee.

The Plaintiff would not have been docked "salary" if he was paid a straight salary as defined by *29 C.F.R. §778.114*. On the occasions Plaintiff worked less than forty hours with permission of the Defendants; however, Plaintiff was docked pay more than once for having worked less than forty hours, when he was not docked pay he was docked paid vacation time, and sick leave on multiple occasions. *See, See,* PSOF ⁋ 3, 10 & 22, FN. 1, *id, & Adams v. Department*

6

*of Juvenile Justice City of New York*, 143 F.3d 61 (2ⁿᵈ 1998). Plaintiff's remuneration was clearly intended to be hourly compensation, rather than a guaranteed fixed rate, because he did not get the "salary" in the weeks he worked under forty hours or was docked paid vacation and sick leave on other occasions he worked under forty hours. *See,* PSOF ⁋ 3, 10 & 22; and FN. 1.

Hence, the first and second criteria, of *29 C.F.R. §778.114,* a mutual understanding of what the straight salary was intended to compensate, and the salary compensating whatever hours the employee works in a week whether many or few, were not met by Defendants' pay scheme. If there was no straight salary, then there could not have been a mutual understanding. Therefore, the FWW cannot be said to have been properly implemented by the Defendants as a matter of law.

**V: The Calculation of Plaintiff's Normal Hourly rate is Still at Issue**

The alleged "salary" was not valid, because Plaintiff was an hourly employee. If there was a salary, there is a material issue of fact as to how many hours it was meant to compensate. *See,* PSOF ⁋ 4, 9, 15,16, 17, 18, 19, 20, 21, 23, 27, 28, 29, 30, 31, 33, & 36.

Since the Plaintiff's "salary" was deducted from when he worked less than forty hours, the salary was intended for forty hours of work. *See,* PSOF ⁋ 3, 10 & 22. This argument is only strengthened by the fact that Plaintiff was docked several additional times for working less than forty hours, but was docked paid vacation and sick leave time, rather than the amount of salary on his paycheck. *See,* FN. 1. Hence, the Defendants used the wrong method to calculate Plaintiff's overtime. Defendants should have used the method in *29 C.F.R. §778.113(a)* rather than *29 C.F.R. §778.114*. The former changes the divisor of the "salary" to forty when establishing the regular rate, meaning Defendants are liable for underpayment of overtime hours. *29 C.F.R. §778.113(a)* is held by the Eleventh Circuit to be the "default method" for calculation of the regular rate for

7

weekly salaried employees. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013).

If there is any dispute that salary was intended to compensate forty hours, then it is a genuine issue of material fact to be decided by a jury. Hence, a jury must decide if the Defendants should have used *29 C.F.R. §778.113(a)*, to calculate the Plaintiff's regular rate, rather than *29 C.F.R. §778.114*. See, *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (Issue is genuine issue of material fact, preventing summary judgment, if a jury could return a verdict in favor of the non-moving party).

> **However, the fluctuating workweek method is not the only or even the default method for calculating damages when an employee is paid a weekly salary. In fact, it is conceptually subsumed within the broader rule that "[i]f the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a)**. We have previously deferred to this DOL interpretation of an employee's "regular rate" of pay under the FLSA. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 n. 5 (11th Cir.2008). **Consequently, "where the employee is paid solely on a weekly salary basis, the number of hours the employee's pay is intended to compensate—not necessarily the number of hours he actually works—is the divisor."** *Id.* **at 1269."**

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013). (Emphasis Added).

Given the factual question presented by docking of Plaintiff's pay in weeks he was permitted to work under forty hours, the Eleventh Circuit determined "default method" for calculation of the hourly rate for salaried employees, *29 C.F.R. §778.113(a)*, applies.

The FWW is "conceptually subsumed" by said default method in *29 C.F.R. §778.113(a)*. In the instant case, if there was a salary, it was clearly intended to be paid for no less than forty hours of work, which is why the FWW, in the instant action, is subsumed by *29 C.F.R.*

8

*§778.113(a).* Application of *29 C.F.R. §778.113(a)*, means that Defendants calculated Plaintiff's hourly rate improperly no matter what.

