UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-24308-JAL

JOSEPH LUIS DE JESUS JR and all others )
similarly situated under 29 U.S.C. 216(b), )
)
              Plaintiff, )
  vs. )
)
YACHTING PROMOTIONS, INC., )
ROBERT COREAS, )
)
             Defendants. )
_____ )

**PLAINTIFF'S ANSWER TO DEFENDANTS STATEMENT OF MATERIAL FACTS AND STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS MOTION FOR FINAL SUMMARY JUDGMENT**

      Plaintiff, by and through Undersigned Counsel, and pursuant to Fed.R.Civ.Pro. 56, and SDLR 7.5, files his response to the Defendants Statement of Undisputed Material Facts DE 74, and responds to the Defendant's Statement of Undisputed Material Facts as follows:

PL is Plaintiff's Deposition (Joseph Luis De Jesus Jr.)

DEF is Corporate Defendant's Deposition

RC is Individual Defendant's Deposition (Robert Correa)

GB is Gilberto Bobillo's Deposition

DH is Denise Hegeman's Deposition

PZ is Paul Zack's Deposition

DG is Dane Graziano's Deposition

RS is Ricardo Strul's Deposition

1

## **SPECIFIC REPLIES TO DEFENDANTS STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Admitted

2. Admitted, except that said salaried position was not a promotion but a way to avoid paying Plaintiff his proper overtime amounts. *See,* Plaintiff's Response to Defendant's Motion for Final Summary Judgment.

3. Denied. Plaintiff's alleged "salary" was docked if he worked less than forty hours with the permission of Defendants, hence Plaintiff was not paid a fixed weekly salary after having been "promoted." PL P. P. 26 Ln. 1-4, P 152 Ln. 1-10, P. 216 Ln. 13-20, P. 217 Ln. 19-25, 218 Ln. 1-24. Furthermore, Plaintiff was paid a per-diem bonus rate that vitiates Defendants' claim to have paid Plaintiff a fixed salary. DEF P. 13 Ln. 14-25, P. 14 Ln. 1. *See,* Plaintiff's Response to Defendant's Motion for Final Summary Judgment.

4. The Defendants had no knowledge of how they paid the Plaintiff because neither the Rule 30.6(b) corporate representative speaking on behalf of the Corporate Defendant, nor the Individual Defendant could testify as to how Plaintiff was paid. DEF P. 8 Ln. 22-25, P. 9 Ln. 1-17.

5. Admitted.

6. Admitted, when Plaintiff worked less than 40 hours his salary was docked for having worked less than 40 hours. PL P. P. 26 Ln. 1-4, P 152 Ln. 1-10, P. 216 Ln. 13-20, P. 217 Ln. 19-25, 218 Ln. 1-24.

7. Admitted.

8. Admitted

9. Denied. Plaintiff did not share a mutual understanding, nor only inquired about his pay because he lost his government benefits, and Plaintiff continuously asked for an explanation, up to and including the week of before his termination, and was never given one. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 121 Ln. 4-13, P. 128 Ln. 1-5, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 180 Ln. 14-20, P. 191 Ln. 10-18, P. 207 Ln. 3-9, P. 208 Ln. 13-20, P. 209 15-18, P. 210 Ln. 11-12, P. 270 Ln. 8-12, P. 284 Ln. 21-24, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24.

10. Denied. The Fluctuating Work Week Method would have required Plaintiff to have been paid a straight salary regardless of whether he worked over or under forty hours, when Plaintiff did not work forty hours, he was not paid the salary, and hence was not compensated in accordance with the Fluctuating Work Week Method. PL P. P. 26 Ln. 1-4, P 152 Ln. 1-10, P. 216 Ln. 13-20, P. 217 Ln. 19-25, 218 Ln. 1-24. Furthermore, Plaintiff was paid a per-diem bonus rate that vitiates Defendants' claim to have paid Plaintiff a fixed salary. DEF P. 13 Ln. 14-25, P. 14 Ln. 1. Without a fixed salary the Plaintiff could not have been compensated in accordance with the Fluctuating Work Week Method. *See,* Plaintiff's Response to Defendant's Motion for Final Summary Judgment.

