UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-24308-JAL

JOSEPH LUIS DE JESUS JR and all others )
similarly situated under 29 U.S.C. 216(b), )
             )
      Plaintiff,      )
 vs.             )
             )
YACHTING PROMOTIONS, INC.,    )
ROBERT COREAS,        )
             )
      Defendants.    )
_____ )

## REPLY IN SUPPORT OF DE 72 PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, by and through Undersigned Counsel, hereby replies to the Defendants' Response to Plaintiff's Motion for Partial Summary Judgment (DE 72 and 78 respectively), in support of Plaintiff's Motion for Partial Summary Judgment [DE 72] and states the following in support of same;

## MEMORANDUM OF LAW/ARGUMENT

### *I: The Arguments Found in DE 79 Are Fully Adopted Herein*

The arguments in relation to the Defendants' invalid application of the Fluctuating Work Week Method (hereinafter, "FWW") in Plaintiff's Response in Opposition to Defendants Motion for Summary Judgment (Defendants Motion is [DE 74] and Plaintiff's response is [DE 79]), are adopted in support of Plaintiff's Motion for Summary Judgement [DE 72], as if fully set forth herein.

### *II: Defendants' Pejorative and Dismissive Tone Does Not Create a Genuine Issue of Material Fact for a Jury*

1

Defendants depend on, and basically recycle their arguments from, *Garcia v. Yachting Promotions*, No. 16-10095, 1:15-cv-20776-RNS [DE 75-1]. While Garcia involves the same Defendant, and Defendants contend such a case is a line of precedent applicable to the instant case, the Defendants ignore the inapposite material facts of the instant case, which distinguish the instant case from Garcia and its predecessors.

In DE 78, p. 2-8, #3, 4, 13, 14 & 36 the Defendants conclusively and pejoratively label the facts that allegedly distinguish this case, and such demonstrates that the application of the FWW in this case is improper, and irrelevant. Defendants conclusion that facts are irrelevant has no bearing on their relevancy, despite Defense Counsel's confidence in his own conclusion. As much as mere conclusions of law are not adequate in pleadings, mere conclusions of Defense Counsel are not persuasive on Summary Judgment. Wishing away the facts that make the instant action inapposite to Garcia does not actually make the facts go away. More about these facts will be discussed *infra*, however, their determinative nature is argued for, and supported by legal precedent in DE 72 & 79, which is fully adopted herein, and largely not repeated, so as not to waste the time of the Court.

As summary judgment motions come down to whether there is a genuine issue of material fact, not Defense Counsel's opinion of the facts, DE 78, p. 2-8 has numbered paragraphs that should be read differently than the tone their authorship implies. If the only evidence is Plaintiff's assertion, and there is no evidence to the contrary, then Plaintiff's asserted facts which are beneficial to his case demonstrate that the Defendants have raised no genuine issue of material fact. Defense Counsel's disdain for the assertion, is not a genuine issue of material fact. Hence, with respect to paragraphs 8, 9, 10 and 16, it is not relevant whether the Plaintiff's testimony helped

his case and was therefore characterized by Defense Counsel as "self-serving." Uncontroverted statements are evidence even if they benefit the speaker.

### III: Defendants' Claim that Plaintiff's Salary Issues Were Related to Government Benefits is an Egregious Mischaracterization of Testimony

In response to being asked how it was not a good thing that Plaintiff made more money, Plaintiff answered honestly that the salary made him more, rather than less, financially strained due to his personal situation. Plaintiff did not say that he complained about his overtime, and not understanding his pay, because he wanted to go back on government benefits. Plaintiff emphatically proclaimed throughout his deposition that he did not understand how his remuneration operated, including the salary. *See,* Plaintiff's Original Statement of Material Facts DE 73 (hereinafter SOMF) ¶ 8, 9, 10, 15, 16, 17, 18, & 20.

Defendants mischaracterize testimony by alleging that the Plaintiff's problems with his salary were that he lost government benefits. What Plaintiff said was in response to a specific question, and quoted out of context, "This is what I am so confused with, then, sir, it's not better for to [sic] you make more money every week. You consider that not better? "Plaintiff's Deposition Page 157 Lines 22-24. Under oath, Plaintiff answered that question based on the financial situation created by the salary, which made the answer the opposite of what Defense Counsel thought it should be, but such was truthful.

The Plaintiff does not say that he asked to be put back on hourly pay because he lost his government benefits. In response to a subsequent question, in the heat of an emotional issue involving the support of his children, Plaintiff stated in response to another question "I didn't feel I had to accept them putting me on salary without me agreeing to it." Plaintiff's Deposition Page 159 Lines 9-11. As same was the answer to a separate question, taken out of context, there is no

3

relevant relationship between Plaintiff's loss of government benefits and the operative facts of the instant case. The transcript simply does not state what Defense Counsel posits it does.

Because SOMF ¶ 7, 12, 16 & 18 are refuted by the mischaracterization of Plaintiff's testimony, SOMF ¶ 7, 12, 16, & 18 are not material issues of fact that have been disputed. These facts are determinative because they establish that Plaintiff could not have determined how he was paid based on his paychecks. Plaintiff did not agree to the salary and could not have quit his job due to family financial obligations.

