UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
YACHTING PROMOTIONS, INC., and            )
ROBERT COREAS,                            )
                                          )
        Defendants.                       )
                                          )

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT**

Defendants, YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants"), pursuant to Rule 56, Federal Rules of Civil Procedure, reply to Plaintiff's Opposition to Defendants' Motion for Final Summary Judgment ("Opposition") (Dkt. 79), and state:

**I.    PLAINTIFF WAS PAID A STRAIGHT SALARY**

Plaintiff, Joseph Luis de Jesus, Jr. ("Plaintiff"), argues that Yachting Promotions did not pay him as required under the fluctuating workweek method. The Fair Labor Standards Act ("FLSA") requires that "the employee is paid a fixed salary that does not vary with the number of hours worked during the workweek (excluding overtime premiums)" 29 C.F.R. § 778.114. Plaintiff was paid this way.

Indeed, Plaintiff's paychecks and payroll records show that he was regularly paid a fixed salary of $620.00 per week (later raised to $638.60) that did not vary with the number of hours

---
[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."

he worked during the workweek. (SOF ¶41; Compilation of Plaintiff's Paychecks, **Exhibit A** and Verified Summary of Plaintiff's Payroll Records, attached as **Exhibit B**.) Plaintiff's paychecks clearly show his base salary of $620.00 and how much he was paid in overtime for each pay period. (Compilation of Plaintiff's Paychecks, **Exhibit A**.) In fact, Plaintiff wrote the word "salary" next to the number $620.00 on his first paycheck that he received as a salaried employee. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.)

During the weeks where Plaintiff did not work overtime or less than 40 hours, the paychecks reflect that he received his base salary and the field for overtime was left blank. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) At no time has Plaintiff shown that his salary was improperly docked. Plaintiff speculated in his deposition but did not provide a single paycheck or other evidence to show that his pay was, in fact, docked. (*See* Compilation of Plaintiff's Paychecks, **Exhibit A** and Verified Summary of Plaintiff's Payroll Records, attached as **Exhibit B**.) As Plaintiff's paychecks clearly evidence, there were at least 27 weeks out of the 101 week he received a salary in which Plaintiff worked less than 40 hours in one workweek and was paid his salary. (*See* Verified Summary of Plaintiff's Payroll Records, **Exhibit B**.) Thus, Plaintiff's hours fluctuated significantly, and the fluctuating workweek method was applied properly and in the good faith belief that Yachting Promotions was complying with the FLSA.

Thus, Plaintiff cannot meet his burden of proof establishing that he was not paid a fixed salary that does not vary with the number of hours worked during the workweek (excluding overtime premiums).

II. **PLAINTIFF'S SALARY WAS PROPERLY CALCULATED USING THE FLUCTUATING WORKWEEK METHOD AND THE DOL COEFFICIENT TABLE**

Yachting Promotions properly paid Plaintiff's overtime under the fluctuating workweek method of calculating overtime pay. U.S. Department of Labor ("DOL") regulations provide

2

that non-exempt employees who are paid on a salary basis for a fluctuating workweek may be paid an overtime rate of one-half their regular rate of pay (rather than one and one-half times their regular rate). Under the fluctuating workweek method of calculating overtime, "[e]mployees are compensated at a fixed salary per week regardless of the number of hours worked (whether above or below 40 hours), and at one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours." *Garcia v. Port Royale Trading Co. Inc.*, 198 F. App'x 845, 846 n.1 (11th Cir. 2006). An employee's regular rate is calculated by dividing the amount of the weekly salary by the number of hours actually worked in the week. *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988) (finding computation of regular rate calls for dividing actual hours worked each workweek into fixed salary). For example, if employee is paid a salary of $1,000 and works 50 hours, their regular rate would be $20/hr. This method allows employers to pay employees a fixed salary (as straight-time pay) for all hours worked in the workweek and then compensate employees for their overtime hours on an additional "half-time" basis. *See, e.g., Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 579-80 (1942); *Torres v. Bacardi Global Brands Promotions, Inc*., 482 F. Supp. 2d 1379, 1381-82 (S.D. Fla. 2007).

