**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                          )
    Plaintiff,                         )
                                          )
v.                                        )
                                          )
YACHTING PROMOTIONS, INC., and            )
ROBERT COREAS,                            )
                                          )
    Defendants.                        )
_____)

**DEFENDANTS' MOTION IN LIMINE**

Pursuant to this Court's Order adopting Joint Scheduling Report (Dkt. 61), Defendants YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants"), submit this Motion *in Limine* to Exclude Certain Evidence and Incorporated Memorandum of Law and to preclude Plaintiff, JOSEPH LUIS DE JESUS, JR ("Plaintiff"), or his counsel, from presenting evidence or commenting in the presence of the jury (in opening statement, closing argument, or otherwise) and/or alluding to, introducing, or eliciting, any evidence (either testimonial or documentary) at trial that is irrelevant and/or unfairly prejudicial. In support, Defendants state as follows:

**MEMORANDUM OF LAW**

**I.     BACKGROUND AND APPLICABLE FACTS**

Joseph Luis de Jesus Jr. ("Plaintiff") claims unpaid overtime in violation of the FLSA[2] (D.E. 1). This claim fails as a matter of law because Defendant Yachting Promotions properly

---

[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."
[2] Plaintiff voluntarily dismissed a retaliatory discharge claim (D.E. 69).

paid Plaintiff's overtime under the fluctuating workweek method of calculating overtime pay. As detailed below, certain evidence – testimonial and documentary – Plaintiff may present at trial should be excluded from the trial of this matter.

## II. STANDARD OF REVIEW

Trial judges are authorized to rule on motions *in limine* pursuant to the authority to manage trials. *Luce v. U.S.*, 469 U.S. 38, 41, n.4, (1984), and judges have a broad discretion when ruling on such motions. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of America, Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). A motion *in limine* may also have an effect of reducing the number of interruptions during the trial itself. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

## III. EVIDENCE REGARDING OR RELATED TO ANY DEROGATORY TERMS DESCRIBING FLUCTUATING WORKWEEK METHOD, INCLUDING THE TERM "CHINESE OVERTIME"

Defendants anticipate that Plaintiff or his counsel will refer to the fluctuating workweek method of pay with derogatory terms, including "Chinese Overtime" during trial, as he did in his Complaint (D.E. 1, ¶14). The fluctuating workweek method is an alternative method of paying overtime recognized under federal law in the FLSA. *See* 29 C.F.R. § 778.114. Referring to this legal method of paying overtime with any derogatory terms mischaracterizes the undisputed legality of the pay method and has no probative value which undoubtedly is substantially outweighed by the danger of undue prejudice to Defendants. Fed. R. Evid. 403 states, that "[t]he court may exclude evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

2

needlessly presenting cumulative evidence." Evidence is prejudicial under Rule 403 where it appeals to an illegitimate basis for persuasion, and thereby goes beyond proving the fact or issue it is offered to prove. *U.S. v. 0.161 Acres of Land in Birmingham, Ala.*, 837 F.2d. 1036, 1041 (11th Cir. 1988). The phrase "unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (1972 Advisory Committee Note). The major function of Rule 403 is to "exclud[e] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991). The sole purpose of using terms like "Chinese Overtime" is to create an inference in the juror's mind that this method of pay is somehow unfair, inferior, or in some other way allowed Defendant to circumvent the overtime requirements of the FLSA, which is simply not the case. Accordingly, Plaintiff or his counsel should be precluded from using terms like "Chinese Overtime" to describe the fluctuating workweek method of paying overtime.

IV. **TESTIMONY REGARDING THE "FAIRNESS" OF THE FLUCTUATING WORKWEEK METHOD OF PAY SHOULD BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL**

Plaintiff and his counsel will likely also suggest to the jury that the fluctuating workweek method of pay is not "fair" as argued in Plaintiff's Motion for Summary Judgment (D.E. 72, pp. 7–10) and in the Reply to Defendant's Motion for Summary Judgment (D.E. 80, p. 7). Again, the Fluctuating Work Week is a legal pay method under the FLSA. The issues before the Court are not whether the pay method is "fair," but rather whether Defendants met the legal requirements for its use and whether it was applied correctly. Fairness is irrelevant, and arguments of such seek to mislead the jury from the relevant issues and to prejudice Defendants by inciting some emotional conclusion or decision by the jury based on fairness as opposed to the requirements of the law. Federal Rule of Evidence 402 mandates the preclusion of evidence which is not

3

relevant. *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1524 (11th Cir. 1985); *Copeland v. Gulf Oil Corp.*, 672 F.2d 867, 871 (11th Cir. 1982). "Relevant evidence" is defined in Federal Rule of Evidence 401 as having "any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." The DOL and FLSA recognize the fluctuating workweek method of pay as a lawful method of paying overtime. It is therefore entirely irrelevant whether Plaintiff or anyone else believes that this method of pay is fair or circumvents the FLSA. Any argument or testimony regarding the fairness of the fluctuating workweek method would also be highly prejudicial to the Defendant and have no probative value. There can be no doubt that Plaintiff's use of a fairness argument is for the sole intent of creating the illusion of liability by providing irrelevant testimony squarely unrelated to the actual issues in this case. Therefore, any argument or testimony regarding the fairness of the fluctuating workweek method should be excluded.

