UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                       )
          Plaintiff,                             )
  vs.                                                     )
                                                       )
YACHTING PROMOTIONS, INC.,  )
ROBERT COREAS,                   )
                                                       )
          Defendants.                        )
_____)

**PLAINTIFF'S OMNIBUS MOTION IN *LIMINE***

    Plaintiff, by and through Undersigned Counsel, and pursuant to the Federal Rules of Civil Procedure, moves that this Court Grant Plaintiff's Omnibus Motion in *Limine* and states;

1. Plaintiff moves in *limine* to exclude reference to, or introduction of, the following issue: Reference to Plaintiff and/or his respective familial relations, co-parents, past/present significant others, or children ever applying for, receiving, and/or losing, government assistance/aid of any kind, including, but not limited to, food stamps, welfare and/or medical benefits.

**MEMORANDUM OF LAW**

**Reference To Plaintiff Or Plaintiff's Respective Spouses, Co-Parents, Significant Others, Or Children Ever Applying Or Receiving Any Government Assistance Of Any Kind, Including, But Not Limited To, Food Stamps, Welfare And/Or Medical Benefits.**

    Under Fed.R.Ev. 401, relevant evidence, is evidence having any tendency to make a fact more or less probable than it would be without that evidence, provided that fact is of consequence in determining the action.

1

Any reference to Plaintiff or Plaintiff's spouse, significant other, co-parent, or children, ever applying for or receiving any government assistance of any kind, including, but not limited to, food stamps, welfare and/or medical benefits should be excluded. Reference to same is not relevant evidence, as it does not make any fact of consequence more or less probable.

The consequential facts are solely related as to whether the Fluctuating Work Week Method was applicable to Plaintiff and if not applicable, or properly applied, then what damages Plaintiff suffered. Plaintiff's receipt of government aid or desire to receive said aid, has no relation to the determination of the proper application of the Fluctuating Work Week Method or Plaintiffs damages.

Such irrelevant references will mislead the jury as they are uncertain as to what issues are relevant to their determination, because what the jury sees in court the jury will assume is relevant to their decision. If introduced, the proper focus that should be on whether the Defendant paid Plaintiff correctly and had proper procedures in place for same, will be eschewed as the jury is lead down a path of irrelevant biasing material.

Any reference to Plaintiff's use of or application to governmental aid programs should also be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  Whether Plaintiff applied for or received governmental assistance has absolutely no probative value and will only be used by the Defendants to unfairly prejudice and confuse the jury against Plaintiff.

Time will be wasted presenting this evidence, causing undue delay and confusing the issues. As such, any reference to governmental aid programs has absolutely no probative value and can only be used to unfairly prejudice the jury and pursuant to Rule 403 of the Federal Rules of Evidence should be excluded from trial.

WHEREFORE; Plaintiff respectfully moves that the Court grant Plaintiff' Motion in *Limine* and exclude reference to Plaintiff' or his respective spouses, co-parents or significant other, or children, ever applying for or receiving government assistance of any kind, including, but not limited to, food stamps, welfare and/or medical benefits.

## CERTIFICATE OF CONFERRAL

Undersigned conferred with Defense counsel, who opposes the relief sought in this motion, and agreed to relief not sought in this motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By: /s/Neil Tobak
    Neil Tobak, Esq.
    Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS FILED VIA CM/ECF ON 1/17/17:**

**BY: /s/    Neil Tobak**
**Neil Tobak, Esquire.**