UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-24308-JAL

| | |
|---|---|
| JOSEPH LUIS DE JESUS JR and all others similarly situated under 29 U.S.C. 216(b), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| YACHTING PROMOTIONS, INC., ROBERT COREAS, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

Plaintiff, by and through Undersigned Counsel, hereby responds in opposition to Defendants' Motion in Limine [D.E. 85], and states as follows in support;

**Defendants' Motion**

The Defendant move in limine on three issues;

1. The use of derogatory names for the Fluctuating Work Week Method (hereinafter, "FWW"), including despicable racially charged references (which were apparently used by a former firm associate, Undersigned Counsel would not write or argue any racially derogatory term). Undersigned Counsel fully agreed to this, and would never dream of using words like the ones referenced0x[ to explain anything, and is confused why this was an issue in the motion when it was one-hundred percent agreed upon.

2. Any comment on the fairness of the FWW.

1

3. Any mention that none of the managers who were deposed, including the Plaintiff's direct supervisor, knew what the FWW was.

Plaintiff still consents to number one and is confused as to why it is in the motion, because Plaintiff did not put the agreed issues in his Motion in Limine as not to waste the Court's time. Numbers Two and Three Plaintiff contests for the reasons explained below.

**MEMORANDUM OF LAW**

**I: Legal Standard;**

The standard for a Motion in Limine was previously held by this court to be as follows;

> "A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. See Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd., No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." Id.
>
> Generally, "[m]otions in limine are disfavored." Id. "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Accordingly, if evidence is not clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Id. (internal citation and quotation marks omitted). Even when a trial court does rule in limine, its ruling "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as appropriate. Stewart v. Hooters of Am., Inc., No. 8:04–cv–40–T–17–MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).:"

*Holderbaum v. Carnival Corp.*, No. 13-24216-CIV, 2015 WL 12085846, at *1 (S.D. Fla. Mar. 4, 2015)

**II: The Fairness of the FWW**

The Defendants seek to introduce Plaintiff's loss of government benefits as the reason why Plaintiff considered his pay unfair. Hence, why Defendants oppose the relief sought in Plaintiff's Motion in Limine excluding reference to same. Defendants want to introduce evidence that the Plaintiff allegedly considered his pay unfair because of a loss of government benefits (which is an interpretation that ignores the context of his testimony), while insisting that other evidence as to why Plaintiff considered his pay unfair be excluded. Allowing the former, while not the latter, magnifies the prejudicial effect of the introduction of evidence about the Plaintiff's receipt of government benefits, which Plaintiff has moved to exclude reference to.

Even if the reasons for denying the Defendants' Motion in Limine below were are persuasive, allowing out-of-context prejudicial evidence as to why the Plaintiff considered the FWW unfair (because of the loss of government benefits), and then barring any other explanation of why Plaintiff considered the FWW unfair, causes irreparable bias by inflaming the jury and not giving any way for the Plaintiff to mitigate the flames. Plaintiff states several times in his deposition that he considered his pay unfair because the more hours he worked the less he got paid for them.

Furthermore, when Defendants introduce the issue of Plaintiff's perceived fairness as it relates to the receipt of government benefits, it opens the door for Plaintiff's Counsel to introduce all the other reasons the Plaintiff thought his pay was unfair. Hence, if the Plaintiff's Motion in Limine is denied, and the Defendant's is granted, then the Defendants will open the door to the very arguments they are attempting to exclude, and granting their motion is meaningless and will complicate matters at trial.

In other words, the Defendants wish (through their opposition to Plaintiff's motion to exclude reference to government benefits) to introduce the Plaintiff's perception of the fairness of his pay, but only as it pertains to one reason why he is alleged to have thought it was unfair. That one alleged reason is to ignite prejudice in the jury. The Plaintiff gives reasons he thought the FWW was unfair that Defendants seek to exclude, while making his perception of the fairness of the FWW a relevant issue.

The Plaintiff asserted in deposition several times that his pay was unfair because the more he worked the less he made per hour, which under the rule of completeness would come in on re-direct. It comes in on re-direct after the Plaintiff is impeached with deposition testimony on government benefits, which is out of context and excludes the other reasons the Plaintiff thought his pay was unfair.

