UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

| | |
|---|---|
| JOSEPH LUIS DE JESUS JR., and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YACHTING PROMOTIONS, INC., and ROBERT COREAS, | ) ) ) |
| Defendants. | ) ) |

**JOINT PRETRIAL STATEMENT**

Plaintiff JOSEPH LUIS DE JESUS, JR. ("Plaintiff") and Defendants YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants"), by and through undersigned counsel and pursuant to S.D. Fla. Local Rule 16.1(e), respectfully file their Joint Pretrial Statement:

**I.    CONCISE STATEMENT OF THE CASE BY EACH PARTY**

**A.    PLAINTIFF'S CASE**

Plaintiff, Joseph Luis De Jesus Jr, brings this action under the FLSA, claiming unpaid overtime. Plaintiff alleges that the Fluctuating Workweek Method was an improper way to calculate his overtime and that Plaintiff is owed outstanding overtime pay.

**B.    DEFENDANTS' CASE**

Yachting Promotions compensated Plaintiff for all hours, including overtime, pursuant to the Fluctuating Workweek Calculation Method, 29 CFR §778.114 ("FWW Method") as set forth

---

[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."

in the federal Fair Labor Standards Act.  Plaintiff and Yachting Promotions mutually understood that Plaintiff was paid a salary for all hours worked each week, and was paid overtime calculated under the Fair Labor Standards Act's Fluctuating Work Week Method for all hours worked in excess of 40 hours each week.  The hours worked by Plaintiff fluctuated week to week.  As such, under the Fair Labor Standards Act's Fluctuating Work Week Method, Plaintiff's regular rate also fluctuated from week to week, but did not fall below the federal minimum wage.  Under the Fair Labor Standards Act's Fluctuating Work Week Method of pay, Plaintiff's regular rate was determined by dividing the number of hours Plaintiff worked in the workweek into his fixed salary.

Plaintiff's overtime pay for hours worked over 40 in a workweek was half of this regular rate.  During the course of Plaintiff's employment with Yachting Promotions, Yachting Promotions used the U.S. Department of Labor's published Coefficient Table for Computing Extra Half-Time for Overtime ("DOL Computation Table") to Plaintiff's regular salary and paid his overtime according to the Department of Labor's Table.  Yachting Promotions' application of the Fluctuating Workweek Calculation Method has already been held by the federal appellate court to comply with the requirements of federal law under the Fair Labor Standards Act. (*See Danilo Lopez Garcia v. Yachting Promotions, Inc.*, Case No. 16-10095 (11th Cir. October 27, 2016).  At all times, Yachting Promotions acted lawfully and in good faith, and properly relied on Department of Labor's regulations concerning the Fair Labor Standards Act's Fluctuating Work Week Method of pay in compensating Plaintiff.  Because there is no willful illegal conduct by Yachting Promotions, Plaintiff is not entitled to liquidated damages.

Similarly, Defendant Correa is not an employer as defined under the Fair Labor Standards Act.  Mr. Correa had no "operational control" in the company and was not Plaintiff's

direct supervisor. There is no evidence that Defendant Correa was involved in any way in the Company's decision to use the federal Fair Labor Standards Act's Fluctuating Work Week Method of pay for its employees.

Accordingly, for these reasons, both Defendants deny liability and may seek an award of attorneys' fees and costs against Plaintiff.

## II.   BASIS OF FEDERAL JURISDICTION

Plaintiff asserts a claim of failure to pay overtime[2] in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

## III.  THE PLEADINGS RAISING THE ISSUES

   A.   Plaintiff's Complaint (Dkt. 1);

   B.   Yachting Promotion's Answer Defenses to Plaintiff's Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations (Dkt. 66); and

   C.   Correa's Answer Defenses to Plaintiff's Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations (Dkt. 67).

## IV.  UNDISPOSED MOTIONS OR OTHER MATTERS

   A.   Plaintiff's Motion for Partial Summary Judgment (Dkt. 72);

   B.   Defendants' Motion for Final Summary Judgment and Incorporated Memorandum of Law (Dkt. 74);

   C.   Defendants' Notice of Filing Supplemental Authority in Support of Defendants' Motion for Summary Judgment (Dkt. 75);

