**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 15-24308-CIV-LENARD/GOODMAN

| | |
|---|---|
| JOSEPH LUIS DE JESUS JR, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YACHTING PROMOTIONS, INC., and ROBERT COREAS, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

Defendants YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants"), hereby submit their Opposition to Plaintiff, JOSEPH LUIS DE JESUS, JR's ("Plaintiff"), Omnibus Motion in *Limine* (Dkt. 86). In support, Defendants state as follows:

1. Plaintiff seek to exclude any "reference to, or introduction of, the following issue: Reference to Plaintiff and/or his respective familial relations, co-parents, past/present significant others, or children ever applying for, receiving, and/or losing, government assistance/aid of any kind, including, but not limited to, food stamps, welfare and/or medical benefits."

2. However Plaintiff has admitted that his government benefits and those for his family members were the topic of his discussion with Defendant Correa when Plaintiff complained about his pay.[2] (Pl. Dep. 157:22-159:11) The reasons for Plaintiff's concern about his pay and

---

[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."

2

what was discussed when Plaintiff discussed his pay with Defendant Correa is relevant to Plaintiff's claim that he was not properly paid overtime under the FLSA. Evidence of Plaintiff's complaints to Defendant Correa about not wanting to be paid a salary anymore because he lost his government benefits, makes it more probable that Plaintiff understood that he was paid a salary which covered all hours worked and was merely upset that as a consequence of this change in the method by which he was paid he lost his benefits and benefits for his family members. Plaintiff's understanding that he was being paid a salary, evidenced by his complaints about the same, which included discussions about losing his and his family's government benefits, is one of the central issues of the entire case.

3. Furthermore, the jury will not be confused and Plaintiff not be prejudiced by Plaintiff's own explanation as to why he discussed his pay with Defendant Correa and what exactly he discussed with Defendant Correa when he complained to him about his pay. The probative value of this evidence clearly outweighs any potential prejudice.

4. Finally, Plaintiff's Motion in *Limine* is belied by his own Deposition Designations, which specifically include testimony by Plaintiff about his family members. (See Dkt. 87; Designation of Plaintiff's Deposition 23:9-23:10 and 30:7-30:9).

5. Because the evidence that Plaintiff seeks to exclude is relevant and not prejudicial, his Motion is *Limine* should be denied.

WHEREFORE, Defendants respectfully request that Plaintiff's Omnibus Motion in *Limine* be denied.

Dated this 17th day of January, 2017.

Respectfully submitted,

*/s/ Jennifer M. Moore*
JENNIFER MONROSE MOORE
Florida Bar Number 035602
E-mail:jennifer.moore@ogletreedeakins.com
INA F. CRAWFORD
Florida Bar Number 117663
E-mail: ina.crawford@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANTS
YACHTING PROMOTIONS, INC. and
ROBERT CORREA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jennifer M. Moore*
Attorney

## SERVICE LIST

J.H. Zidell
Joshua H. Sheskin
Neil Tobak
Stephen M. Fox, Jr.
Allyson Greer Kutner
Rivkah F. Jaff
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
zabogado@aol.com
jsheskin.jhzidellpa@gmail.com
ntobak.zidellpa@gmail.com
stephen.fox.esq@gmail.com
amorgado.jhzidell@gmail.com
rivkah.jaff@gmail.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

28485326.1