UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                  )
    Plaintiff, )
                                                                  )
v. )
                                                                  )
YACHTING PROMOTIONS, INC., and )
ROBERT COREAS, )
                                                                  )
    Defendants. )
                                                                  )

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

      Defendants YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants"), hereby submit their Reply to Plaintiff' Response in Opposition to Defendants' Motion *in Limine* (Dkt. 89). In support, Defendants state as follows:

**MEMORANDUM OF LAW**

      Defendants' Motion *in Limine* seeks to preclude Plaintiff, JOSEPH LUIS DE JESUS, JR ("Plaintiff"), or his counsel, from presenting evidence or commenting in the presence of the jury (in opening statement, closing argument, or otherwise) and/or alluding to, introducing, or eliciting, any evidence (either testimonial or documentary) with regards to:

      I.    Derogatory terms to describe the fluctuating workweek method of pay;

      II.   Testimony regarding the fairness of the fluctuating workweek method of pay;

---

[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."

    III.    Testimony by other employees of Yachting Promotions regarding the question of whether they understood how the fluctuating workweek method was actually calculated.

While Plaintiff agreed not to use any derogatory terms when referring to the fluctuating workweek method, it opposes Defendants' Motion *in Limine* with regard to any argument that Plaintiff seeks to meet concerning the "fairness" of the Fluctuating Work Week ("FWW") pay method under the Fair Labor Standards Act ("FLSA") and/or the testimony by other non-supervisory employees of Plaintiff as to whether they individually can explain the FWW pay calculations.

    **I.    DEROGATORY TERMS FOR FLUCTUATING WORKWEEK METHOD**

Plaintiff agrees to Defendants' motion *in limine* on this issue, and an order granting Defendants' request is appropriate.

    **II.    TESTIMONY REGARDING THE "FAIRNESS" OF THE FLUCTUATING WORKWEEK METHOD OF PAY SHOULD BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL**

Plaintiff asserts that he should be able to put forth evidence of whether the FWW pay method is "fair." However, the issue before the jury in this case is not whether the FWW pay method is "fair," but whether Yachting Promotions legally implemented it consistent with the requirements of the FLSA. Plaintiff's "fairness" arguments seek to misstate the law and mislead the jury and is a classic example of evidence that should be excluded under Fed. R. Evid. 403.

Specifically, fairness is wholly irrelevant. Rather, the relevant inquiry is whether there is a "clear mutual understanding that the salary covers all hours worked during the workweek, regardless of the number." *See* 29 C.F.R. § 778.114; *Garcia v. Yachting Promotions, Inc.*, 2016 WL 6276046, at *2 (11th Cir. Oct. 27, 2016) ("An employee does not have to understand every contour of how the fluctuating workweek method is used to calculate salary, so long as the

2

employee understands that his base salary is fixed regardless of the hours worked."); *Garcia v. Port Royale Trading Co. Inc.*, 198 Fed. App'x. 845, 846 (11th Cir. 2006) (affirming summary judgment and holding that "[d]espite [plaintiff's] claims of not understanding how he was paid . . . he did understand how much money he was paid each week.)*; Valerio v. Putnam Associates Inc.*, 173 F.3d 35, 37 (1st Cir. 1999) (holding that "parties must only have reached a 'clear mutual understanding' that while the employee's hours may vary, his or her base salary will not"). Regardless of the "fairness," to an individual – like Plaintiff – where the statutory requisites are met for the use of the FWW method of compensation under the FLSA, the compensation method is legal and permitted to be used by an employer. Plaintiff alleges that fairness is necessary based on testimony by Plaintiff that he inquired of Defendant Correa and requested to be returned to an hourly method of pay for his own personal reasons and not because did not have an understanding as to whether his guaranteed salary compensated him for all hours worked in a workweek.

Fairness or unfairness of a compensation method legal under the FLSA is not before the jury – only whether it was legally applied and used by Yachting Promotions. Congress and the Department of Labor have already spoken as to the legality of the FWW method of compensation. Arguments of fairness seek only to lead the jury away from their duty to apply and follow the law, and any probative value of such is substantially outweighed by the risk of undue prejudice to Defendants – in this case that risk is substantial.

Defendants are entitled to an order precluding Plaintiff from introducing evidence of whether the FWW method of compensation is fair.

