UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

JOSEPH LUIS DE JESUS, JR, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                        )
      Plaintiff, )
                                                           )
v. )
                                                           )
YACHTING PROMOTIONS, INC., and )
ROBERT COREAS, )
                                                           )
     Defendants. )
_____ )

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
AMENDED MOTION TO STRIKE PREVIOUSLY UNDISCLOSED WITNESS
DANILO LOPEZ GARCIA FROM
<u>PLAINTIFF'S TRIAL WITNESS LIST AND MEMORANDUM IN SUPPORT</u>**

Defendants Yachting Promotions, Inc. ("Yachting Promotions") and Robert Correa ("Correa") (collectively, "Defendants") respond to Plaintiff Joseph Luis De Jesus, Jr.'s ("Plaintiff") Response in Opposition to Defendants' Amended Motion to Strike (Doc. 112):

**FACTUAL BASIS FOR REPLY**

Plaintiff provides no reason or rationale why he should be permitted to call Danilo Lopez Garcia ("Mr. Garcia") as a witness in this case when Mr. Garcia was never disclosed to Defendants by Plaintiff in any way as an individual with knowledge of facts relating to Plaintiff's specific claims. Rather, Plaintiff argues that, because the undersigned law firm defended the 2015 case Mr. Garcia brought against Yachting

Promotions, there is no prejudice. However, Plaintiff omits that his counsel represented Mr. Garcia in the same 2015 action. At all times during the pendency, Plaintiff and Plaintiff's counsel knew of what information Mr. Garcia may have pertaining to Plaintiff's claims. However, Plaintiff utterly failed to disclose Mr. Garcia as an individual with knowledge of Plaintiff's claims. Rather, for the first time – well after the Court's deadline for filing witness lists, Plaintiff seeks to sandbag Defendants by adding Mr. Garcia to his witness list.

Defendants admittedly know the information Mr. Garcia knew about his own 2015 litigation claims – a case resolved by judgment in Yachting Promotions' favor holding that Yachting Promotions properly applied the fluctuating work week method of calculation ("FWW"); a judgment that was affirmed by the 11th Circuit Court of Appeals. The mere existence of Mr. Garcia's prior losing claims and its ultimate outcome in favor of Yachting Promotions is NOT, as Plaintiff asserts, probative of Plaintiff's claims that Defendants' actions in his case are willful violations of the Fair Labor Standards Act ("FLSA"). Rather, the 2015 Garcia litigation and its outcome are evidence of quite the contrary – the good faith reliance upon the Court's judgment affirmed by the 11th Circuit that Yachting Promotions' application of the FWW was proper under the FLSA. This evidence may be admitted at trial through other witnesses and/or judicial notice, and Mr. Garcia's testimony is not necessary.

Here, as explained in the Court's Order on the competing motions for summary judgment, the issue at trial is whether the per diem paid by Yachting Promotions to Plaintiff should be included in the regular rate therefore making the FWW inapplicable.

2

Not only did neither party fully explore this issue in discovery, this was not an issue in Mr. Garcia's 2015 litigation, and Yachting Promotions had not inquired regarding that issue in either the 2015 litigation or during discovery in this case. Mr. Garcia's testimony regarding the very topics described in the response in opposition (Doc. 112) establishes that any probative value of Mr. Garcia's testimony would be substantially outweighed by the undue prejudice to Defendants caused by Plaintiff's failure to disclose Mr. Garcia as an individual with knowledge of Plaintiff's claims prior to the close of the discovery period – a disclosure in the eleventh hour after discovery, dispositive motions, and the Court's pretrial deadlines for disclosing witnesses only makes this conduct more egregiously prejudicial.

## MEMORANDUM OF LAW

Fed.R.Civ.P. Rule 26(a)(1)(A), requires each party to disclose the names of individuals likely to have discoverable information that the party may use to support its claims or defenses and supplement such at appropriate intervals during the case. *Faulk v. Volunteers of Am., N. Ala., Inc.*, 444 Fed. Appx. 316, 317 (11th Cir. 2011); *Salamanca v. Robert Half Corp.*, 2003 WL 1825561, *9 (N.D. Ill. Apr. 3, 2003). Where this does not occur, such as here, "the party is not allowed to use that information or witness to supply evidence … at a **trial**, unless the failure to disclose was substantially justified or is harmless." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009). Here, Plaintiff's counsel also represented Mr. Garcia and were well aware of the information relating to Plaintiff's unique claims and arguments relating to the per diem – information not at issue in Mr. Garcia's own 2015 case. However, Defendants were not aware of

3

what information, if any, Mr. Garcia knew regarding the issues in Plaintiff's case. Plaintiff has provided no substantial justification for not disclosing Mr. Garcia, and the Defendants' lack of knowledge concerning the information Mr. Garcia may know regarding Plaintiff's claims herein makes the inexcusable failure to disclose Mr. Garcia anything but harmless to Defendants.  Plaintiff has failed to meet his burden of showing substantially justified or harmless failure to disclose Mr. Garcia.

WHEREFORE, Defendants Yachting Promotions, Inc. and Robert Correa respectfully request that the Court grant their Motion to Strike and enter an Order precluding Danilo Lopez Garcia from testifying at trial.

Dated this 16th day of May, 2017.

Respectfully submitted,

*/s/ Jennifer M. Moore*
JENNIFER MONROSE MOORE
Florida Bar Number 035602
E-mail: jennifer.moore@ogletree.com
VANESSA A. PATEL
Florida Bar Number 103928
E-mail: vanessa.patel@ogletree.com
INA F. CRAWFORD
Florida Bar Number 117663
E-mail: ina.crawford@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

*Counsel for Defendants Yachting Promotions, Inc. and Robert Correa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                         */s/ Jennifer M. Moore*
                                                                         Attorney

## SERVICE LIST

Jamie H. Zidell
Rivka F. Jaff
Neil Tobak
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
zabogado@aol.com
rivkah.jaff@gmail.com
ntobak.zidellpa@gmail.com

Stephen M. Fox, Jr.
WINDHAVEN INSURANCE COMPANY
7300 NW 19th Street, Suite 501
Miami, Florida  33126-1241
stephen.fox@windhaveninsurance.com

Allison Morgado
CORONA LAW FIRM, P.A.
3899 NW 7th Street, Suite 202B
Miami, Florida 33126-5551
amorgado@coronapa.com

Joshua H. Sheskin
FEDERAL DISABILITY ADVOCATES
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137-3255
JSheskin@jltrial.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

29830596.1