UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24308-CIV-LENARD/GOODMAN

**JOSEPH LUIS DE JESUS JR,**

    Plaintiff,

**v.**

**YACHTING PROMOTIONS, INC.
and ROBERT CORREA,**

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE (D.E. 85), GRANTING PLAINTIFF'S OMNIBUS MOTION IN LIMINE (D.E. 86), AND GRANTING DEFENDANTS' AMENDED MOTION TO STRIKE PREVIOUSLY UNDISCLOSED WITNESS DANILO LOPEZ GARCIA FROM PLAINTIFF'S TRIAL WITNESS LIST (D.E. 110)

**THIS CAUSE** is before the Court on Defendants Yachting Promotions, Inc. and Robert Correa's Motion in Limine, (D.E. 85), filed January 17, 2017.  Plaintiff Joseph Luis De Jesus Jr. filed a Response on January 30, 2017, (D.E. 89), to which Defendants filed a Reply on February 6, 2017, (D.E. 93).

Also before the Court is Plaintiff's Omnibus Motion in Limine, (D.E. 86), filed January 17, 2017.  Defendants filed a Response on January 31, 2017, (D.E. 91), to which Plaintiff did not file a Reply.

Also before the Court is Defendants' Amended Motion to Strike Previously Undisclosed Witness Danilo Lopez Garcia from Plaintiff's Trial Witness List, (D.E. 110),

filed May 4, 2017.  Plaintiff filed a Response on May 15, 2017, (D.E. 112), to which Defendants filed a Reply on May 16, 2017, (D.E. 113).

Upon review of the Motions, Responses, Replies, and the record, the Court finds as follows.

I.   **Background**

This is an action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216.  Plaintiff began working for the corporate Defendant, Yachting Promotions, Inc., as an hourly-paid warehouse employee on October 11, 2011.  Approximately two years later, Plaintiff became a salaried employee with benefits.  He continued to work as a warehouse employee and traveled to boat shows within the State of Florida and outside the country until his employment ended on or about November 5, 2015.  He filed this lawsuit for unpaid overtime wages under the FLSA on November 15, 2015.[1]  (D.E. 1.)

On February 10, 2017, the Court denied Plaintiff's Motion for Partial Summary Judgment and Denied Defendants' Motion for Final Summary Judgment, finding that genuine issues of material fact existed as to: (1) whether the extra $30 Plaintiff received during boat show days constitutes a per diem excludable from his regular rate of pay under 29 U.S.C. § 207(e)(2) and 29 C.F.R. § 778.217; and (2) whether Defendant Correa is an "employer" subject to liability under the FLSA for the overtime wage violations alleged by Plaintiff.  (D.E. 94 at 18-19, 25.)  The Court's Summary Judgment Order mooted some of the arguments raised in the Parties' Motions in Limine.

---

[1] The Complaint also contained a claim for retaliation under the FLSA ("Count II"), but on September 15, 2017, the Parties filed a Joint Stipulation of Dismissal of Count II of the Complaint With Prejudice.  (D.E. 69.)

## II. Discussion

### a. Motions in Limine

A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. See Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd., No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." Id.

Generally, "[m]otions in limine are disfavored." Id. "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Accordingly, if evidence is not clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Id. (internal citation and quotation marks omitted). Even when a trial court does rule in limine, its ruling "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as appropriate. Stewart v. Hooters of Am., Inc., No. 8:04–cv–40–T–17–MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).

Defendants move in limine to exclude: (1) references to the fluctuating workweek method of calculating overtime compensation as "Chinese Overtime"; (2) testimony regarding the "fairness" of the fluctuating workweek method; and (3) testimony from

3

other Yachting Promotions employees regarding whether they understood how the fluctuating workweek method was actually calculated.  (D.E. 85.)

Plaintiff moves in limine to exclude reference to Plaintiff and or his familial relations, co-parents, significant others (past and present), or children ever applying for, receiving, and/or losing government assistance or aid of any kind, including food stamps, welfare, and/or medical benefits.  (D.E. 86.)

