UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24308-CIV-LENARD/GOODMAN

| | |
|---|---|
| JOSEPH LUIS DE JESUS JR, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YACHTING PROMOTIONS, INC., and ROBERT COREAS, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Defendants YACHTING PROMOTIONS, INC. ("Yachting Promotions") and ROBERT CORREA[1] ("Correa") (collectively "Defendants") submit this Response to the Motion to Strike Defendants' Motion For Clarification of Issues For Trial Based Upon and In Accordance With The Court's Orders On Parties' Motions For Summary Judgment (D.E. 94) and on Motions *In Limine* (D.E. 115), and in the Alternative Supplemental Motion *In Limine,* filed by Plaintiff JOSEPH LUIS DE JESUS JR ("Plaintiff").  (D.E. 127).  In the Motion to Strike, Plaintiff improperly mischaracterizes Defendants' Motion as a request for reconsideration under Rule 60 of the Federal Rules of Civil Procedure.  Plaintiff is wrong.  Defendants' Motion seeks clarification of the issues for trial, does not confuse the issues, and prejudices no party.  Further, Plaintiff completely failed to confer with Defendants and improperly moved to strike Defendants' Motion.  Therefore, the Court should deny Plaintiff's Motion to Strike as

---

[1] Robert Correa incorrectly is identified by Plaintiff as "Robert Coreas."

substantively and procedurally improper and substantively baseless.  In support, Defendants state:

## INTRODUCTION AND BACKGROUND

On June 16, 2017, Defendants filed a Motion For Clarification of Issues For Trial Based Upon and In Accordance With The Court's Orders On Parties' Motions For Summary Judgment (D.E. 94) and on Motions *In Limine* (D.E. 115), and in the Alternative Supplemental Motion *In Limine* (the "Defendants' Motion").  (D.E. 125.)  Defendants submitted the motion in good faith to clarify the issues for trial based upon the Court's Orders and the pleadings and/or exclude certain evidence *in limine* from trial.  (*See id.*)  Defendants' Motion was necessitated by Plaintiff's Proposed Jury Instructions, which indicate Plaintiff intends to assert new issues and evidence not preserved for trial and/or issues and evidence resolved by the Orders of the Court as the Law of the Case.  (*See. id.*)  Rather than file a response to the Defendants' Motion, on June 19, 2017, Plaintiff filed a Motion to Strike Defendants' Motion.  (D.E. 127.)

Even if the Plaintiff's Motion to Strike were a proper vehicle to challenge Defendants' Motion (it is not),[2] Plaintiff's Motion to Strike is baseless.  In the Motion to Strike, Plaintiff incorrectly argues that the Defendants improperly seek reconsideration of the Court's Orders under Rule 60 of the Federal Rules of Civil Procedure, and that the Defendants' Motion is

---

[2] Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, "pleadings" consist of only: a complaint, an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third party complaint; and a reply to an answer (if the court orders one).  Fed. R. Civ. P. 7(a). Accordingly, numerous courts in the Eleventh Circuit have held that a motion to strike a motion is improper. *See, e.g. Jallali v. Am. Osteopathic Ass'n*, No. 11-60604, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2011) (denying motion to strike language from motion to dismiss because "motions are not pleadings within the definition of Rule 7(a)"); *Keira v. Berry*, No. 13-60990, 2013 WL 5416900, at *1 (S.D. Fla. Sept. 26, 2013) ("[A] motion to strike filings that are not pleadings (as defined by Rule 7(a)) is improper."); *Inter–Tel, Inc. v. West Coast Aircraft Eng'r*, No. 8:04-cv-02224, 2005 WL 2431267, at *2 (M.D. Fla. Oct.3, 2005) ("This Court has consistently held that Rule 12(f) provides only for the striking of pleadings, not motions.").

untimely. The arguments raised by Plaintiff are blatantly untrue misrepresentations and frivolous. Defendants do not seek reconsideration under Rule 60; instead, they judiciously filed the Motion prior to trial to resolve these issues before opening statements and to cause minimal disruption and confusion to the Jury.

Moreover, Plaintiff fatally misrepresents that he conferred with Defendants regarding the Motion to Strike. "The parties must confer in a good faith effort to resolve the issues raised by Plaintiff; the Rule is not aspirational." *See Jenkins v. Grant Thornton LLP*, No. 13-60957, 2014 WL 12634797, at *1 (S.D. Fla. July 22, 2014) (denying motion to strike for failing to adequately meet and confer). Plaintiff did not confer with Defendants *at all* before filing the Motion to Strike, and the Court may deny Plaintiff's Motion to Strike on that basis alone.[3]

### ARGUMENT

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a court to "strike from a pleading . . . any redundant immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters*.*" *Hutchings v. Fed. Ins. Co*., No. 6:008-cv-305, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008). "A motion to strike is a drastic remedy and is disfavored by the courts." *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla.