The Plaintiff was not paid a weekly salary at all, but was an hourly employee, because he was docked pay when he did not work forty hours. *See,* PSOF ¶ 3, 10 & 22; and FN. 1. The amount docked, divided by the hours under forty, is Plaintiff's regular hourly rate. Plaintiff was an hourly employee whose employer wrongly categorized him as salaried because it meant Defendants could pay Plaintiff less than legally required to. Plaintiff was only paid for the hours he worked, like an hourly employee.[2]

Hence, material facts to be decided by a jury are if the Plaintiff was truly receiving a salary; was Plaintiff an hourly employee; and, if he was receiving a salary, then what was Plaintiff's hourly rate under *29 C.F.R. §778.113(a)*.

**VI: This Case is Distinguishable from the Precedent Cited by Defendants**

The existence of a "straight salary" is dependent on the salary being paid for all hours worked in a week be they many or few. *See, Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207 (5th Cir. 1976); *Flood v. New Hanover Cty.*, 125 F.3d 249, 252 (4th Cir. 1997); *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *21 (N.D. Ala. Mar. 17, 2015); & *Scott v. OTS Inc.*, No. CIV.A.1:02CV1950-AJB, 2006 WL 870369, at *8 (N.D. Ga. Mar. 31, 2006); *Davis v. Friendly Express, Inc.*, 2003 WL 21488682 (11th Cir. Feb.6, 2003) & *29 C.F.R. § 778.114*.Which the facts of the instant case show was not what the defendants paid, because Plaintiff was not paid full salary when they permitted him to work under forty hours. Plaintiff did

---

[2] The Plaintiff did eventually receive a paid vacation, however, that does not preclude him from being an hourly employee, an hourly employee may receive paid vacation time.

not receive a "Salary" as the term is defined by *29 C.F.R. § 778.114*. *See,* PSOF ¶ 3, 10 & 22. Other times that Plaintiff worked under forty hours in a week he was docked paid vacation time and sick leave, meaning he had to make up the hours, taking his remuneration outside of the ambit of the definition of salary. *See, Auer v. Robbins*, 519 U.S. 452 (1997)

The Plaintiff was also not paid on a weekly salary basis for weeks in which he did work over forty hours. His alleged "salary" was mixed with fixed, non-discretionary per-diem bonuses on one-third of the days of the year. *See,* PSOF ¶ 25 & 26; & Exhibit A, Paragraph 19. An employee's salary is not presumed to be fixed, or presumed to be understood to be fixed, when the employee receives commissions and/or bonuses, both presumptions become jury questions. *See, West. v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314, at *11 (M.D. Fla. Jan. 21, 2011).

Hence, this case is immediately distinguishable from the facts at issue in *Garcia v. Yachting Promotions, Inc.*, 2015 WL 12533144 (S.D. Fla. Dec. 8, 2015), Davis, and the progeny of Davis, and Lamonica. Because West addressed the issue of how bonuses and other additional payments affect the application of the FWW, West is on point. The clear holding from West applies to the instant case; whether an employee receiving bonuses or commissions was receiving a straight salary and understood that the salary was intended to compensate the employee for every hour worked in any given work-week, are questions of material fact for a jury to determine. *See, West. v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314, at *11 (M.D. Fla. Jan. 21, 2011).

The fact that Garcia is so easily distinguishable, defeats the Defendants main argument for summary judgment. The Defendants' argument for summary judgment is further rendered specious by the fact that the precedent that the Defendants rely on, for the argument that the

Plaintiff's paystub was a "recurring lesson" in his salary, (*Valerio v. Putnam Associates Inc.*, 173 F.3d 35 (1st Cir. 1999), *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008), and their progeny including Davis), are easily distinguishable. *See, infra and supra.* In fact, as illuminated infra and supra, Clements, holds that the employee's ability to work under forty hours and not be docked pay is determinative of whether the FWW can be used to pay said employee.

The issue of understanding his salary is irrelevant since Plaintiff could not understand a salary he did not receive. If the Court disagrees, the Plaintiff still was not "taught a lesson" by his paychecks/paystubs a central argument made by the Defendants. *See*, PSOF ⁋ 18.