11. Admitted. However, Mr. Correa was the one who came up with the idea to put Plaintiff on the FWW, and has made the decision to put every employee on salary, who has been put on salary, since he was put in charge of operations. RC P. 7 Ln. 6-11, P. 8 Ln. 17-25, P. 9 Ln. 7-13. Mr. Correa's decisions about putting employees on salary has only been overruled by the board once

or twice. RC P. 30 Ln. 13-18. Mr. Correa had control over the number of hours employees worked on boat shows, which were approximately one-third the days of the year. DEF P. 13 Ln. 14-25, P. 14 Ln. 1-16; RC P. 13 Ln. 8-19, P. 32 Ln. 14-22. Mr. Correa was Plaintiffs direct supervisor for between eight months and one year. RC P. 7 Ln. 19-22. Mr. Bobillo, (Plaintiff's supervisor when not reporting to Mr. Correa), reports to individual Defendant Robert Correa. GB P. 5 Ln. 14-16. No one that Plaintiff had contact with, meaning at the facility, outranked individual defendant Mr. Correa, the Individual Defendant. Mr. Correa supervised all department heads. RC P. 14 Ln. 1-3; DG P. 6 Ln. 22-24. Most of the time Plaintiff was working Mr. Correa was overseeing matters at the facility where Plaintiff worked and was not at the corporate warehouse. PL P. 68 Ln. 14-23. Individual Defendant Robert Correa manages Corporate Defendants entire operation with respect to the movement of freight, and equipment, and the complete build-out of the shows. Which involves detailed planning including scheduling every department and employee, controlling the work of approximately 255 employees. RC P. 3 Ln. 14-17, P. 4 Ln. 11-24, P. 34 Ln. 11-14

12. Admitted. However, Mr. Correa was the one who came up with the idea to put Plaintiff on the FWW, and has made the decision to put every employee on salary, who has been put on salary, since he was put in charge of operations. RC P. 7 Ln. 6-11, P. 8 Ln. 17-25, P. 9 Ln. 7-13. Mr. Correa's decisions about putting employees on salary has only been overruled by the board once or twice. RC P. 30 Ln. 13-18. Mr. Correa had control over the number of hours employees worked on boat shows, which were approximately one-third the days of the year. DEF P. 13 Ln. 14-25, P. 14 Ln. 1-16; RC P. 13 Ln. 8-19, P. 32 Ln. 14-22. Mr. Correa was Plaintiffs direct supervisor for between eight months and one year. RC P. 7 Ln. 19-22. Mr. Bobillo, (Plaintiff's supervisor when not reporting to Mr. Correa), reports to individual Defendant Robert Correa. GB P. 5 Ln. 14-16. No one that Plaintiff had contact with, meaning at the facility, outranked individual defendant Mr.

Correa, the Individual Defendant. Mr. Correa supervised all department heads. RC P. 14 Ln. 1-3; DG P. 6 Ln. 22-24. Most of the time Plaintiff was working Mr. Correa was overseeing matters at the facility where Plaintiff worked and was not at the corporate warehouse. PL P. 68 Ln. 14-23. Individual Defendant Robert Correa manages Corporate Defendants entire operation with respect to the movement of freight, and equipment, and the complete build-out of the shows. Which involves detailed planning including scheduling every department and employee, controlling the work of approximately 255 employees. RC P. 3 Ln. 14-17, P. 4 Ln. 11-24, P. 34 Ln. 11-14

13. Admitted, as to official title, denied that this has any meaning because Mr. Correa had operational control, and control over whether the FLSA was complied with in relation to Plaintiff. *See, supra.*

14. Denied. Individual Defendant Robert Correa made decisions as to how the company compensated the Plaintiff, after the Plaintiff complained about the FWW, without the Board of Directors. DEF P. 16 Ln 15-25.