Altogether, Plaintiff did not understand his salary, thought his paychecks were wrong, and complained to a human resources representative. *See,* SOMF ¶ 16. Plaintiff did not understand how the FWW operated, nor his salary. Plaintiff went to the Individual Defendant to complain that he did not understand and asked for an explanation that was not provided. *See,* SOMF ¶ 9, 17, 18, 19 & 20. Meaning that the mutual understanding prerequisite necessary to apply the Fluctuating Work Week Method was not complied with. Hence, there are no genuine issues of material fact the FWW was improperly implemented.

### *IV: There Are No Issues of Material Fact to Be Determined by a Jury*

Despite Defendants saying that it does not matter, SOMF ¶ 3 is determinative of the summary judgment issue. To implement the FWW properly there needs to be a mutual understanding between the employer and the employee regarding salaryt. *See,* 29 C.F.R. §778.114, *Davis v. Friendly Express, Inc.,* 61 Fed. App'x 671 (11th Cir.2003); *Spires v. Ben Hill Cty.*, 745 F. Supp. 690, 703 (M.D. Ga. 1990), aff'd, 980 F.2d 683 (11th Cir. 1993); *O'Brien v. Town of Agawam,* 350 F.3d 279, 288 (1st Cir.2003); *Griffin v. Wake County,* 142 F.3d 712, 716 (4th Cir.1998), *Resasoner v. All Seasons Pool Serv., Inc.*, No. 606CV-1819-ORL-19DAB, 2007 WL 4326808, at *7 (M.D. Fla. Dec. 7, 2007) *Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207 (5th Cir.

1976), *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *21 (N.D. Ala. Mar. 17, 2015) & *Willoughby v. Youth Villages, Inc.*, 113 F. Supp. 3d 1265, 1272–73 (N.D. Ga. 2015). In the instant case, even if the employee understood the salary, which Plaintiff conclusively demonstrates he did not, the employer did not know how it paid the Plaintiff. Since the Defendant did not know how it paid the Plaintiff, it is unlikely the Plaintiff understood and irrelevant whether Plaintiff understood, because there must be two parties to a mutual understanding and in this case the Defendant did not understand. *See, Id.*; & SOMF ¶3.

SOMF ¶ 4 the Defendants also claims is irrelevant, although they do not dispute the truth of same. SOMF ¶ 4 is highly relevant because it states that three management staff, and the Plaintiff's supervisors, did not know how the FWW worked. Since the management could not explain the fluctuating work week, Plaintiff's supervisors could not explain the fluctuating work week, the Corporate and Individual Defendants could not explain the FWW, it is impossible to reason that the Plaintiff was alone in his lack of understanding. *See,* SOMF ¶ 3 & 4. Moreover, the fact that these individuals were paid by FWW, were managers and did not understand the FWW, indicates that the Plaintiff's lack of understanding was shared by management, and his supervisors.

The Defendants' argument hinges on the clear mutual understanding of the Plaintiff, which Defendants claim was established through means such as the receipt of pay stubs. However, Defendants' own management staff, the Corporate Representative, the Individual Defendant, and Plaintiff's supervisors did not understand same when deposed. Meaning that the company management paid on the FWW did not even understand how their own pay was calculated. Defendants argue that the Plaintiff should have understood what the Defendants themselves, and the management paid the same way, did not. *See, Id.* This makes Plaintiff's repeated requests for

5

clarification, and the refusals of the Defendants to clarify, highly relevant. The Defendants could not have clarified the understanding had they wanted to.

There is absolutely no answer to SOMF ¶ 13 & 14, other than that they do not matter. SOMF ¶ 13 & 14 establish that a special rate applied on about one-third of the days of the year. However, as argued in DE 79, and fully incorporated herein, this extra pay would have prevented the Plaintiff from understanding his pay based on his paychecks, or understanding what remuneration counted toward which work.

Essentially, the Defendants' argument is that the Plaintiff understood his remuneration, however, when such bonuses apply courts have held that paychecks do not constitute the "regular lesson" in the FWW that they would otherwise. *See, West. v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314, at *11 (M.D. Fla. Jan. 21, 2011) & *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *5 (S.D. Fla. Oct. 12, 2012) (The latter holding the "regular lesson" taught by paystubs is not presumed to have been taught where the pay stubs lack essential information from which the "lesson" would be learned, which in this case is a combination of not listing the overtime rate, the number of hours, and how the per-diem rate was calculated). In the instant case the per-diem rate confuses the application of the FWW, and infinitely frustrates any mutual understanding. The per-diem rate is nowhere accounted for on the paystubs, and it is impossible to tell how the per-diem rate is factored in. The pay stubs were clearly not enough to teach the three managers (who were allegedly paid on the FWW) the "regular lesson" The pay stubs could not have been expected to teach a lesson to a lower-level employee that the Defendants, and its management, had not been taught. Hence, since Plaintiff's pay was calculated in ways that were not even understood by the Defendants, and the pay stubs could not

have promoted an understanding but rather confusion, (confusion shared by Defendant's managers who also did not have a mutual understanding), Plaintiff is entitled to summary judgment.