To ensure accuracy, Yachting Promotions used the "Coefficient Table for Computing a Half-Time for Overtime" provided by the DOL to calculate Plaintiff's overtime payments (DOL Coefficient Table for Computing a Half-Time for Overtime, attached as **Exhibit C**.) Contrary to Plaintiff's unsubstantiated contention, and as the clear and straight forward evidence shows, Plaintiff's pay was never docked and he was paid properly using the fluctuating workweek method. (*See* Compilation of Plaintiff's Paychecks, **Exhibit A** and Verified Summary of Plaintiff's Payroll Records, attached as **Exhibit B**.) There can be no dispute that the salary

compensated Plaintiff for all hours worked since the paychecks clearly evidence that he received the same salary no matter how many hours he worked. Each of Plaintiff's paychecks show his base salary of $620.00 and overtime pay for each pay period. (Compilation of Plaintiff's Paychecks, **Exhibit A**.) In fact, Plaintiff wrote the word "salary" next to the number $620.00 on his first paycheck that he received as a salaried employee. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) During the weeks where Plaintiff did not work overtime or less than 40 hours, the paychecks reflect that he received his full base salary and the field for overtime was left blank. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.)

Therefore, Plaintiff's argument that Yachting Promotions used the "wrong method to calculate Plaintiff's overtime" is unavailing.

### III. PLAINTIFF MISCHARACTERIZES THE PER DIEM RATE HE WAS PAID AS A NON-DISCRETIONARY BONUS

Plaintiff asserts that *Garcia v. Yachting Promotions, Inc.*, 2015 WL 12533144, at *2 (S.D. Fla. Dec. 8, 2015), *Davis v Friendly Express, Inc.* 2003 WL 21488682, at *2 (11th Cir. Feb. 6, 2003), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013) are distinguishable because in those cases no per diem rate was paid, while Plaintiff in this case was paid a per diem rate whenever he was on a boat show. Plaintiff then mischaracterizes the per diem rate as a "non-discretionary bonus," with no proof or evidence in support, and attempts to analogize cases inapposite cases where a bonus applied. (Dkt. 79, p. 10-11.)

Plaintiff's argument fails. A per-diem rate is not a bonus. Per diem is a daily allowance for expenses – a specific amount of money an organization gives an individual, often an employee, per day to cover living expenses when traveling for work. IRC s 62(c) and Treas. Reg. § 1.62-2 (requiring a business connection, substantiation, and return of amounts received in excess of substantiated expenses, *see* L-4703 et.) The FLSA specifically excludes "payments for

4

traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments" form the regular rate of pay of an employee. 29 U.S.C. § 207(e)(2). Plaintiff was paid a per diem rate during boat shows. (Dkt. 79, p. 10; PSOF 25, 26.) He was not paid a bonus and therefore the fact that Plaintiff was paid a per diem rate does not distinguish this case from *Davis* and *Lamonica*.

Plaintiff also attempts to analogize the opinion in *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *5 (S.D. Fla. Oct. 12, 2012)." [Dkt. 31, p. 9]. However, Plaintiff fails to elaborate on the similarities and differences between *Lewis* and this case. [Dkt. 31, p. 9]. However, this case and *Lewis* are easily distinguishable on multiple fronts. First, the plaintiff in *Lewis denied* that she understood that she was paid a fixed salary for all hours worked, regardless of the number of hours worked. *Lewis*, 2012 WL 4854724, at * 4. Here, Plaintiff has *conceded* this fact and the overwhelming amount of evidence proves that he knew that he was paid a salary for all hours worked. (SOF 9.) In fact, Plaintiff wrote the word "salary" next to the number $620.00 on his first paycheck that he received as a salaried employee. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) Second, the defendant in *Lewis* could point to no instance where it informed plaintiff that she would receive a fixed salary for all hours worked. *Lewis*, 2012 WL 4854724, at * 1. Indeed, this Court stated that:

> She was provided an employee handbook, which did not expressly mention the FWW method of compensation for overtime hours. On Lewis's application form, the campus president notated that her "Default Hours" would be "80" for a two-week period. The paystubs Lewis received every two weeks did not include the number of hours she worked, nor her rate of pay.

*Id.*

Here, Plaintiff readily admits that he had at least one discussion with Robert Correa about being paid a salary. (SOF 9.) Additionally, Plaintiff paychecks do include his rate of pay,

5

specifically, it lists his salary. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) Plaintiff also was aware of the number of hours he worked in a work week as he was responsible for accurately recording his hours, which he did through a time clock. (SOF 7.)

Therefore, this Court should apply the holding from *Garcia* and *Davis* to this case and grant Defendants' Motion for Summary Judgment.