V. **TESTIMONY FROM PAUL ZAK, DENISE HEGEMAN, GILBERTO BOBILLO AND OTHERS REGARDING WHETHER THEY UNDERSTOOD "HOW" THE FLUCTUATING WORKWEEK METHOD WAS CALCULATED SHOULD BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL**

Testimony by other employees of Defendant regarding the question of whether they understood how the fluctuating workweek method was actually calculated should be excluded because it is not relevant, would be unfairly prejudicial to Defendants, and would be confusing to the trier of fact. Plaintiff will likely attempt to elicit testimony from Paul Zak, Denise Hegeman, Gilberto Bobillo and others related to whether they understood how the fluctuating workweek method was calculated. The issue before the Court is whether the employees understood that they would be paid a salary for all hours worked and would be paid overtime for hours over forty. Here, Plaintiff seeks to confuse the legal requirement by arguing that the employee must

4

"agree" to the pay method, implying that they must understand the calculations.  This is not the legal standard, misstates the law, and seeks to mischaracterize the legal issues to the jury.

In this case, Plaintiff seeks to mislead the jury through the testimony of non-decisionmaker Paul Zak and Denise Hegeman who were not Plaintiff's supervisors and Gilberto Bobillo who had no part in the decision of what method would be used in paying Plaintiff under the fluctuating workweek method.  Thus, any testimony or lay opinion as to what these particular witnesses understood or believed as to how Plaintiff's payroll was calculated is entirely irrelevant.  In fact, it is not even required for the proper application that of this method that Plaintiff understood how it works.  The Eleventh Circuit has clearly stated that "[n]either the regulation nor the FLSA in any way indicates that an employee must also understand the manner in which his or her overtime pay is calculated."  *Davis v. Friendly Exp., Inc.*, 2003 WL 21488682, at *2 (11th Cir. Feb. 6, 2003).  All that is required for the proper application of the fluctuating workweek method is that:

> (1) the employee is paid a fixed salary that does not vary with the number of hours worked during the workweek (excluding overtime premiums);
>
> (2) the salary is sufficiently large to ensure that no workweek will be worked in which the employee's earnings from the salary fall below the Act's minimum wage rate;
>
> (3) the employer and employee share a "**clear mutual understanding**" that the salary covers all hours worked during the workweek, regardless of the number; and
>
> (4) the employee's hours fluctuate from week to week.

29 C.F.R. § 778.114 (emphasis added).

Thus, whether other employees, including Denise Hegeman, Paul Zak, and Giberto Bobillo understood how the fluctuating workweek method works has no bearing on the case.  No evidence on this issue should be allowed to be presented at trial, even for purposes of

5

impeachment, as such evidence is irrelevant and merely a collateral issue. Pursuant to Eleventh Circuit law, "[t]here is no right to impeach a witness with respect to collateral or irrelevant matters." *United States v. Russo,* 796 F.2d 1443, 1454 (11th Cir. 1986) (citations omitted); *see also United States v. Ndiaye,* 434 F.3d 1270, 1282 (11th Cir. 2006) (noting that "[a] matter is collateral if the matter itself is not relevant in the litigation to establish a fact of consequence, *i.e.,* not relevant for a purpose other than mere contradiction of the in-court testimony of the witness") (citations omitted).

Accordingly, no evidence should be introduced at trial—for any purpose—as to whether other employees understood how the fluctuating workweek method of pay works, as such evidence is irrelevant to the Court's determination of whether the method was applied properly.

## GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), defense counsel made a good faith attempt to confer with Plaintiff's counsel, who indicated that they do not oppose the relief requested under III but do oppose the relief requested in IV and V in this Motion.

Dated this 17th day of January, 2017.

                            Respectfully submitted,

                            */s/ Jennifer M. Moore*
                            JENNIFER MONROSE MOORE
                            Florida Bar Number 035602
                            E-mail:jennifer.moore@ogletreedeakins.com
                            INA F. CRAWFORD
                            Florida Bar Number 117663
                            E-mail: ina.crawford@ogletreedeakins.com
                            OGLETREE, DEAKINS, NASH, SMOAK
                               & STEWART, P.C.
                            100 North Tampa Street, Suite 3600
                            Tampa, Florida 33602
                            Telephone: 813.289.1247
                            Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANTS
YACHTING PROMOTIONS, INC. and
ROBERT CORREA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Jennifer M. Moore*
    Attorney

**SERVICE LIST**

J.H. Zidell
Joshua H. Sheskin
Neil Tobak
Stephen M. Fox, Jr.
Allyson Greer Kutner
Rivkah F. Jaff
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
zabogado@aol.com
jsheskin.jhzidellpa@gmail.com
ntobak.zidellpa@gmail.com
stephen.fox.esq@gmail.com
amorgado.jhzidell@gmail.com
rivkah.jaff@gmail.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

28327582.1