Hence, Defendants themselves plan to make the fairness of the FWW relevant, because the Defendants plan to use it in the context of receipt of government benefits. It is Defendants who plan to make the Plaintiff's perceived fairness of the FWW an issue at trial. Hence, the evidence is not inadmissible on all potential grounds, which this Court has held is necessary for evidence to be excluded in limine, and if the motion is granted, it will only be a future subject upon which the court must make rulings during the trial, when the proverbial door is opened by Defendants.

Furthermore, the Fluctuating Work Week was designed to be applied to seasonal labor, and the deposition testimony establishes that there really was no off season in the work Plaintiff performed. *See, Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *22 (N.D. Ala. Mar. 17, 2015). The simple fact of how the FWW works in the non-seasonal context, the more someone works the less they are paid per hour, is essential to the Jury's

calculation of damages. *See, Willoughby v. Youth Villages, Inc.*, 113 F. Supp. 3d 1265, 1272 (N.D. Ga. 2015) (Quoting *Davis v. Friendly Exp., Inc.,* Appeal No. 02–14111, 2003 WL 21488682 at * 1(11th Cir. Feb. 6, 2003). The determination of the regular rate upon which damages are calculated is a question of fact for a jury. *Rindfleisch v. Gentiva Health Servs., Inc.*, No. 1:10-CV-3288-SCJ, 2016 WL 4974969 (N.D. Ga. Jan. 7, 2016) (Citing  Ransom v. M. Patel Enterprises, Inc., 734 F.3d 377, 381 (5th Cir. 2013). This determination will intrinsically bias a jury, unless Defense Counsel can argue the fairness of the FWW. If there was an obvious benefit to Plaintiff because during times that he was not harvesting grain he was guaranteed something to live off then there would be no issue, because the jury could understand the trade-off benefitted the worker as much as the employer. In this case Defense Counsel, will need to justify the fact that the more Plaintiff worked the less he got paid, or the jury will simply determine that the FWW is a way for employers to cheat their employees, and be biased against Defendants regardless of any other issue in the case.

If Defendants' Motion is granted then the simple explanation of the more hours worked under the FWW the less someone is paid for those hours, which is necessary for the jury to understand in order to establish Plaintiff's regular rate, intrinsically biases the jury because there is no discussion of why it is fair to penalize someone for working more hours. As the faces of the jury turn sour, trial hardened Opposing Counsel will realize the jury is already biased and she must cure with an argument on fairness. Hence, Defense Counsel will also request a new ruling on the issue mid-trial, and there is no purpose in excluding the evidence now, when doing so will take additional time during the actual trial, and the one of the purposes of a motion in limine is to save time during trial. *See, Bradely v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064 (3rd Cir. 1990) (D.E. 85, Defendants Motion in Limine, page 2).

If Defense Counsel is not allowed to argue the fairness of the FWW, and the Plaintiff can simply rely on the jury to draw its own conclusion about a system that in this context is designed to pay employees less for working more, than no jury instruction or curative instruction will matter in the jury room.

Lawyers generally like to pretend that we can instruct juries that they did not hear something, and that they are not to consider things they obviously want to. Experienced trial lawyers know that once a bell is rung, it is rung, and the jury need not justify its decision to anyone. Juries will do what they choose to do regardless of how instructed, unless there is the rare dominant voice in the jury room that can keep everyone from going home for hours, or days, because the dominant juror insists on following the rules and gets his/her way when everyone is insisting they want to get home.

The jury can sit through endless sidebars, being excused, and debates over jury instructions they will largely ignore because of bias, while fairness inevitably becomes an issue; regardless of the results of Defendants Motion in Limine. The FWW appears to the common juror to be unfair, unless justified as fair to the bewildered jury who cannot understand why it is allowable for someone to be paid less, for working more, and wonders whether their employer can pay them less too.

### III: Testimony of Managers that The Managers did not Know how the FWW Works

The first problem with the Defendants' requested relief is that it is too broad by including the words "and others," which includes the Individual Defendant. The understanding of the Individual Defendant (who acted as the Corporate Representative at deposition) is essential to the requirement of a mutual understanding between the employer and employee. A mutual

understanding between both the employer and the employee is necessary to the proper implementation of the FWW. *See, Lewis v. Keiser Sch., Inc.*, 2012 WL 4854724, (S.D. Fla. Oct. 12, 2012); *Scott v. OTS Inc.*, 2006 WL 870369, (N.D. Ga. Mar. 31, 2006) (Court citing <u>29 C.F.R. § 778.114</u>, & *Davis v. Friendly Express, Inc.,* <u>2003 WL 21488682, *1 (11th Cir. Feb.6, 2003)</u>) *Teblum v. Eckerd Corp. of Fla.*, 2006 WL 288932 (M.D. Fla. Feb. 7, 2006) *Reasoner v. All Seasons Pool Serv., Inc.*, 2007 WL 4326808 (M.D. Fla. Dec. 7, 2007); *Black v. SettlePou, P.C.*, 732 F.3d 492, 498 (5th Cir. 2013); *West v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2011 WL 208314 (M.D. Fla. Jan. 21, 2011); & 29 C.F.R. §778.114.