   D.   Defendants' Response Opposing Plaintiff's Partial Motion for Summary Judgment (Dkt. 78);

   E.   Plaintiff's Response to Defendants' Motion for Final Summary Judgment (Dkt. 79);

   F.   Plaintiff's Reply in Support of DE 72 Plaintiff's Motion for Partial Summary Judgment (Dkt. 80);

---

[2] Plaintiff voluntarily dismissed a retaliatory discharge claim (Dkt. 69).

      G.      Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Final Summary Judgment (Dkt. 81);

      H.      Defendants' Motion *in Limine* (Dkt. 85);

      I.      Plaintiff's Omnibus Motion *in Limine* (Dkt. 86);

      J.      Defendant's Response to Plaintiff's Omnibus Motion *in Limine*; and

      K.      Plaintiff's Response to Defendant's Motion *in Limine*.

**V.     CONCISE STATEMENT OF FACTS WHICH REQUIRE NO PROOF AT TRIAL**

The parties agree that while the following facts are uncontested, this recitation does not prevent either party from presenting evidence supporting these facts at trial, nor does it indicate that either party agrees to the relevance of any uncontested fact:

      A.      Yachting Promotions is an "employer" within the meaning of 29 U.S.C. § 203(d) with respect to Plaintiff;

      B.      Plaintiff worked for Yachting Promotions from December 10, 2011, to November 9, 2015;

      C.      The period for alleged damages in this case begins December 1, 2013 and ends November 9, 2015;

      D.      It is undisputed that before December 2, 2013, Plaintiff received all pay and overtime for all hours worked, and there is no dispute between the parties for any work performed or pay received before December 2, 2013;

      E.      Beginning on or about December 2, 2013, and continuing until the time of the separation of his employment, Plaintiff was paid $620.00 per week (later raised to $638.60;.

      F.      Plaintiff's regular rate of pay was calculated by dividing the number of hours worked each workweek into his weekly salary;

      G.      Plaintiff's pay never fell below federal minimum wage;

      H.      Defendant Yachting Promotions, Inc employed two (2) or more employees engaged in interstate commerce for the years 2013 through 2016; and

      I.      Defendant Yachting Promotions, Inc grossed over $500,000 annually for the years 2013 through 2016.

**VI.     ISSUE OF FACTS WHICH REMAIN TO BE LITIGATED**

  A. Whether Plaintiff/Defendants understood that Plaintiff would be paid a salary for all hours worked be they many or few;

  B. Whether Plaintiff/Defendants understood that Plaintiff would receive overtime for all hours worked over 40 in a work week;

  C. Whether Plaintiff's hours worked in a week fluctuated from under, equal to, or more than 40 hours a workweek;

  D. Whether Plaintiff received a 'fixed salary' as that term is used in 29 CFR §778.114;

  E. Whether Yachting Promotions paid Plaintiff the proper measure of overtime;

  F. Whether Plaintiff was paid half of his regular rate each week for every hour worked over 40 in that week;

  G. Whether Yachting Promotions properly calculated Plaintiff's overtime;

  H. What is the proper amount Plaintiff was owed for any overtime hours.

  I. Plaintiff was responsible for accurately recording his hours, which he did through a time clock;

  J. Whether all hours Plaintiff worked were properly recorded while he worked at Yachting Promotions;

  K. Whether Yachting Promotions acted with a good faith belief of compliance with federal law;

  L. Whether Yachting Promotions and all of its officers, managers, or agents acted in good faith and did not commit any willful violation of any of the provisions of the FLSA; and

  M. Whether Plaintiff is entitled to liquidated damages.

**VII.    CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

  A. The Court has jurisdiction over the parties and subject matter;

  B. Venue is proper in the Southern District of Florida, Miami Division;

  C. The Federal Rules of Civil Procedure and the Federal Rules of Evidence apply to the trial of this matter;

  D. Plaintiff is entitled to a trial by jury;

E.     This action is not a collective action under the FLSA or a class action under Rule 23;

F.     To succeed on his claims for unpaid overtime under the FLSA, Plaintiff must prove that he worked in excess of forty (40) hours in a given workweek and was not paid the proper amount in overtime pay for those hours;