### III. TESTIMONY FROM PAUL ZAK, DENISE HEGEMAN, GILBERTO BOBILLO AND OTHERS REGARDING WHETHER THEY UNDERSTOOD "HOW" THE FLUCTUATING WORKWEEK METHOD WAS CALCULATED

Contrary to Plaintiff's assertion, Defendants do not seek to exclude testimony by the Defendant Robert Correa in his individual or Corporate Representative capacity. However, to the extent that Plaintiff seeks to impeach Defendants by attempting to bind Defendant Yachting Promotions concerning testimony elicited from Defendant Correa which was outside the scope of the corporate representative deposition areas of inquiry should be precluded. Specifically, Plaintiff seeks to bind Defendant Yachting Promotions as to Defendant Correa's understanding of how the fluctuating workweek overtime is calculated, and this is improper because Defendant Correa was not designated as the corporate deposition notice, and the objection to the scope of such was properly preserved at the time of the deposition.[2]

As to the remaining witnesses, the evidence sought to be elicited by these non-supervisory employees of Plaintiff as to whether they understood the specific calculation of the FWW compensation method is irrelevant and in this case, cumulative, where none of the proposed witnesses to this issue were Plaintiff's supervisor or any decision maker as to the use of the FWW compensation method by Defendant Yachting Promotions. *See Garcia v. Yachting Promotions, Inc.*, 2016 WL 6276046, at *2 (11th Cir. Oct. 27, 2016) ("An employee does not have to understand every contour of how the fluctuating workweek method is used to calculate

---

[2] While there is nothing prohibiting a party from inquiring beyond the scope of the areas of inquiry identified in the notice if the designated deponent has personal knowledge of the answer, the deposing party does so at their own peril because the corporation is not bound by the answer of the deponent. Where the deposing party exceeds the scope of the notice, the proper course for the party whose deposition is being taken is to allow the questioning. *King v. Pratt & Whittney*, 161 F.R.D. 475 (S.D. Fla. Apr. 27, 1995), aff'd by, 213 F.3d 646 (11th Cir. 2000) (unpublished table decision). Specifically, the Court stated, "[I]f the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Id*. Here, Plaintiff's counsel inquiring to matters outside of the notice when it asked Defendant Correa during the Corporate Representative Deposition whether he could explain the fluctuating workweek method of pay.

4

salary, so long as the employee understands that his base salary is fixed regardless of the hours worked."). The 11th Circuit Court of Appeals has already upheld this court's ruling that the continued acceptance of paychecks by a plaintiff demonstrates the requisite mutual understanding for proper implementation and use of the FWW compensation method under the FLSA. *Garcia v. Yachting Promotions, Inc.*, 2015 WL 12533144, at *2 (S.D. Fla. Dec. 8, 2015) ("paychecks echo . . . mutual understanding"), aff'd 2016 WL 6276046 (11th Cir. Oct. 27, 2016). Thus, there is no relevant evidence that Gilbert Bobillo, Denise Hegeman, and Paul Zack can provide to the jury concerning their own understanding of the FWW compensation method calculation of overtime. Paul Zak, Denise Hegeman, and Gilberto Bobillo had nothing to do with Plaintiff's wages.

Such evidence is calculated solely to confuse and mislead the jury, and any probative value is substantially outweighed by the risk of undue prejudice to Defendants and should be precluded as confusing, irrelevant, and highly prejudicial "litigation" of the individual questions whether or not other employees (not Plaintiff) had the appropriate understanding of the fluctuating workweek method, resulting in several trials within a trial. *Chavis v. Clayton County Sch. Dist.*, 147 Fed. Appx. 865, 868 (11th Cir. 2005) (finding that mini-trials of what employees other than the plaintiff may have experienced by defendant employer "could have confused the jurors into thinking that the mini-trials were the main case."). This "me too" evidence should be precluded under Fed. R. Evid. 403.

WHEREFORE, Defendants respectfully request that their Motion in *Limine* be granted in its entirety.

Dated this 6th day of February, 2017.

        Respectfully submitted,

        */s/ Jennifer M. Moore*
        JENNIFER MONROSE MOORE
        Florida Bar Number 035602
        E-mail:jennifer.moore@ogletreedeakins.com
        INA F. CRAWFORD
        Florida Bar Number 117663
        E-mail: ina.crawford@ogletreedeakins.com
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        100 North Tampa Street, Suite 3600
        Tampa, Florida 33602
        Telephone: 813.289.1247
        Facsimile: 813.289.6530

        ATTORNEYS FOR DEFENDANTS
        YACHTING PROMOTIONS, INC. and
        ROBERT CORREA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Jennifer M. Moore*
        Attorney

**SERVICE LIST**

J.H. Zidell
Joshua H. Sheskin
Neil Tobak
Stephen M. Fox, Jr.
Allyson Greer Kutner
Rivkah F. Jaff
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
zabogado@aol.com
jsheskin.jhzidellpa@gmail.com
ntobak.zidellpa@gmail.com
stephen.fox.esq@gmail.com
amorgado.jhzidell@gmail.com
rivkah.jaff@gmail.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

28622044.1