### 1. "Chinese Overtime"

Plaintiff agrees that the fluctuating workweek method should not be referred to as "Chinese Overtime," (D.E. 89 at 1), and the Court therefore grants Defendants' Motion in Limine with respect to that issue.

### 2. Testimony regarding the "fairness" of the fluctuating workweek method

and

### 3. Reference to Plaintiff, his family, his co-parents, or his significant others ever applying for, receiving, and/or losing government assistance of any kind

Defendants seek to exclude as irrelevant testimony regarding the "fairness" of the fluctuating workweek method.  (D.E. 85 at 3-4.)  It argues that the fluctuating workweek is a legal method of calculating overtime compensation, and that the issue before the Court is not whether it is fair, but rather whether Defendants met the legal requirements for its use and whether it was correctly applied.  (Id.)  Thus, it moves to exclude such "fairness" evidence as irrelevant under Federal Rule of Evidence 401 and 402.

This "fairness" issue derives from statements made during Plaintiff's deposition. It appears to be Defendants' position that Plaintiff believes that his method of compensation was "unfair" because when Defendants placed him on salary, he lost certain government benefits. Plaintiff moves in limine to exclude as unfairly prejudicial any reference to Plaintiff, his family, his co-parents, or his significant others ever applying for, receiving, or losing any government benefits. (D.E. 86 at 2.)

The Court finds that any evidence regarding Plaintiff, his family, his co-parents, or his significant others applying for, receiving, and/or losing government benefits is irrelevant to any facts that remain in issue. Although Defendants argue that the government benefit evidence is relevant to whether Plaintiff understood that he was paid a salary that covered all hours worked, the Court has already found that "that there is no genuine issue of material fact on this issue—all of the relevant evidence establishes that Plaintiff clearly understood that his weekly salary was fixed at $620 (and later $638), regardless of how many hours he worked." (D.E. 94 at 9.) Accordingly, the Court grants Plaintiff's Motion in Limine to exclude references to or evidence of government benefits.

Because the Court is excluding reference to government benefits, the Court further finds that evidence regarding Plaintiff's perceived unfairness of the fluctuating workweek is also irrelevant, as the fairness issue related solely to Plaintiff's loss of government benefits. Accordingly, the Court grants Defendants' Motion in Limine to exclude testimony regarding the "fairness" of the fluctuating workweek method of compensation.

### 4. Testimony from employees regarding whether they understood how the fluctuating workweek method was calculated

Defendants seek to exclude testimony from Yachting Promotions employees Paul Zak, Denise Hegeman, Gilberto Bobillo, "and others" as to whether they understood how the fluctuating workweek method was calculated. (D.E. 85 at 4.) They argue it is irrelevant, unfairly prejudicial, and confusing to the jury because the law does not require employees to understand how the fluctuating workweek method is calculated. (Id. at 4-5.)

Plaintiff argues that Defendants' request is too broad because it includes the named employees "and others," which would include Robert Correa, the named Defendant and corporate representative for Yachting Promotions. (D.E. 89 at 6.) Plaintiff argues that a mutual understanding between the employee (Plaintiff) and the employer (Correa individually or as corporate representative) is essential to the proper implementation of the fluctuating workweek. (Id. at 6-7.) However, this argument is moot because the Court's Summary Judgment Order found that no genuine issue of material fact exists regarding the "clear mutual understanding" requirement for application of the fluctuating workweek method. (D.E. 94 at 9.)

Plaintiff further argues that evidence that Defendants did not know how to calculate the fluctuating workweek makes it more likely that it was improperly implemented. (Id. at 7.) However, the Court finds that whether Defendants' employees knew how to calculate the fluctuating workweek is irrelevant to the two issues that remain in this case: (1) whether the extra $30 Plaintiff received during boat show days

constitutes a per diem excludable from his regular rate of pay under 29 U.S.C. § 207(e)(2) and 29 C.F.R. § 778.217; and (2) whether Defendant Correa is an "employer" subject to liability under the FLSA for the overtime wage violations alleged by Plaintiff. (D.E. 94 at 18-19, 25.) Accordingly, the Court grants Defendants' Motion to exclude evidence regarding whether Defendants' employees knew how to calculate the fluctuating workweek.