---

[3] Plaintiff's counsel never conferred with defense counsel before moving to strike Defendants' Motion. The only communication between defense counsel and Plaintiff's counsel was related to Defendants' request to confer with Plaintiff related to Defendants' Motion. Such communication took place on June 16, 2017, in an e-mail chain, wherein <u>defense counsel</u> conferred with Plaintiff's counsel before filing the Defendants' Motion. In the e-mail, Plaintiff's counsel objected to Defendants' Motion based on timeliness and other reasons he chose not to explain. No further communications have taken place related to Defendants' Motion, and **none** related to Plaintiff's Motion to Strike. In the Motion to Strike, Plaintiff's counsel's certificate of conferral representing that Defendants "would not agree to withdraw their Motion" suggesting Plaintiff's counsel asked defense counsel to do so and that Plaintiff conferred with Defendants is untrue. (D.E. 127 at p. 6.)

1995). "Therefore, a motion to strike should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Blake v. Batmasian*, 318 F.R.D. 698, 700-701 (S.D. Fla. Feb. 27, 2017) (citing 2 James W. Moore et al., Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)).

Where, as here, the Defendants' Motion is clearly related to the issues for trial, seeks to *clarify* the issues as opposed to confuse the issues, and fails to prejudice any party, the Court should deny the Motion to Strike.

### I. DEFENDANTS ARE NOT SEEKING RECONSIDERATION OF PRIOR ORDERS UNDER RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff argues Defendants' Motion is a "veiled" attempt to seek reconsideration of the Court's Orders on the Parties' motions for summary judgment and/or motions *in limine* under Rule 60 of the Federal Rules of Civil Procedure. (D.E. 127 at ¶¶ 3-5.) Plaintiff, however, has mischaracterized Defendants' Motion.

Defendants are not seeking reconsideration of the Court's orders under Rule 60. Defendants request the Court clarify the issues for trial and/or exclude certain evidence *in limine* from trial. (*See* D.E. 125.) Defendants were forced to make this request because Plaintiff raised new issues regarding off-the-clock time and recordkeeping obligations under the FLSA in disputed Proposed Jury Instructions not in the pleadings, which are contrary to those stipulated to by the parties' Pretrial Stipulation (the "Stipulation"), and/or were resolved in the Court's Orders as the Law of the Case. (*See id.*) The Court has – in two separate Orders – limited the subjects for trial to two discrete issues: (1) whether the $30 payment on boat days constitutes a per diem, and (2) whether Defendant Correa is an employer subject to liability under the FLSA. (D.E. 94 and 115.) Yet Plaintiff's Proposed Jury Instructions raised new issues. Defendants' Motion

4

simply seeks to enforce the holdings in the Court's Orders, not alter them, and Plaintiff's eight-page analysis regarding Rule 60 is irrelevant to the Defendants' Motion and cannot serve as a basis to strike it.

Plaintiff's Motion to Strike highlights precisely why Defendants' Motion is necessary. Plaintiff makes no attempt *at all* to justify his Proposed Jury Instructions, nor does Plaintiff clarify what evidence he intends to introduce. In his Motion to Strike, Plaintiff fails to even mention the Proposed Jury Instructions which are the heart of the Defendants' Motion. Tellingly, Plaintiff does not argue Defendants' Motion is substantively wrong in anyway. Plaintiff provides no argument demonstrating the Proposed Jury Instructions regarding off-the-clock time and recordkeeping violations relate in anyway to the allegations in his Complaint, the Joint Pretrial Stipulation, and/or the Court's Orders as the Law of the Case and, therefore, only highlights the need for the Defendants' Motion seeking the Court's clarity on the issues for trial.

## II. THE COURT SHOULD NOT STRIKE THE DEFENDANTS' MOTION AS UNTIMELY.

Further, Plaintiff unjustifiably claims the "Defendants are transparently attempting to circumvent the Scheduling Order." (*Id.* at p. 2.) Where, as here, the deadline for motions *in limine* had passed, Defendants had no choice but to file their Motion in response to Plaintiff's attempts to raise new legal claims following the motion deadlines that Plaintiff now complains Defendant violated by filing its Motion.