The per-diem premium rate makes the Defendants arguments and precedent distinguishable. *See, West. v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314, at *11 (M.D. Fla. Jan. 21, 2011). The per-diem rate was paid on boat show days, because of the prime nature of those hours. *See,* PSOF ⁋ 25 & 26. The payment of bonuses was not argued, nor factually at issue, in Valerio, Clements, and Davis. This factor was not at all at issue in the Defendants supplemental authority D.E. 75, the appellate decision in Garcia, which had a clearly distinguishable factual record. The per-diem rate was not paid separately on the Plaintiff's paystubs, destroying most reasonable possibilities for the Plaintiff, who dropped out of school in the ninth grade, to backward calculate his way into knowledge of the FWW.

The per-diem rate counts as a special premium overtime rate under the FLSA. While the employer could claim credit for the per-diem rate towards overtime owed to the Plaintiff, the per-diem amount does not need to count toward the calculation of the straight time rate. *See, Wheeler v. Hampton Tp.*, 399 F.3d 238, 245 (3rd Cir. 2005). Hence, for the Plaintiff to understand whether the "salary" was intended to compensate all hours worked or all hours worked outside of boat show days, along with whether the per-diem counts towards the regular rate or as an additional

11

"salary," would need to be conveyed to Plaintiff by the Defendants. Defendants could not have done so. In deposition, the Defendants did not understand the FWW, or how they applied the FWW to Plaintiff. *See,* PSOF ¶ 15.

The inapplicability of the FWW is apparent because the Defendants did not understand how they paid the Plaintiff. *See,* PSOF ¶ 15. The Defendants did not understand how they paid the Plaintiff, so even if Plaintiff understood, logically there could not have been a mutual understanding. *See,* PSOF ¶ 15. In this case, there was a lack of understanding on behalf of all parties, which distinguishes this case from all cases cited by the Defendants. None of those cases involved a defendant who did not know how it paid the plaintiff. A jury should find that the additional per-diem rate made it impossible for the Plaintiff to determine what his compensation was for. Hence, two factual question remain; one was there a salary and two that the Defendants lacked mutual understanding.

Plaintiff, who dropped out of school in the ninth grade, could not have looked at his paycheck, which did not specify hours worked, hourly rate, overtime rate, and bonus pay (per-diem), and receive the regular lesson in the FWW. No such lesson can be taught when even the Defendants do not understand the FWW.

When paychecks/stubs, such as the ones in the instant case, do not contain the details from which the employee can "learn" which compensation counts as remuneration for which hours worked, courts have held these are questions of fact for the jury. *See,* PSOF ¶ 18. Basically, without a paystub that labels the compensation paid, and what is was paid for, there is no regular "lesson" learned in the FWW from the pay stubs, because the information is not there. *See,* PSOF 18 & *infra.*

*Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *5 (S.D. Fla. Oct. 12, 2012), is analogous and instructive as to why precedent, like Davis, holding that the paystubs are a "regular lesson" in the FWW does not apply to cases where the paystubs lack information from which "the lesson" may be learned.

> "In *Davis,* the Eleventh Circuit affirmed summary judgment to the employer even though the plaintiffs maintained that no clear and mutual understanding existed about how they were paid. *Davis,* 2003 WL 21488682, at *2. Despite plaintiffs' asserted confusion, the Eleventh Circuit agreed with the district court's assessment that they "received a regular lesson—in the form of their paychecks—about how the fluctuating workweek plan operates," because their "pay stubs showed a base amount of pay and the number of hours worked[.]" *See id.* (citations omitted). In this case, by contrast, Lewis's paystubs did not contain the same information—they did not show the number of hours worked or the base amount of pay. While the Court recognizes that an FLSA plaintiff need not understand all the details and contours of how his pay is calculated, Lewis's paystubs did not contain the same level of information as in *Davis.* As such, the Court cannot say that Lewis's paystubs taught her the same "lesson.""

*Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *5 (S.D. Fla. Oct. 12, 2012).

**VII: Plaintiff's Failure to Agree to the FWW is Determinative, While His Failure to Quit his Job is Not.**

Defense Counsel is enamored with the idea that the Plaintiff accepted the FWW, and agreed to it, because he continued to work despite complaining that he was paid improperly. In fact, Defense Counsel spent over an hour of the deposition trying to get the Plaintiff to admit that he agreed that he was working a fluctuating number of hours for a fixed salary, because Plaintiff did not quit his job with the Defendants. Plaintiff retorted, consistently, that he could not simply quit and stop earning money because he had children to support. *See,* PSOF 24.