**PLAINTIFFS' OWN MATERIAL FACTS IN OPPOSITION TO DEFENDANTS MOTION FOR FINAL SUMMARY JUDGMENT**

15. The Corporate Representative in the 30.6(b) deposition, who is also the Individual Defendant, did not know how the Fluctuating Work Week Method worked, nor, therefore, how Defendants paid Plaintiff. DEF P. 8 Ln. 22-25, P. 9 Ln. 1-17

16. Plaintiff was never aware he was paid on the FWW Method. PL P. 114 Ln. 2-4

17. Plaintiff never signed a form that other employees signed when put on salary, which acknowledged the employee's understanding and agreement to the FWW. The signed agreement was supposed to be provided to Plaintiff with a packet of information that describes the FWW, and gives examples of pay calculations, however Plaintiff did not receive this packet. DEF P. 11 Ln. 4-13; RC P. 9 Ln. 18-25, P. 10 Ln. 1-2.; RS P. 4 Ln. 11-25, P. 5 Ln. 1-10, PL P. 205 Ln. 1-17, P. 264 Ln. 17-21, P. 270 Ln. 8-12, P. 284 Ln. 21-24, P. 286 Ln. 2-6, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20

18. Plaintiff De Jesus did not receive a paycheck that enumerated hours and amounts from which he could have backward calculated the FWW Method, especially since he did not know the way the FWW method worked, despite inquiry. Plaintiff's paycheck lacked the details necessary for him to glean how he was paid, and what he was being paid per hour. Further, despite request for same, Plaintiff never received the table or materials that would explain same. Had he received them he would not have known how to multiply fractions to derive his pay. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P32 Ln. 5-17, P 35 Ln. 6-13, P. 90 Ln. 14-21, P. 91 Ln. 1-4, P. 92 Ln. 17-25, P. 93 Ln. 1-10, P. 116 Ln. 9-22, P. 120 Ln. 11-19, P. 194 Ln. 11-20, P. 205 Ln. 1-17, P. 351 Ln. 3-4

19. There was no mutual understanding of the fluctuating work week method or what the salary was intended to compensate, because the Plaintiff asked for clarification as to how many hours his salary was meant to compensate and never received clarification. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 90 Ln. 14-21, P. 91 Ln. 1-4, P. 103 Ln. 13-19, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 117 Ln. 1-14, P. 119 Ln. 10-17, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 172 Ln. 7-11, P. 270 Ln.

8-12, P. 284 Ln. 21-24, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24

20. Mr. De Jesus, the Plaintiff, never had an understanding of how his salary compensated him, or the FWW method, despite asking the company, and the individual Defendant, several times for clarification up until the week before his termination. PL P. 19 Ln. 4-25, P. 20 L. 1-4, P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 121 Ln. 4-13, P. 128 Ln. 1-5, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 180 Ln. 14-20, P. 191 Ln. 10-18, P. 207 Ln. 3-9, P. 208 Ln. 13-20, P. 209 15-18, P. 210 Ln. 11-12, P. 270 Ln. 8-12, P. 284 Ln. 21-24, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24

21. There was no mutual agreement as to a straight-salary compensating any specific number of expected weekly hours. DEF P. 11 Ln. 21-25; PL P. 19 Ln. 4-16, P. 28 Ln. 12-16, P 35 Ln. 6-13, P. 85 Ln. 6-22, P32 Ln. 5-17, P. 90 Ln. 14-21, P. 91 Ln. 1-4, P. 103 Ln. 13-19, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 116 Ln. 9-22, P. 135 Ln. 3-11, P. 140 Ln. 3-11, P. 172 Ln. 7-11, P. 176 Ln. 7-12, P. 270 Ln. 8-12, P. 321 Ln. 20-25, P. 322 Ln. 1, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 342 Ln. 17-24

22. Plaintiff's salary was docked if he worked less than 40 hours after being on salary, for hours missed with permission of the company. PL P. P. 26 Ln. 1-4, P 152 Ln. 1-10, P. 216 Ln. 13-20, P. 217 Ln. 19-25, 218 Ln. 1-24.