### *V: The Defendants Employed the FWW to Circumvent the FLSA Which is Intrinsically Invalid.*

The argument that the Defendants used the FWW as a method of circumventing the FLSA, is strengthened by the simple fact that the Defendants did not know how they paid their employees. The Defendants' employees, including managers allegedly paid on the FWW, did not know how employees paid on the FWW were paid. *See, Supra.* The Defendants fail to realize that one of Plaintiff's central arguments is that the Defendants did not understand how they paid the Plaintiff, hence whether the Plaintiff understood is not determinative.

Like the Defendants, Plaintiff did not know how Plaintiff was paid, nor could management, or the Defendants, explain it to Plaintiff. The fact that the Defendant does not understand how it paid the Plaintiff makes the instant case distinguishable from the line of precedent cited by the Defendants. The fact that the Plaintiff could not have gotten an explanation had he wanted one, vitiates any argument that the FWW was applied in good faith and for a proper purpose. The FWW was allegedly employed, in regards to this Plaintiff, in a way no one could explain. The only understanding by the Defendants of the FWW was that it meant they did not have to pay the Plaintiff as much.

The nature of the FWW, that the more the employee works the less they are paid for overtime, is likely why the information provided to other employees, and the agreement signed by other employees, was not given to the Plaintiff. At Plaintiff's low salary it is unlikely that he would have agreed that working harder, and being paid less, was a "promotion" or at all agreeable.

The Plaintiff was not given the information, given to other employees, which explains the FWW, and was not given the agreement to sign that other employees signed. *See,* SOMF ¶ 6. The Defendants did not follow their own procedure, which provided an extensive written explanation of the FWW and a written assent to be signed, which is determinative in showing that the FWW was being used to circumvent the FLSA. It was company policy to hand out information explaining the FWW, and it was the policy of Defendants to get assent to the FWW in writing. Hence, no good faith, or appropriate reason existed for the Defendants to violate their own policy designed to ensure a mutual understanding.

While better explained in DE 79, and fully adopted herein, when the purposes of the FLSA are circumvented, even if the violation complies with the statutory mandates, the application of the FWW is inherently invalid. *See, Madison Ave. Corp. v. Asselta*, 331 U.S. 795 (1947), *Adams v. Department of Juvenile Justice City of New York*, 143 F.3d 61 (2nd 1998) & *Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *22 (N.D. Ala. Mar. 17, 2015).[1]

### *VI: The Weeks in Which Plaintiff Worked Fewer Than Forty Hours He was Docked Remuneration*

Despite deposition testimony to the contrary from the Individual Defendant/Corporate Representative, and Plaintiff, that the Plaintiff did not work under forty hours in a week, said testimony is refuted by a summary of time records that is an exhibit to the Defendants' answer

---

[1] It is the Defendants' contention that the Plaintiff fails to be able to delineate between precedent in which the FWW is a measure of damages, as compared to precedent determining whether the FWW was properly applied. Plaintiff is not at all confused. To use the FWW as a measure of damages, the prerequisites for implementing the FWW must be complied with fully, making the Court's analysis of the FWW equally applicable whether determining whether it can be used as a measure of damages or whether it was implemented properly.

[DE 78-8]. *See,* Deposition of Robert Correas page 16, Lines 20-23 (stating that Mr. De Jesus always worked more than forty hours per-week);.& Deposition of Corporate Representative Page 10 Lines 5-14 (stating Plaintiff worked on average ten hours of overtime following the change to salary), (Marked "Exhibit B"). Plaintiff Affies that many of those weeks he did work more than forty hours, and there was simply not a way to clock in and out, nor the opportunity to do so, at show sites, such is given credence by the fact that Plaintiff and Defendants testified that there were not weeks in which the Plaintiff worked under forty hours per-week, except when he was docked pay for same. *See,* "Exhibit A," Affidavit of Plaintiff. "Exhibit A" clarifies that the Plaintiff's remuneration was docked in the form of paid vacation and sick time when he was permitted to work under forty hours in a week. When an employee's salary is docked because the employee worked under forty hours with the employer's permission, the FWW is not properly applied. *See, Clements v. Serco, Inc.*, 530 F.3d 1224, (10th Cir. 2008), & *Adams v. Department of Juvenile Justice City of New York*, 143 F.3d 61 (2nd Cir. 1998).

If there were a few weeks that under forty hours were worked, and the Plaintiff was not docked pay, nor paid vacation/sick time, the hours of the week could fluctuate between thirty and forty hours in a week, and the application of the FWW still be improper. Where the FWW is used to save the employer on overtime, and not to give the employee a mutual benefit, it is invalid as the employer gets a discount on overtime but not commensurate with the employee receiving a benefit. *See, Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, (N.D. Ala. Mar. 17, 2015).

WHEREFORE; Plaintiff, by and through Undersigned Counsel, has replied in support of Plaintiff's Motion for Partial Summary Judgment, to Defendants Response in Opposition to Plaintiffs Motion for Partial Summary Judgment.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 21, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028