### IV. PLAINTIFF MISSTATES WHAT THE FLSA REQUIRES FOR EMPLOYERS TO USE THE FLUCTUATING WORKWEEK METHOD

The FLSA merely requires that the employer and employee share a "clear mutual understanding" that the salary covers all hours worked during the workweek, regardless of the number. 29 C.F.R. § 778.114. Plaintiff presented no evidence that Yachting Promotions lacked a clear understanding of this. Plaintiff seems to argue that his consent was required, which it clearly was not under the legal test. Plaintiff merely had to understand that his salary covered all hours worked. The Eleventh Circuit has clearly stated that "[n]either the regulation nor the FLSA in any way indicates that an employee must also understand the manner in which his or her overtime pay is calculated." *Davis,* 2003 WL 21488682 at *2 (quoting *Bailey v. County of Georgetown*, 94 F.3d 152, 156 (4th Cir. 1996).) All that is required is a "clear mutual understanding that the salary covers all hours worked during the workweek, regardless of the number." 29 C.F.R. § 778.114; *Garcia v. Yachting Promotions, Inc.,* 2016 WL 6276046, at *2 (11th Cir. Oct. 27, 2016) ("An employee does not have to understand every contour of how the fluctuating workweek method is used to calculate salary, so long as the employee understands that his base salary is fixed regardless of the hours worked.")*; Garcia v. Port Royale Trading Co. Inc.*, 198 Fed. App'x. 845, 846 (11th Cir. 2006) (affirming summary judgment and holding that "[d]espite [plaintiff's] claims of not understanding how he was paid . . . he did understand how much money he was paid each week. He also knew that his hours fluctuated each week and that

6

once he executed accepted the promotion and received a fixed salary for fluctuating hours the manner in which he was compensated had changed.); *Valerio v. Putnam Associates Inc.*, 173 F.3d 35, 37 (1st Cir. 1999) (holding that "parties must only have reached a 'clear mutual understanding' that while the employee's hours may vary, his or her base salary will not".)

Here, Plaintiff understood that he was paid a $620.00 salary each week (SOF ¶9). In fact, Plaintiff wrote on the first paycheck he received as a salaried employee the word "salary" next to the amount of $620.00. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) Plaintiff also knew that his hours fluctuated each week but his salary did not, which is all that is required as a matter of law to satisfy the "clear mutual understanding" requirement (SOF ¶6).

Furthermore, Plaintiff readily admits that he agreed to his promotion to a salaried position and only later asked to be switched back to an hourly rate when he realized that a higher income affected his government benefits (SOF ¶9). Plaintiff also admits that he was aware that the method of calculating his wages changed after he was promoted to a salaried position, he knew the way in which his overtime compensation was calculated changed, he knew that his hours and resulting rates of pay fluctuated, and he continued to report to work and accept paychecks from Yachting Promotions for two (2) years after his promotion.

Additionally, the continued acceptance of paychecks echoes the required mutual understanding. *Garcia v. Yachting Promotions, Inc.*, 2015 WL 12533144, at *2 (S.D. Fla. Dec. 8, 2015) ("paychecks echo . . . mutual understanding".) As the Eleventh Circuit has previously clarified, employees receive "a regular lesson-in the form of their paychecks-about how the fluctuating workweek plan operates." *Davis v. Friendly Exp., Inc.*, 2003 WL 21488682, at *2 (11th Cir. Feb. 6, 2003)(citing *Griffin v. Wake County*, 142 F.3d 712, 716-17 (4th Cir.1998).) Plaintiff can hardly claim that there was "not a breakdown of hourly pay, or any other details on

7

the paystubs that would have helped Plaintiff establish an understanding of how he was paid" (Plaintiff's Motion, D.E. 72).  Each of Plaintiff's paychecks clearly show his base salary of $620.00 and how much he was paid in overtime for each pay period. (Compilation of Plaintiff's Paychecks, **Exhibit A**.)  It does therefore follow that the paycheck contains enough detail for it to be a lesson on how the fluctuating workweek operates.  In fact, Plaintiff wrote the word "salary" next to the number $620.00 on his first paycheck that he received as a salaried employee. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) During the weeks where Plaintiff did not work overtime, the paychecks reflect that he only received his base salary and the field for overtime was left blank. (Compilation of Plaintiff's Paychecks, p.1, **Exhibit A**.) Thus, Plaintiff's paychecks echoed a mutual understanding that he received a salary for all hours worked during the workweek, regardless of the number. The fact that Plaintiff dropped out of school after the ninth grade is entirely irrelevant.