A mutual understanding includes an understanding on the part of the employer, hence the word mutual. *See, Id.* Excluding questioning of the Individual Defendant and the Corporate Representative (who is the same person), as to the fact that the employer admitted not understanding how the FWW worked, would exclude some of the most relevant evidence Plaintiff may present.

The Defendant's Motion in Limine would exclude necessary testimony, which bears significant relevance under Fed.R.Ev. 401, because it makes one of the central facts at issue in the case, whether the FWW was properly implemented, more less likely to be true. It is makes the central fact that the jury must answer, whether the FWW was implemented properly, less likely to be true, because mutual understanding is one of four requirements the Eleventh Circuit held is necessary to the proper implementation of the FWW. The Corporate Representative did not understand, which is determinative of the issue that there could not have been a mutual understanding, because even if the Plaintiff understood the employer did not, and mutual means both parties. This evidence is highly relevant and central to Plaintiff's burden to prove the FWW was improperly applied to him.

7

Reference to a required element of proper implementation of the FWW is not collateral, but rather central to the question that the Defendants contend is the only relevant question, whether the FWW was implemented properly. It makes the truth of same more, or less, probable and hence is relevant under Fed.R.Ev. 401. The issue cannot be collateral when the Defendants themselves believe it is the only issue, nor is it ever collateral to an FLSA Case involving the FWW. *See, Ziegler v. Tower Communities, LLC*, No. 2:13-CV-872-KOB, 2015 WL 1208643, at *21 (N.D. Ala. Mar. 17, 2015).

The other employees who did not understand the FWW are supervisors/managers paid by the FWW Method. If company-wide the FWW was implemented improperly, which appears to be the case because none of the supervisors/managers, nor Corporate Representative/Individual Defendant, understood the FWW, same bears direct relevance to the jury question of willfulness, and the question for the Court of good faith.

Furthermore, if the management personnel, the Corporate Representative and the Individual Defendant, could not explain the FWW to the Plaintiff, because they, and the company, did not know how the FWW worked, despite being paid that way, then evidence of same makes a material fact asserted by Plaintiff, and contested by Defendants (that there was no mutual understanding of the FWW), less probable.

The testimony is highly relevant and not at all collateral under Fed.R.Ev. 402. Exclusion of such evidence would severely bias the Plaintiff's ability to put on his case, and prove the FWW was incorrectly applied. Hence, this issue is central and not collateral, and it would be beyond biasing, in fact devastating, if Plaintiff could not present this key evidence.

**WHEREFORE:** Plaintiff, by and through Undersigned Counsel, hereby responds in opposition to Defendants' Motion in Limine [D.E. 85], and moves that this Court deny same, as it applies to

references to fairness of the FWW, and reference to the supervisory employees/management and Individual Defendant/Corporate Representative, not knowing how the FWW works.

.

                         Respectfully Submitted,

                         J.H. Zidell, P.A.
                         300 71st Street, Suite 605
                         Miami Beach, Florida 33141
                         Tel: (305) 865-6766
                          Fax: (305) 865-7167
                         *Attorneys for Plaintiff*

                         By: /s/ Joshua H. Sheskin
                         Joshua H. Sheskin, Esq.
                         Jsheskin.jhzidellpa@gmail.com
                         Florida Bar Number: 93028

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on January 30, 2017.

                         J.H. Zidell, P.A.
                         300 71st Street, Suite 605
                         Miami Beach, Florida 33141
                         Tel: (305) 865-6766
                          Fax: (305) 865-7167
                         *Attorneys for Plaintiff*

                         By: /s/ Joshua Sheskin
                         Joshua H. Sheskin, Esq.
                         Jsheskin.jhzidellpa@gmail.com
                         Florida Bar Number: 93028