G.     The statute of limitations for pursuing claims for unpaid overtime wages under the FLSA is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a);

H.     Generally, an employer found to have violated the FLSA is liable for the amount of the employee's unpaid wages or compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employer can avoid a liquidated damages award, however, by demonstrating that it acted in good faith and had reasonable grounds for believing that the employee was not entitled to overtime compensation under the statute. An employer who violates the FLSA's compensation provision carries the burden of proving its entitlement to the safe harbor. To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008); and

I.     To establish that an employer's violation of the act was willful, Plaintiff must prove by a preponderance of the evidence that Yachting Promotions "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008).

**VIII.   ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

    **A.   ISSUES OF LAW PARTIES AGREE REMAIN FOR DETERMINATION BY THE COURT**

1. Whether Defendant Correa is an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d);

2. Should Defendants have applied 29 C.F.R. §778.113(a) rather than 29 C.F.R. §778.114 to determine Plaintiff's 'regular rate'.

3. Whether Yachting Promotions fulfilled the requirements for use of the Fluctuating Work Week method of pay for Plaintiff, if use of such method was appropriate.

4. What is the proper devisor to calculate Plaintiffs 'regular rate.'

5. The proper divisor upon which to calculate Plaintiff's overtime rate.

6. The amount of attorneys' fees, if any, to be awarded to the Plaintiff should he prevail at Trial;

7. The amount of costs, if any, to be awarded to the prevailing party; and

8. Any issues of law raised by the pleadings, and/or filings/docket entries, not otherwise stipulated to herein or by the parties.

**B. ISSUES OF LAW DEFENDANTS BELIEVE REMAIN FOR DETERMINATION BY THE COURT OVER PLAINTIFF'S OBJECTION**

1. The amount of attorneys' fees, if any, to be awarded to the prevailing party.

## IX. ESTIMATED TRIAL TIME

The parties estimate that a jury trial of this matter would take three (3) to four (4) days.

## X. ESTIMATED ATTORNEYS' FEES TO THE PREVAILING PARTY

A. Plaintiff estimates that approximately $125,000.00 would be allowable to Plaintiff for attorneys' fees and litigation expenses through trial; and

B. Defendants reserve the right, should Plaintiff prevail at trial, to review Plaintiff's attorneys' time records to determine reasonability. Defendants further reserve the right to file post-judgment motions related to attorneys' fees. Plaintiff does not agree Defendant has said right.

Dated this 30th day of January, 2017.

Respectfully submitted,

*/s/ Joshua H. Sheksin*
JOSHUA H. SHESKIN
Florida Bar Number 93028
E-mail: jsheskin.jhzidellpa@gmail.com
NEIL TOBAK
Florida Bar Number 93940
E-mail: ntobak.zidellpa@gmail.com

J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: 305.865.6766
Facsimile: 305.865. 7167

*Counsel for Plaintiff Joseph Luis de Jesus, Jr.*

Respectfully submitted,

*/s/Jennifer Monrose Moore*
JENNIFER MONROSE MOORE
Florida Bar Number 035602
E-mail: jennifer.moore@ogletreedeakins.com
INA F. CRAWFORD
Florida Bar Number 117663
E-mail: ina.crawford@ogletreedeadins.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

*Counsel for Defendants Yachting Promotions, Inc. and Robert Correa*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jennifer Monrose Moore*
Attorney

**SERVICE LIST**

Joshua H. Sheskin
Neil Tobak
Jamie H. Zidell
Rivka F. Jaff
Stephen M. Fox, Jr.
Allison Morgado
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141

jsheskin.jhzidellpa@gmail.com
ntobak.zidellpa@gmail.com
zabogado@aol.com
rivkah.jaff@gmail.com
stephen.fox.esq@gmail.com
amorgado@coronapa.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

28523661.1