### b. Motion to Strike Previously Undisclosed Witness Danilo Lopez Garcia from Plaintiff's Trial Witness List

Finally, Defendants move to strike Danilo Lopez Garcia from Plaintiff's trial witness list. (D.E. 110.) They argue that Plaintiff's witness disclosure was due on February 23, 2017, but that he did not name Mr. Garcia as a witness until April 25, 2017 in his Amended Fact Witness List. (Id. at 1.) Furthermore, Plaintiff did not disclose Mr. Garcia in his Initial Disclosures as required by Rule 26(a)(1), and did not disclose him in answer to any interrogatories propounded by Defendants. (Id.) Thus, Defendants were never afforded the opportunity to depose Mr. Garcia as to his knowledge of Plaintiff's claims in this case. (Id. at 2.)

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), "[e]ach party is required to disclose the names of individuals likely to have discoverable information that the party may use to support its claims or defenses." Faulk v. Volunteers of Am., 444 F. App'x 316, 317 (11th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(1)(A)(i)). Rule 26(e) requires parties to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional

or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" "Fed. R. Civ. P. 37(c)(1) states that when "a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009). "Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation. 'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" Id. (quoting Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

     Plaintiff argues that Defendants will not be prejudiced if Mr. Garcia is permitted to testify at trial because they are aware of his anticipated testimony and have deposed him on the issues. (D.E. 112 at 3-4.) Specifically, Mr. Garcia sued Defendants for FLSA violations in a case before Judge Scola. Garcia v. Yachting Promotions, Inc., Case No. 15-20776-Civ-Scola. Judge Scola granted Yachting Promotions' Motion for Summary Judgment, finding that Yachting Promotions properly applied the fluctuating workweek method to Mr. Garcia, 2015 WL 12533144, at *1-2 (S.D. Fla. Dec. 8, 2015), and the Eleventh Circuit affirmed, aff'd 662 F. App'x 795 (11th Cir. 2016). Plaintiff further states that he intends to call Mr. Garcia to testify as an impeachment witness, and pursuant to Rule 26(a)(1)(A)(i), an impeachment witness need not be disclosed. (Id. at 4.) Plaintiff further argues that if the Court will not permit Mr. Garcia to testify during Plaintiff's case-in-chief, he should be permitted to testify as a rebuttal witness because

8

"[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements." (Id. (quoting United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974)).[2]) Plaintiff further argues that evidence regarding Defendants' other lawsuits is relevant to the issue of good faith and willfulness, and willfulness is a necessary element to extend the statute of limitations to three years. (Id. at 6.)

First, the Court notes that while Plaintiff devoted his entire Response brief to arguing that Mr. Garcia's testimony would be relevant, he has not argued that his failure to identify Mr. Garcia as a witness in a timely manner is substantially justified. Indeed, Plaintiff entirely fails to explain why he did not identify Mr. Garcia as a witness until the eve of trial. Thus, the Court finds that Plaintiff's failure was not substantially justified.

Second, with respect to harmlessness, the Court has identified two issues of material fact that remain for trial: (1) whether the extra $30 Plaintiff received during boat show days constitutes a per diem excludable from his regular rate of pay under 29 U.S.C. § 207(e)(2) and 29 C.F.R. § 778.217; and (2) whether Defendant Correa is an "employer" subject to liability under the FLSA for the overtime wage violations alleged by Plaintiff. (D.E. 94 at 18-19, 25.) Plaintiff does not argue that Mr. Garcia has any knowledge regarding these issues. (See D.E. 112.) Assuming arguendo that Mr. Garcia does have knowledge of the remaining issues, Defendants note that the "per diem" issue was not an issue in Mr. Garcia's case before Judge Scola, Defendants have not questioned Mr. Garcia regarding that issue, and therefore Defendants do not know how he would testify

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

9

on this issue at trial.  (Id.)  As such, they argue that any probative value of Mr. Garcia's testimony would be substantially outweighed by the undue prejudice caused by Plaintiff's untimely disclosure.  (Id.)