As stated in the Motion, Defendants did not learn of Plaintiff's intent to assert these new claims until receipt of Plaintiff's draft jury instructions, to which Defendants objected. (*See* D.E. 125 at p. 8.) While Plaintiff alleges it has been approximately five (5) months since the January 2017 deadline to submit motions *in limine*, he conveniently fails to admit it has been five (5) months since the deadline to submit evidentiary material. (*See* D.E. 127 at p. 2.). Yet Plaintiff's

jury instructions, raising new evidentiary issues previously undisclosed to Defendants or resolved by the Court as the Law of the Case, were not filed until late May 2017, months after the January 2017 deadline.. Defendants complied with the Court's Scheduling Order. It was not until Plaintiff's attempt to raise new issues and/or re-assert issues already resolved by the Court that Defendants were forced to file their Motion. The circumstances are unique and not anticipated in the Court's Scheduling Order, as parties typically do not attempt to raise entirely new claims or resurrect claims already resolved by the Court as the Law of the Case on the eve of trial. Plaintiff's Proposed Jury Instructions should have been filed prior to the Pre-Trial Conference originally scheduled on February 27, 2017. Defense counsel provided Plaintiff's counsel with draft jury instructions consistent with the parties' Stipulation on February 14, 2017. The Pre-Trial Conference, however, was cancelled, and so the case was scheduled to calendar call on May 25, 2017. (D.E. 102, 118.) Prior to calendar call, defense counsel followed up with Plaintiff's counsel regarding the draft jury instructions. Plaintiff's counsel, however, waited until May 23, 2017, to respond to defense counsel's draft and then waited until *after* calendar call to file the Proposed Jury Instructions to which Defendants objected. (D.E. 120.)

Clearly Defendants are not attempting to circumvent the deadlines imposed by this Court. Rather, Defendants are seeking to prevent the significant undue prejudice to Defendants and confusion of the jury by Plaintiff's presentation of evidence contrary to those found to be undisputed as a matter of law by the Court and/or stipulated to by the parties in their Joint Pretrial Statement.

Plaintiff has not – and cannot – show any prejudice. "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Blake*, 318 F.R.D. at 702 (quotation omitted).

Here, only Defendants are prejudiced by Plaintiff's last minute attempts to enlarge this case beyond the two discrete issues repeatedly stated by the Court in its Orders on the Parties' motions for summary judgment and motions *in limine*. Defendants are not attempting to exclude any evidence that has not already been excluded by the Court's Orders and/or the Parties' Joint Pretrial Statement. Defendants only seek to exclude evidence that falls outside the two discrete issues left for trial and/or the Parties' Joint Pretrial Statement. Defendants were forced to seek relief via their Motion as Plaintiff's Proposed Jury Instructions indicate Plaintiff intends to present evidence far outside the bounds of the two discrete issues in this case. Such presentation will only lengthen this trial; is contrary to the issues in dispute and the pleadings, Parties' Stipulations, and Orders; and will confuse the Jury as to the two (2) issues for trial.

## CONCLUSION

Plaintiff's Motion to Strike is procedurally and substantively baseless. Plaintiff's actions have caused the unnecessary expenditure of the Defendants' and the Court's time in addressing frivolous issues that could have otherwise been addressed in briefing on the Motion itself, and the Court should promptly deny Plaintiff's Motion to Strike.

Dated this 26th day of June, 2017.

Respectfully submitted,

*/s/ Jennifer M. Moore*
JENNIFER MONROSE MOORE
Florida Bar Number 035602
E-mail:jennifer.moore@ogletreedeakins.com
VANESSA PATEL
Florida Bar Number 103928
E-mail: vanessa.patel@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247

Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANTS
YACHTING PROMOTIONS, INC. and
ROBERT CORREA

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　*/s/ Jennifer M. Moore*
　　　　　　　　　　　　　　　　　　　　Attorney

**SERVICE LIST**

J.H. Zidell
Joshua H. Sheskin
Neil Tobak
Stephen M. Fox, Jr.
Allyson Greer Kutner
Rivkah F. Jaff
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
zabogado@aol.com
jsheskin.jhzidellpa@gmail.com
ntobak.zidellpa@gmail.com
stephen.fox.esq@gmail.com
amorgado.jhzidell@gmail.com
rivkah.jaff@gmail.com

(Counsel for Plaintiff)
*via CM/ECF Electronic Notification*

30224927.1