In *Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013), the Fifth Circuit was faced with a similar argument: namely, that the conduct of showing up for work and accepting the paycheck

13

evidences agreement and understanding of the FWW. In the instant case, like in Black, the Plaintiff complained to numerous persons about a lack of understanding regarding his check, and a lack of agreement to be compensated as he was. In Black these complaints and questions led the 5th Circuit to determine that the FWW Method could not been complied with (and hence a proper measure of damages),³ because the parties did not agree to the fixed salary. Furthermore, the Court held that the failure of the Black Plaintiff to quit her job, did not render the Black Plaintiff's objections and complaints any less valid, holding that failure to quit one's employment does not evidence agreement or understanding regarding compensation. *See, Id.*

Consent of both parties to the established regular rate is required. When such agreements either do not take place, or circumvent the intent of the FLSA to require a premium for overtime that rewards the worker for working more than forty hours, and encourages the employer to spread the labor amongst more laborers, the regular rate established by the salary is a sham. As a sham, these agreements are invalid under the FLSA, regardless of whether they comply with statutory requirements. See. *Walling v. Payne*, Inc., 323 U.S. 37, 42 (1944) & *Adams v. Department of Juvenile Justice of City of New York*, 143 F.3d 61 (2nd Cir. 1998). In this case, the sham is apparent from the evidence. The Defendants compensated the Plaintiff, but they could not explain how they compensated Plaintiff, when Plaintiff asked them multiple times, nor during their depositions. *See,*

---

³ As will be addressed in the Reply to DE 78, the Plaintiff does not confuse cases in which the FWW's application was challenged, and cases where the FWW was used as a measure of damages. If such was the case then Defendants would be guilty of the same offense in their own use of precedent. The reason why cases using the FWW as a damage calculation are instructive, is because the FWW's requirements must be fulfilled for the Court to use the FWW as a damage calculation. Hence, a decision as to whether the FWW is a proper measure of damages, depends on whether the Court determines that the FWW's implementation requirements were met, which is the same analysis as a decision regarding whether the Defendants are entitled to summary judgment for having used the FWW Method. In both types of precedent, the relevant question for the court is whether the Defendant complied with all requirements for implementing the FWW.

PSOF ⁋ 4, 9, 15,16, 17, 18, 19, 20, 21, 23, 27, 28, 29, 30, 31, 33, & 36. Imposing on an employee a system in which the more they work the less they are paid by the hour for it, is a sham under the facts of this case.

### VIII: If The FWW was properly Implemented, Defendants' Improper Purpose for Implementing the FWW, Renders the FWW's Use Invalid

In *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, (N.D. Ala. Mar. 17, 2015), the court clearly articulates that the purpose of the Fluctuating Work Week Method, is to benefit the employer and employee, in seasonal labor types of situations. Meaning the FWW is justified because sometimes it benefits the employer in saving on overtime costs, and other times it benefits the employee by guaranteeing the employee a salary when forty hours of work are not available. Hence, the Fluctuating Work Week Method benefits the employee when there is not enough work for full time employment by a guaranteed minimum salary. The employer benefits when the work fluctuates and requires extraordinary hours, because the employer gets a discount for having provided the employee a reliable income when there was not enough work.

The Ziegler Court concludes that when all weeks involve overtime, and the employee does not get the benefit of a salary when work is not otherwise available, the FWW does not apply and the employee is simply working normal overtime at the wrong overtime rate. Plaintiff clearly testified that there were no weeks in which he could not have worked forty hours, save the few that Defendant was closed and he was not compensated for at least one of about three weeks, or in which he did not work forty hours referenced supra and was docked pay. *See,* PSOF; and FN. 1. Hence, the underlying justification for the FWW, discussed in Ziegler, does not apply to the instant case. The FWW should not have been used to pay Plaintiff at all. The Zeigler Court's conclusion on the matter can only be fully appreciated by quoting same.