23. Plaintiff did not even know he would be getting paid a salary, he simply started receiving paychecks that reflected he was salaried without notice. PL P. 19 Ln. 22-25, P. 20 Ln. 1-4, 9-25, P. 95 Ln. 2-15

24. While Plaintiff De Jesus did not agree to the salary, he was unable to be without work due to family obligations. PL P. 30 Ln. 2-9, P. 32 Ln. 5-17, P. 103 Ln. 13-19

25. An additional Per Diem rate applied to dates on which there were Boat Shows. DEF P. 13 Ln. 14-25, P. 14 Ln. 1.

26. About one-third of the days of the year there is a boat show to which the per-diem rate applies. DEF P. 13 Ln. 14-25, P. 14 Ln. 1-16 (even if working in the warehouse he received the per-diem payment).

27. After not receiving an explanation of how the FWW method worked, during the fist six months of being on salary, Plaintiff complained about inaccuracies in his paycheck to HR Representatives of the Corporate Defendant, because he did not know how the FWW worked, and also did not get an explanation. PL P. 25 Ln. 12-22, P. 85 Ln. 6-22, P. 336 Ln. 1-9

28. Mr. DeJesus went to Gilbert Bobillo, his supervisor, and complained about not agreeing to the salary, and not understanding how his overtime was calculated. PL. P. 86 Ln. 1-12, P. 101 Ln. 18-25, P. 102 Ln. 1-18, P. 103 Ln. 13-19, P. 128 Ln. 1-5

29. Mr. De Jesus went to Individual Defendant Mr. Correra to complain about his pay on at least one occasion Mr. Correa can remember. DEF P. 11 Ln. 21-25; PL P. 32 Ln. 5-17, P. 85 Ln. 6-22

30. Mr. De Jesus, went to Individual Defendant Mr. Correa more than one time to ask about and complain about the FWW, and his lack of understanding and agreement. PL. P. 32 Ln. 5-17, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 115 Ln. 8-18, P. 127 Ln. 7-25, P. 128 Ln. 1-5, P. 172 Ln. 7-11, 330 Ln. 9-25, P. 331 Ln. 1-3, P. 339 Ln. 1-20, P. 342 Ln. 17-24

31. Plaintiff De Jesus went to Individual Defendant Mr. Correra, over six months after he had been put on salary to complain that he was not getting paid overtime, which if paid on the FWW resulted from a lack of understanding same. He requested clarification from Mr. Correra several times, and was not given one. PL P. 32 Ln. 5-17, P. 85 Ln. 6-22, P. 36 Ln. 8-15, P. 37 Ln. 1-7, P. 85 Ln. 6-22, P. 88 Ln. 15-25, P. 89 Ln. 1-17, P. 103 Ln. 13-19, P. 104 Ln. 7-13, P. 115 Ln. 8-18, P. 128 Ln. 1-5, P. 135 Ln. 3-11, P. 284 Ln. 21-24, P. 330 Ln. 9-25, P. 331 Ln. 1-3, P. 336 Ln. 1-9, P. 339 Ln. 1-20, P. 342 Ln. 17-24, P. 350 Ln. 2-13

32. The Defendants failed to add overtime which was worked to the Plaintiff's first salary check, meaning the FLSA was violated at least once, even if the FWW Method is found to apply, and Plaintiff complained of same to Individual Defendant Robert Correa. PL P. 92 Ln. 17-25, P. 93 Ln. 1-10, P. 95 Ln. 2-15, P. 101 Ln. 18-25, P. 102 Ln. 1-18, P. 103 Ln. 13-19, P. 105 Ln. 21-25, P. 106 Ln. 1-11, P. 108 Ln. 6-14

33. The Corporate Defendants do not have a formal human resources department for Plaintiff to inquire about the FWW from. RS P. 4 Ln. 1-3

34. Individual Defendant Robert Correa made decisions as to how the company compensated the Plaintiff, after the Plaintiff complained about the FWW, on his own. DEF P. 16 Ln 15-25

35. After Plaintiff was salaried he never worked under forty hours in a week. RC P. 16 Ln. 20-24 (except where docked, two to three times, for working fewer than forty hours, with the Defendants' permission).

36. Plaintiff's supervisor (when not Mr. Correa), Mr. Bobillo does not know who is in charge of Human Resources, and explains they are located off-site from where the warehouse employees, including Plaintiff, work. GB P. 10 Ln. 7-14

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 14, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028