  Finally, Plaintiff argues that Yachting Promotions did not understand the Fluctuating Workweek Method. (Dkt. 79, p. 12.)  This argument is easily refuted by the fact that Plaintiff's pay records clearly show that he was paid correctly using the fluctuating workweek method.  The FLSA does not require that the supervisor of an employee is able to understand the intricacies of how the fluctuating workweek method works, and Plaintiff cannot cite to any case that would support this argument.  Who does need to understand the intricacies of the fluctuating workweek method is the payroll department. Mr. Riccardo Struhl, who oversees Defendant's payroll department, explained in detail how the fluctuating workweek method operates during his deposition. (Deposition of Riccardo Struhl, pp. 4:20-5:20 (excerpts attached as **Exhibit D.**))

8

V.  **PLAINTIFF'S ALLEGED FAILURE TO EXPRESSLY AGREE TO THE FLUCTUATING WORKWEEK DOES NOT MATTER**

Plaintiff argues that it is determinative whether he agreed to be paid by the fluctuating workweek method, and that it is irrelevant that he did not quit his job after allegedly complaining about being paid a salary because he lost some government benefits. (Dkt. 79, p. 14; SOF 9.) However, neither factor is relevant to the question of whether an employee was properly paid under the fluctuating workweek method. The only relevant question when determining mutual understanding is whether or not the employer and employee share a clear mutual understanding that the salary covers all hours worked during the workweek, regardless of the number. 29 C.F.R. § 778.114. A mutual understanding is required, not consent or an agreement. Plaintiff cited no legal authority for his assertion that more is required to comply with the FLSA.

VI.  **YACHTING PROMOTIONS DID NOT ABUSE THE FLUCTUATING WORKWEEK METHOD TO CIRCUMVENT THE FLSA**

The fluctuating workweek method is an alternative, legal method of paying overtime recognized by courts and the FLSA. Applying this method does not mean that an employer is attempting to avoid paying overtime under the FLSA. Exactly the opposite, it means the employer is complying with the FLSA.

Further, the FLSA implementing regulations provide that a salary calculated with the fluctuating workweek method is "[t]ypically. . . paid to employees who do not customarily work a regular schedule of hours" 29 C.F.R. § 778.114(c). The regulations do not require that an employee works less than the hours that the Plaintiff was expected to work for a certain amount of weeks. Applying the fluctuating workweek method is just another means recognized by courts, and codified in the FLSA implementing regulations to pay overtime to employees who do not work a regular schedule. Yachting Promotions' operations are very much dictated by different boat shows, for which there is a season as Plaintiff recognized himself in his Motion.

9

(D.E. 72, p. 8). As Plaintiff's paychecks clearly evidence, there were at least 27 weeks out of the 101 week he received a salary in which Plaintiff worked less than 40 hours in one workweek and he was still paid his salary of $260.00. (*See* Verified Summary of Plaintiff's Payroll Records, **Exhibit B**.) Thus, his hours fluctuated significantly and the fluctuating workweek method was applied properly and in the good faith belief that Yachting Promotions is complying with the FLSA.

Plaintiff also tries to substantiate his contentions that Yachting Promotions used the fluctuating workweek method for an improper purpose by arguing that Plaintiff's salary was docked. This is simply not true. Plaintiff only cited to his own contentions in his deposition and did not provide a single paycheck that would evidence that his pay was docked. However, there is no paycheck that would evidence docketing of his salary. (*See* Compilation of Plaintiff's Paychecks, **Exhibit A.**) On the contrary, during at least 27 weeks out of the 101 weeks that Plaintiff was paid using the fluctuating workweek method, he worked less than 40 hours and he still received a salary of $260.00. (*See* Verified Summary of Plaintiff's Payroll Records, **Exhibit B**.) Thus, Plaintiff's arguments are without merit.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment.

Dated this 28th day of November, 2016.

Respectfully submitted,

*/s/Kevin D. Zwetsch*
KEVIN D. ZWETSCH
Florida Bar Number 0962260
E-mail: kevin.zwetsch@ogletreedeakins.com
INA F. CRAWFORD
Florida Bar Number 117663
E-mail: ina.crawford@ogletreedeakins.com

>
> OGLETREE, DEAKINS, NASH, SMOAK
>   & STEWART, P.C.
>
> 100 North Tampa Street, Suite 3600
> Tampa, Florida 33602
> Telephone: 813.289.1247
> Facsimile: 813.289.6530
>
> ATTORNEYS FOR DEFENDANTS
> YACHTING PROMOTIONS, INC. and
> ROBERT CORREA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>  */s/Kevin D. Zwetsch*
> Attorney

11

**<u>SERVICE LIST</u>**

J.H. Zidell
Joshua H. Sheskin
Stephen M. Fox, Jr.
Allyson Greer Kutner
Rivkah F. Jaff
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
zabogado@aol.com
jsheskin.jhzidellpa@gmail.com
stephen.fox.esq@gmail.com
amorgado.jhzidell@gmail.com
rivkah.jaff@gmail.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

27660275.1