The Court agrees with Defendants and finds that Plaintiff has failed to establish that its untimely disclosure of Mr. Garcia is harmless.  Therefore, the Court grants Defendants' request to strike Mr. Garcia from Plaintiff's Trial Witness List and finds that he may not testify in Plaintiff's case-in-chief.

Because Mr. Garcia is stricken from Plaintiff's trial witness list, the Court further finds that Mr. Garcia may not testify as a rebuttal witness.  See Searles v. Van Bebber, 251 F.3d 869, 877 (10th Cir. 2001).  Plaintiff argues that "'[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements.'"  (D.E. 112 at 4 (quoting United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974)).  However, Windham was a criminal case to which Federal Rule of Civil Procedure 26 is inapplicable.  See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . .") (emphasis added).  Indeed, Windham never cited Rule 26, and it appears that the Fifth Circuit's "all witness disclosure requirements" statement was a reference to Federal Rule of Criminal Procedure 12.1(b).  See United States v. Myers, 550 F.2d 1036, 1041 (5th Cir. 1977) ("The language of [Rule 12.1](b) appears to require disclosure of two types of witnesses: (1) those relied upon 'to establish the defendant's presence at the scene of the alleged offense', and (2) 'any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.'").

The Court has identified no other case from the Eleventh Circuit holding that rebuttal fact witnesses are exempt or excepted from disclosure under Rule 26. To the contrary, the comments to the 2000 Amendments to Rule 26 specifically state: "The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or <u>rebuttal</u> of the allegations, claim, or defense of another party." Fed. R. Civ. P. 26 cmt. to 2000 amendments (emphasis added). Moreover, courts in other jurisdictions have rejected the argument Plaintiff makes here. <u>See, e.g.</u>, <u>Searles</u>, 251 F.3d at 877 (affirming exclusion of two rebuttal witnesses because they were not included in Rule 26 disclosures); <u>Roederer v. J. Garcia Carrion, S.A.</u>, Civil No. 06–213 (JNE/SRN), 2010 WL 489529, at *6 (D. Minn. Feb. 4, 2010) (rejecting argument that rebuttal experts need not be disclosed); <u>United States v. M & T Mortg. Corp.</u>, 518 F. Supp. 2d 108, 114 (D.D.C. 2007) ("("[T]here [is] no 'rebuttal' exception to [Rule 26(a)(1)]."). Accordingly, the Mr. Garcia may not testify as a rebuttal witness.

On the other hand, "[i]f a witness is called '<u>solely</u>' to impeach the testimony of another witness, the party calling the impeaching witness need not have previously disclosed the identity of the impeaching witness." <u>Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC</u>, No. 12–20744–Civ, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013) (quoting <u>Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.</u>, 389 F.3d 1339, 1353 (11th Cir. 2004)); <u>see also</u> Fed. R. Civ. P. 26(a)(3) (exempting evidence presented "solely for impeachment" from disclosure under Rule 26(a)(1) and (2)).

11

Accordingly, the Court may permit Mr. Garcia to testify to the extent Plaintiff wishes to present his testimony "solely for impeachment."[3] See id.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.** Defendants' Motion in Limine (D.E. 85) is **GRANTED**;

**2.** Plaintiff's Omnibus Motion in Limine (D.E. 86) is **GRANTED**; and

**3.** Defendants' Amended Motion to Strike Previously Undisclosed Witness Danilo Lopez Garcia from Plaintiff's Trial Witness List is **GRANTED** and Danilo Lopez Garcia is **STRICKEN** from Plaintiff's Trial Witness List.[4]

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of May, 2017.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[3] Of course, the impeachment testimony must otherwise be proper. Defendants appear to argue that Mr. Garcia should not be permitted to testify regarding his prior lawsuit against Yachting Promotions for FLSA violations because Judge Scola entered summary judgment in favor of Yachting Promotions finding that no FLSA violations occurred—a judgment that was affirmed by the Eleventh Circuit. (D.E. 113 at 2.) The Court will reserve ruling upon whether evidence related to Mr. Garcia's prior trial is relevant for impeachment purposes when considered contextually and with the proper foundation.

[4] However, the Court may permit Mr. Garcia to give impeachment testimony. (See supra Section II(b).)