15

> "The court also notes that the work hours in the instant case are not in the same category as those in *Missel* and other cases applying the fluctuating workweek method, such as *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299 (11th Cir.2013) and *Saxton v. Young,* 479 F.Supp.2d 1243 (N. D.Ala.2007). In those cases, the jobs were seasonal, requiring long hours well over 40 some weeks and then hours well under 40 during lulls. That situation is very different from the instant case where Steele acknowledges intending the Zielgers to work office hours of 8:00 AM to 4:00 PM every week; the only variable was how much *additional hours* they would work after hours and on-call. The Manager job at Tower included no lulls, just weeks with 35–40–hour weeks, if the Managers could fit all their duties into those hours, alternating with weeks when on-call was *added to* the normal workweek. Tower would like to describe these hours as "fluctuating," but the more accurate description is "overtime.""

*Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *22 (N.D. Ala. Mar. 17, 2015) (Emphasis Original).

Furthermore, in interpreting *Madison Ave. Corp. v. Asselta*, 331 U.S. 795 (1947), the Second Circuit in *Adams v. Department of Juvenile Justice City of New York*, 143 F.3d 61 (2nd 1998), remanded the case back to the district court for a determination as to whether a salary arrangement was a sham to get around the purposes of the FLSA, which would invalidate same. A payment arrangement meant to circumvent the FLSA's goals and purposes is invalid, or a "sham" as the Adams Court labeled same. *See, Id; Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37 (1944); *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199 (1947) & *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *22 (N.D. Ala. Mar. 17, 2015).

In Adams, whether the salary was a sham was held to depend on the existence, or non-existence, of a policy docking salaried employees for taking time off with employer approval. In Adams, significant questions existed as to whether the policy of docking employees existed, and whether an employee was ever docked, which the Court remanded to the district court to determine. The Circuit Court in Adams held that if the district court found that there was a pro-

rata docking policy for approved absence from work (missed with employer approval), then the salary arrangement was a sham to get around the FLSA, and, hence, not enforceable. *See, Id.* In the instant case, such policy existed, and affected the Plaintiff on multiple occasions. *See,* PSOF ¶ 3, 10 & 22; and FN. 1. As would have been held if same were true in Adams, Defendants labeling an amount as a salary, but docking Plaintiff for working under forty hours with employer approval, and then using that "salary" to calculate overtime, was intrinsically invalid under the FLSA.

Courts have consistently ruled that if a salary agreement, written or otherwise, is intended to circumvent the goals of the FLSA then it is invalid. The goals of the FLSA being that employers spread the work amongst more laborers, and that laborers working over forty hours receive an appreciable premium. *See, Adams v. Department of Juvenile Justice City of New York*, 143 F.3d 61 (2nd 1998) & *Madison Ave. Corp. v. Asselta*, 331 U.S. 795 (1947). There would be no purpose to the FLSA if employers could avoid paying the overtime premiums that are calculated to motivate employers to distribute work to more employees, at the expense of the employees who should receive an appreciable benefit to working over forty hours. *See, Id.*

In the instant action, the intent of the employer could not have been clearer. The Plaintiff testified at his deposition that, despite working significantly increased numbers of hours per-week, he was paid almost identically to when he worked significantly fewer. *See*, Exhibit A, paragraph 16. Using the FWW, incorrectly as it may have been applied, was an attempted end run around the FLSA that would render its protections meaningless.

The Defendants' use of the FWW was invalid because the intention was to undermine the goals of the FLSA. The justification for the fluctuating work week, does not apply because there was more than enough work to employ the Plaintiff for well over forty hours per-week. The Plaintiff should have been paid overtime, like an hourly employee, because the only purpose of

labeling him salaried was to avoid paying him a reasonable overtime rate. Hence, the FWW is prima facia inapplicable to the facts of the case at bar.

### IX: Individual Liability

The arguments that the Court should consider in analyzing whether a jury could find the individual defendant liable for the FLSA violation, are the Plaintiff's arguments moving for Summary Judgment that the Individual Defendant was liable [DE 72], which are adopted and incorporated as if fully set forth herein.

**WHEREFORE;** Plaintiff, by and through Undersigned Counsel, hereby answers in opposition to DE 74, Defendants Motion for Final Summary Judgment.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 14, 2016.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiff*
>
> By: /s/ Joshua Sheskin
> Joshua H. Sheskin, Esq.
> Jsheskin.jhzidellpa@gmail.com
> Florida Bar Number: 93028